Matt Righetti, Esq. (SBN 121012)
Email: *matt@righettilaw.com*
John Glugoski, Esq. (SBN 191551)
Email: *jglugoski@righettilaw.com*
RIGHETTI GLUGOSKI, PC
456 Montgomery St., Suite 1400
San Francisco, California 94101
Tel:  (415) 983-0900
Facsimile:   (415) 397-9005

Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Phone: (949)263-5992
Facsimile:(949)209-1948

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiffs and the Putative Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD as individuals and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WIZARDS OF THE COAST, LLC,<br><br>Defendant. | Case No.:  5:16-cv-01924-EJD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

1.      Plaintiffs, ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD (the "Plaintiffs") allege as follows on behalf of themselves, all others similarly situated, and the general public:

### I.      INTRODUCTION

2.      Plaintiffs bring this class action lawsuit individually and on behalf of other similarly situated persons who have been employed by WIZARDS OF THE COAST, LLC ("Defendant" or "Wizards") as "Judges" in connection with the fantasy role-playing game "Magic: the Gathering" ("Magic") in California and nationwide. Plaintiffs and the putative class hereby seek compensation for unpaid minimum and overtime wages, missed meal and rest breaks, failure to timely pay wages, failure to furnish timely and accurate wage statements, failure to maintain accurate payroll records, unreimbursed business expenses, for interest and penalties thereon, and for reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, Cal. *Labor Code* §§ 218.5, 226, 1194, 2699, 2802, Cal. *Code of Civil Procedure* § 1021.5, and Cal. *Business and Professions Code* § 17200. The acts complained of herein occurred within the last four (4) years preceding the filing of the Complaint, continue to the present, and will continue until enjoined by the Court.

### II.      JURISDICTION AND VENUE

3.      This Court has original jurisdiction over the claims presented on the First Cause of Action herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 USC Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)).

4.      This Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d), because this is a class action involving more than 100 class

members, the amount in controversy exceeds five million dollars exclusive of interest and costs, and Plaintiffs and members of the class are citizens of states different from the Defendant.

5.      This Court has supplemental jurisdiction over the California State Law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is appropriate in this Court under 28 U.S.C. § 139 because the Defendant operates its business in this judicial district, having conducted at least three large scale tournaments at which the Defendant employed in excess of 150 Judges and numerous smaller tournaments that employed dozens of Judges all of whom were employed by the Defendant within the Northern District over the past four years, such that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### III.      PARTIES

7.      Plaintiff, ADAM SHAW, is a resident of Connecticut who worked as a Judge for Defendant from approximately 2005 to the present.  At all times during his work as a Judge for Defendant, Defendant failed to pay minimum and overtime wages as required by the FLSA and the Cal. Labor Code, and failed to provide off-duty meal and rest periods or pay meal/rest premium compensation for missed or on-duty meal and rest periods, or reimburse his reasonably incurred business expenses, as required by the Cal. Labor Code.  He has not been provided with accurate itemized wage statements because he has not been paid for any of the hours he worked.  Additionally, Defendant has failed to keep accurate payroll records showing the actual number of hours he worked.

8.      Plaintiff, PETER GOLIGHTLY, is a resident of California who worked as a Judge for Defendant from approximately 2011 to the present.  At all times during his work as a Judge for Defendant, Defendant failed to pay minimum and overtime wages as required by the FLSA and the Cal. Labor Code, and failed to provide off-duty meal and rest periods or pay meal/rest premium compensation for missed or on-duty meal and rest periods, or reimburse his reasonably incurred business expenses, as required by the Cal. Labor Code.  He has not been provided with accurate itemized wage statements because he has not been paid for any of the hours he worked.  Additionally, Defendant has failed to keep accurate payroll records showing the actual number of hours he worked.

9.      Plaintiff, JUSTIN TURNER, is a resident of Florida, California who worked as a Judge for Defendant from approximately 2010 to the present.  At all times during his work as a Judge for Defendant, Defendant failed to pay minimum and overtime wages as required by the FLSA and the Cal. Labor Code, and failed to provide off-duty meal and rest periods or pay meal/rest premium compensation for missed or on-duty meal and rest periods, or reimburse his reasonably incurred business expenses, as required by the Cal. Labor Code.  He has not been provided with accurate itemized wage statements because he has not been paid for any of the hours he worked. Additionally, Defendant has failed to keep accurate payroll records showing the actual number of hours he worked.

10.      Plaintiff, JOSHUA STANSFIELD, is a resident of California who worked as a Judge for Defendant from approximately 2011 to the present.  At all times during his work as a Judge for Defendant, Defendant failed to pay minimum and overtime wages as required by the FLSA and the Cal. Labor Code, and failed to provide off-duty meal and rest periods or pay meal/rest premium compensation for missed or on-duty meal and rest periods, or reimburse his reasonably incurred business expenses, as required by the Cal. Labor Code.  He has not been provided with accurate itemized wage statements because he has not been paid for any of the hours he worked.

Additionally, Defendant has failed to keep accurate payroll records showing the actual number of hours he worked.

11.    Defendant, WIZARDS OF THE COAST, LLC is a Delaware Limited Liability Company with its headquarters in Renton, Washington.  Wizards is an employer and owns/operates an industry, business, enterprise and/or establishment for the purpose of selling games and game-related products and promoting events and competitions (hereinafter the "Events") throughout the State of California and nationwide.  Thus, Wizards is subject to the FLSA and the Cal. Labor Code and Cal. Business and Professions Code.

## IV.    FACTUAL BACKGROUND

12.    Wizards sells products based on a fantasy card-playing and collectible card game known as Magic: the Gathering ("Magic").  Wizards generates an estimated annual gross revenue in excess of two hundred fifty million dollars and is engaged in the production of goods for interstate commerce and/or uses and handles goods which have moved in interstate commerce as such terms are defined in the FLSA and is an employer subject to the jurisdiction of the FLSA and the California Labor Code.

13.    As part of its for-profit activities, Wizards organizes, promotes, sponsors and administers an extensive and highly regulated system of Events for its customers. The Events are created, controlled, and regulated by Wizards through its network of Wizards-certified Judges.  Events are used as a marketing tool to keep customers active in playing Magic and to give Defendant a means to sell Magic products.

14.    The activities necessary to conduct Wizards' Events are carried out by Judges.  Judges are certified by Wizards, are obligated to abide by Wizards' policies and procedures, are required to perform labor necessary for Wizards' Events to function, routinely fulfill duties and responsibilities including administration and oversight regarding Magic gameplay, and evaluate and train other Judges, among other

employment activities.  Defendant maintains and administers its nationwide network of Judges through a progressive system of "Levels", from one to five, with increasing pre-requisites, job duties, and scheduling and work requirements.

15.     Becoming a Judge requires registering with Wizards, going through training and testing, and documenting Magic game-play at Events.  Acquiring and maintaining certification as a Judge requires approximately twenty-five hours per month per Judge level.  Judges are expected to read and stay apprised of extensive announcements, directives, instructions, rulings, and discussions disseminated by Wizards through websites and emails, to provide their contact information to Wizards, to create reports, to renew their certifications with regular testing, to recruit and train other Judges, to provide detailed evaluations of other Judges, and to administer Wizards' policies and procedures on Wizards' behalf.

16.     Outside of Events, Wizards uses Judges as representatives to retailers and players.  Judges are expected to be available to provide customer service, instruction, and support to retailers and players and to investigate and submit reports regarding retailers' and players' compliance with Wizards policies.  Wizards maintains a list of Judges' contact information, certifications, and activities.  Failure of a Judge to act in accordance with Wizards policies at any time is considered a breach of the Judge's certification that can and does result in disciplinary or other punitive measures against the offending Judge by Wizards.  Wizards does not pay Judges legally required minimum or overtime wages or other minimum working condition benefits/pay for work performed on behalf of Wizards – this policy/practice has been consistent for the duration of the class period.

17.     The work performed by Judges for the benefit of Wizards is performed under close supervision and control by Wizards that creates an employer-employee relationship which obligates Defendant to pay Plaintiffs and similarly situated Judges wages compliant with the Fair Labor Standards Act and the California Labor Code, including but not limited to minimum and overtime wages and wages for missed meal

FIRST AMENDED CLASS ACTION COMPLAINT

and rest periods.  Defendant, by creating an employer-employee relationship with Plaintiffs and the Classes was also required to comply with other provisions of the California Labor Code including the requirements to furnish accurate and timely wage statements, maintain adequate payroll records, and reimburse reasonable employee business expenses.

18.     On information and belief, there are in excess of one thousand Judges throughout the United States.  Judges are not paid wages, given meal or rest breaks, given timely or accurate wage statements, or fully reimbursed for their business expenses.  Defendant has also systematically failed to record the actual hours worked by Plaintiffs and similarly situated Judges.  As a result, Defendant failed to itemize the total hours worked and did not furnish any form of wage statement to Plaintiffs or similarly situated Judges.  Plaintiffs are informed and on that basis allege that Defendant has not properly maintained payroll records showing the actual hours worked each day by Judges, including Plaintiffs.

## V.     CLASS ACTION ALLEGATIONS

19.     Plaintiffs bring this action on behalf of themselves and all similarly situated Judges as a class action pursuant to Fed. Rule Civ. P. 23 and California Code of Civil Procedure § 382.  The classes Plaintiffs seek to represent are defined as follows:

<u>NATIONWIDE CLASSES (the "Classes")</u>

All persons domiciled in the United States who worked as Judges at a "competitive" or "professional" level Magic: the Gathering Event in the United States during the period commencing three years from the filing of this action through the entry of final judgment.

All persons domiciled in the United States who worked as Judges at an "amateur" level Magic: the Gathering Event in the United States during the period commencing three years from the filing of this action through the entry of final judgment.

### CALIFORNIA CLASSES (the "Sub-Classes")

All persons domiciled in the United States who worked as Judges at a "competitive" or "professional" level Magic: the Gathering Event in California during the period commencing four years from the filing of this action through the entry of final judgment in this action.

All persons domiciled in the United States who worked as Judges at an "amateur" level Magic: the Gathering Event in California during the period commencing four years from the filing of this action through the entry of final judgment in this action.

20.     The Classes and the Sub-Classes are referred to collectively herein as the "Classes."  Excluded from the Classes are Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

21.     There is a well-defined community of interest in this litigation and the class is easily ascertainable:

A.     Numerosity:  The members of the Classes are so numerous that joinder of all members is impracticable. While the exact number of members of the Classes can only be ascertained through discovery, Plaintiffs believe that hundreds of Californians and thousands of United States citizens have been subject to wage theft as Judges employed by Wizards such that, on information and belief, there are over one thousand members of the Classes and over three hundred members of the Sub-Classes.

B.     <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the Classes. Plaintiffs and members of the Classes sustained damages arising out of the Defendant's common course of conduct in violation of the law as alleged herein, all of which emanates from the highest level of management at the Defendant's corporate headquarters and applies uniformly to the Classes across the country.  The damages of each member of the Classes were caused directly by the Defendant's wrongful conduct as alleged herein and are/were common to all members of the Classes.

C.     <u>Adequacy</u>:  Plaintiffs do not have a conflict with the Classes and are qualified to and will fairly and adequately protect the interests of each member of the class with whom they have a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiffs acknowledge that they have an obligation to the Court to make known any relationship, conflict, or differences vis-à-vis any class member.  Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

D.     <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy and will result in a substantial benefit to the Classes, the public and the Court.  The likelihood of individual class members prosecuting separate claims is remote, and individual members of the Classes do not have a significant interest in individually controlling the prosecution of separate actions. Because the damages suffered by individual class members is often relatively small, the expenses and burden of individual litigation would make it difficult, if not impossible, for individual members of the Classes to redress the wrongs done to them. The cost to the judicial system of the adjudication of many individualized claims would be substantial whereas the litigation of these claims simultaneously as a class action will result in substantial savings of judicial resources. Furthermore, the prosecution of separate actions by individual class members would create a risk of inconsistent and

varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards of conduct for defendants under the law alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Class treatment will enable the class members to redress the wrongs done to them and to serve the public interest by ensuring that defendants' conduct be punished and enjoined from future repetition.  Class treatment will thus result in the most fair and efficient adjudication of this controversy, as well as conferring substantial benefits on the litigants, the public and the Court.

E.   <u>Ascertainability</u>:  The proposed Classes consist of readily ascertainable persons.  The entire membership of the Classes is unknown to Plaintiffs at this time, however, the identities of class members is readily ascertainable via inspection of Defendant's extensive electronic data systems and other record-keeping regarding Judges.

22.   <u>Manageability of Class</u>:  The nature of this action and the nature of laws available to Plaintiffs make use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein. Specifically, Defendant maintains all records necessary to identify each and every class member.  Plaintiffs are also informed and believe, and based thereon allege, that Defendant keeps detailed records of the identity of the class members, their contact information, and the Magic events at which each individual class member worked.  To the extent the Defendant maintains inadequate records, or has not retained records, Plaintiff proposes surveys, representative testimony of class members, and record sampling done on a statistically significant and randomized basis to prove each claim as hereinafter alleged.  Initial investigation shows a clear and common pattern and practice of labor law violations that have been utilized by the Defendant to reduce labor costs

and increase profitability.  Further, Defendant has implemented its uniform practice of wage theft on a class-wide basis to gain an unfair competitive advantage over other sellers of game and game-related products.  The unpaid wages in this case are easily capable of being estimated, in part, by reference to Wizards' databases that record, *inter alia*, the number of events judged by each class member.  The damages for unreimbursed business expenses can be determined based on surveys and representative testimony.  The damages suffered by Plaintiffs and those similarly situated can be determined utilizing the survey and sampling methodology approved by the Court in *Tyson Foods, Inc. v. Bouaphakeo*.  Plaintiff and the members of the Classes are entitled to monies and information unlawfully withheld from them by Defendant.  Further, the public is entitled to restitution and disgorgement of those funds being improperly withheld by Defendant.  This action is brought for the benefit of the public, for the benefit of the affected employees, to promote the public policy of the State of California to protect employee wages and to prevent unfair competition.

23.     There are common questions of law and fact as to the Classes that predominate over questions affecting only individual members, including but not limited to:

A.     Whether Wizards has engaged in an unlawful business practice;

B.     Whether Wizards is engaged in wage theft on a class-wide basis;

C.     Whether Wizards improperly classified Judges as "volunteers" on a class-wide basis;

D.     Whether Wizards has failed to pay minimum wages due and owed;

E.     Whether Wizards has failed to pay overtime wages due and owed;

F.     Whether Wizards failed to maintain complete and accurate employment and payroll records regarding all work performed;

G.     Whether Wizards failed to issue legally compliant Wage Statements;

H.     Whether Wizards deprived Judges of legally required meal breaks;

I.     Whether Wizards deprived Judges of legally required rest breaks;

J.   Whether Wizards failed to reimburse reasonable business expenses to employees that were incurred in the course and scope of employment;

K.   Whether a for-profit company can evade labor laws through use of unpaid volunteer labor;

L.   Whether Wizards is an employer of Plaintiffs and the Classes within the meaning of Fair Labor Standards Act and the California Labor Code;

M.   Whether Defendant's failure to compensate Plaintiff and the Classes violates federal and state minimum and overtime wage laws;

N.   Whether Defendant's failure to provide meal and rest periods to Plaintiff and the Classes violates the California Labor Code;

O.   Whether Defendant's failure to furnish timely and accurate wage statements violates the California Labor Code;

P.   Whether Defendant's failure to maintain adequate payroll records violates the California Labor Code;

Q.   Whether Defendant was required, under the California Labor Code, to reimburse Plaintiff and the Class for their necessary business expenses; and

R.   Whether Defendant's California Labor Code violations constitute unlawful, unfair, and/or fraudulent business practices, under Business & Professions Code § 17200, *et seq.*

24.   Were if not for this class action, most class members would find the cost associated with litigating claims prohibitive, which would result in no remedy to this widespread and ongoing harm.

25.   This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

FIRST AMENDED CLASS ACTION COMPLAINT

26.     Plaintiffs, pursuant to the applicable California Rules of Court, may hereby amend and further modify the classes described herein into divisions for particular issues.

**FIRST CAUSE OF ACTION**
**(Violations of Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**
[By Plaintiffs and the Classes against the Defendant]

27.     Plaintiffs re-allege each of the foregoing paragraphs of this Complaint as though fully set forth herein.

28.     The Defendant failed to pay the individual Plaintiffs any compensation for the work and labor they performed for the Defendant as employees of the Defendant at Magic Events, which work directly benefitted and inured to the benefit of the Defendant in its for-profit business.

29.     The Defendant failed to pay numerous other persons who are similarly situated to the individual Plaintiffs any compensation for the work and labor such other similarly situated persons performed for the Defendant as employees of the Defendant at Magic events, which work directly benefitted and inured to the benefit of the Defendant in its for-profit business.

30.     The labor and services performed by the individual Plaintiffs and the persons similarly situated to the individual Plaintiffs were directly essential to the sale and use of various goods which moved in interstate commerce and/or such labor and services involved the use of goods which have moved in interstate commerce and all such persons therefor were engaged in commerce or in the production of goods for commerce as those terms are used in the FLSA while employed by the Defendant.

31.     The individual Plaintiffs are owed unpaid minimum wages and overtime wages from the Defendant pursuant to 20 U.S.C. §§ 206, 207 in an amount which will be determined upon review of the Defendant's records and/or at the trial of this action.

32.     The number of persons similarly situated to the individual Plaintiffs, and the names of such persons, is unknown, but such persons, upon information and belief, number 1,000 or more and such persons, who will be identified once discovery is had in this case and upon review of the Defendant's records, are owed unpaid minimum wages and overtime wages from the Defendant pursuant to 29 U.S.C. §§ 206, 207 in an amount which will be determined upon a review of the Defendant's records and/or at the trial of this action.

33.     The Defendant's violations of the FLSA have, at all times herein, been knowing and willful.

34.     As a result of the foregoing, the individual Plaintiffs seek judgment against the Defendants on their own behalf and on behalf of those similarly situated persons and member of the Classes for all unpaid minimum wages and overtime wages owed by the Defendants, together with an award of an additional equal amount as liquidated damages, and costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(Failure to Pay Minimum Wages in Violation of California Labor
Code §§ 204,1182.12, 1194, 1197, and Applicable IWC Wage Orders)
[By Plaintiffs and the Sub-Classes against the Defendant]

35.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

36.     Labor Code § 1194(a) provides that "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

37.    Labor Code § 1194.2(a) provides that, "In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

38.    Plaintiffs and similarly situated Judges performed work on behalf of Defendant without monetary compensation, during the course of their employment, as required by Labor Code §§ 204, 1182.12, 1194, 1197 and Applicable IWC Wage Orders.

39.    As a result of Defendant's unlawful acts, Plaintiffs and similarly situated Judges have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, liquidated damages under Labor Code § 1194.2, and attorneys' fees and costs, under Labor Code §§ 218.5, 218.6, and 1194.

### THIRD CAUSE OF ACTION
(Failure to Pay Overtime Wages in Violation of California Labor
Code §§ 204, 510, 1194, 1198, and Applicable IWC Wage Orders)
[By Plaintiffs and the Sub-Classes against the Defendant]

40.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

41.    Labor Code § 510 and the "Hours & Days of Work" Section of the Applicable IWC Wage Orders entitles non-exempt employees to one and one-half times their hourly pay for any and all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any work day, for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a work week, and for any work in excess of forty (40) hours in any one work week.

42.    At Defendant's Events, Plaintiffs and similarly situated Judges regularly worked in excess of eight (8) hours per day without compensation.

43.    By failing to pay overtime compensation to Plaintiffs and similarly situated Judges, Defendant violated and continues to violate Labor Code §§ 204, 510 and Applicable IWC Wage Orders.

44.    As a result of Defendant's unlawful acts, Plaintiffs and similarly situated Judges have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs under, *inter alia*,  Labor Code § 1194.

## FOURTH CAUSE OF ACTION
(Failure to Provide Mandated Meal Periods in Violation of
California Labor Code §§ 226.7, 512, and Applicable IWC Wage Orders)
[By Plaintiffs and the Sub-Classes against the Defendant]

45.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

46.    Defendant failed to maintain a policy of providing meal breaks as required by Labor Code §§ 226.7, 512 and Applicable IWC Wage Orders.

47.    Since at least four years prior to the filing of this action, Plaintiffs and similarly situated Judges have worked in excess of five (5) hours and at times ten (10) hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and Applicable IWC Wage Orders.

48.    Because Defendant failed to provide proper meal periods, it is liable to Plaintiffs and similarly situated Judges for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Applicable IWC Wage Orders, as well as interest thereon, plus reasonable attorneys' fees and costs of suit.

1

## FIFTH CAUSE OF ACTION

2

3

(Failure to Provide Mandated Rest Periods in Violation of
California Labor Code § 226.7 and Applicable IWC Wage Orders)
[By Plaintiffs and the Sub-Classes Against the Defendant]

4

5

49.     Plaintiffs re-allege each paragraph of this Complaint as though fully set

6

forth herein.

7

50.     Since at least four years prior to the commencement of this action,

8

Plaintiffs and similarly situated Judges have regularly worked without any rest periods

9

that are required by Applicable IWC Wage Orders. *See Brinker*, 53 Cal. 4th at 1029

10

("Employees are entitled to 10 minutes rest for shifts from three and one-half to six

11

hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes

12

for shifts of more than 10 hours up to 14 hours, and so on.").

13

51.     Because Defendant failed to provide proper rest periods, it is liable to

14

Plaintiffs and similarly situated Judges for one hour of additional pay at the regular rate

15

of compensation for each workday that the proper rest periods were not provided,

16

pursuant to Labor Code § 226.7 and Applicable IWC Wage Orders, as well as interest

17

thereon, plus reasonable attorneys' fees and costs of suit.

18

## SIXTH CAUSE OF ACTION

19

20

(Failure to Reimburse for Business Expenses
in Violation of California Labor Code § 2802)
[By Plaintiffs and the Sub-Classes Against the Defendant]

21

22

52.     Plaintiffs re-allege each paragraph of this Complaint as though fully set

23

forth herein.

24

53.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

25

employee for all necessary expenditures or losses incurred by the employee in direct

26

consequence of the discharge of his or her duties."

27

54.     Beginning at least three years prior to the filing of this complaint, in order

28

to discharge his Judge-related duties for Defendant, Plaintiffs and similarly situated

Judges have incurred expenses during two to three-day tournaments, such as for meals and laundering the single uniform provided to each Judge, which were not reimbursed by Defendant.

55.     Plaintiffs and similarly situated Judges are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

## SEVENTH CAUSE OF ACTION
(Late Payment of Wages in Violation of California Labor Code § 204)
[By Plaintiffs and the Sub-Classes Against the Defendants]

56.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

57.     At all relevant times, Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

58.     At all relevant times, Labor Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

59.     At all relevant times, Labor Code § 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

60.     During the relevant time period, Defendant willfully failed to pay Plaintiffs and similarly situated Judges all wages due to them, including but not limited to minimum and overtime wages, wages for missed meal and rest breaks, and necessary

business-related costs and expenses, within any time period permissible by Labor Code § 204.

61.     Plaintiffs and similarly situated Judges are entitled to recover all remedies available for violations of Labor Code § 204, including Labor Code § 210, which provides that every person who fails to pay the wages of each employee in violation of Labor Code § 204 shall be subjected to a civil penalty of one hundred dollars ($100) for each initial violation and two hundred dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount withheld.

## EIGHTH CAUSE OF ACTION
(Failure to Furnish Timely and Accurate Itemized Wage Statements
in Violation of California Labor Code §§ 226, 226.3)
[By Plaintiffs and the Sub-Classes Against the Defendant]

62.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

63.     Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things:  (1) gross wages earned; (2) total hours worked by each respective individual; (3) all deductions; (4) net wages earned; (5) inclusive dates of the period for which the employee is paid; (6) the name of the employee and an employee identification or social security number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual.

64.     As a pattern and practice, in violation of Labor Code § 226(a), Defendant did not provide Plaintiffs or similarly situated Judges with accurate itemized wage statements in writing showing: (1) regular rate of pay; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) inclusive dates of the period for which the employee is paid; (6) the name of the employee and an employee identification or

19

social security number; (7) the name and address of the legal entity that is the employer; and (8) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual.  Specifically, Defendant issued no pay statements whatsoever.

65.     Defendant has knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement provided to Plaintiffs and Sub-Class Members.

66.     Pursuant to Labor Code § 226(e), the Plaintiffs and similarly situated Judges are entitled to penalties as follows:

      a.     Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs;

      b.     One hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not to exceed $4,000 per claimant; and

      c.     Pursuant to Labor Code § 226(g), the Plaintiff and similarly situated Judges are entitled to injunctive relief to ensure Defendant's compliance with Labor Code § 226.

67.     Additionally, Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

68.     The Plaintiffs and similarly situated Judges are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

### NINTH CAUSE OF ACTION
(Unfair Business Practices in Violation of
California Bus. & Prof. Code §§ 17200 *et seq*.)
[By Plaintiffs and the Sub-Classes Against the Defendant]

69.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

70.    Plaintiff brings this cause of action individually and as a representative of all other Judges subject to Defendant's unlawful acts and practices.

71.    Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

72.    Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

73.    Beginning at least four years prior to the filing of this action, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices against Plaintiffs and the Sub-Classes as defined by Business and Professions Code § 17200 by failing to pay minimum and overtime wages, provide meal and rest breaks, pay wages on time, furnish timely and accurate wage statements, maintain accurate payroll records, and reimburse business expenses in violation of state law and the FLSA.

74.    Beginning at least four years prior to the filing of this action, and continuing to the present, Defendant has committed unfair, deceptive and/or misleading business acts and practices against Plaintiffs and the Sub-Classes as defined by Business and Professions Code § 17200 by misrepresenting and/or knowingly allowing them to work as employees for Wizards under the false belief that they are "volunteers," that they work for a "non-profit," that the Judging program is "separate" from Wizards, that they are "not employees" of Wizards, and/or that they are not entitled to compensation or reimbursement of expenses in connection with the work they do for Wizards.

75.    The above-described unlawful actions of Defendant constitute false, unfair, misleading, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, *et seq*.

76.    As a result of their unlawful acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and the Sub-Classes they seek to represent.  Defendant should be enjoined from this activity, caused to

specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiffs and the members of the Sub-Classes including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

### TENTH CAUSE OF ACTION
(Penalties Pursuant To Cal. Labor Code § 2699, *et seq.*)
[By Plaintiffs and the Sub-Classes against the Defendant

77.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

78.    Pursuant to Labor Code § 2699(a) (which provides that any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees), Plaintiffs and the members of the Sub-Classes seek recovery of applicable civil penalties.

79.    Pursuant to Labor Code § 2699(e) (which provides that for all provisions of the Labor Code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions), Plaintiffs seek recovery of the applicable civil penalties pursuant to Labor Code § 2699(e)(2) as follows:

a.    One hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation; and

b.    Two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

80.    Labor Code § 2699.3(a) states in pertinent part: "A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of § 2699 alleging a violation of

22

any provision listed in § 2699.5 shall commence only after the following requirements have been met: (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation."

81.     On April 29, 2016, Plaintiff complied with Labor Code section 2699.3(a) in that Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Defendant that described in detail the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  Attached hereto as Exhibit "1" is Plaintiffs' LWDA letter, which includes facts supporting PAGA penalties pursuant to violations of California Labor Code §§ 200-204, 226, 226.7, 500-508, 510, 512, 515, 558, 1194, 1197, 1198, 2802 and 2810.5.

82.     Labor Code § 2699.3(a) further states in pertinent part: "(2)(A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph (1), the aggrieved employee may commence a civil action pursuant to section 2699."

83.     Plaintiffs have received no notice from the LWDA in response to the LWDA demand letter, and therefore the instant PAGA action is ripe.  Pursuant to Labor Code § 2699(a) Plaintiffs seek to recover civil penalties for which Defendant is liable due to numerous Labor Code violations as set forth in this Complaint.

84.     Defendant failed to pay wages for all hours worked in violation of Labor Code §§ 1182, 1182.12, 1194, 1197, 1197.1 and 1198.

85.    Defendant's policies and practices are to refuse to pay all wages owed, refuse to pay any wages for time worked, and failure to pay wages for all hours worked at the correct overtime rate as required by Labor Code §§ 1182, 1182.12, 1197, 1194 and 1198. These constitute violations of Labor Code §§ 1182, 1182.12, 1197, 1194 and 1198.

86.    Defendant violated Labor Code §§ 510, 1194, 1198, and 558 for failure to pay all wages owed including overtime.  Labor Code § 510 and Applicable IWC Wage Orders provide that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day or more than eight (8) hours on the seventh day in a workweek is entitled to overtime compensation at a rate of twice the regular rate of pay. Plaintiff and on information and belief all other aggrieved employees routinely worked in excess of eight (8) hours in a day and/or forty (40) hours in a week. Defendants' failure to pay Plaintiff and all other aggrieved employees the unpaid balance of premium overtime compensation violates the provisions of Labor Code §§ 510, 1194, 1198, and 558 as well as Applicable IWC Wage Orders, and therefore gives rise to civil penalties under PAGA.

87.    Defendants violated Labor Code §§ 512 and 226.7 for failing to provide timely, uninterrupted meal periods or compensation in lieu thereof.  Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of

more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. Defendant implemented and enforced policies and practices, which pressured or required employees to work during their meal periods, to forego their meal periods, and/or to return to work from meal periods prior to thirty (30) uninterrupted minutes. As a proximate result of the aforementioned violations, Plaintiffs and all other aggrieved employees have been damaged in an amount according to proof at time of trial. Plaintiffs and on information and belief all aggrieved employees were systematically not permitted or authorized to take one (1) ten (10) minute rest period for every four (4) hours worked or major fraction thereof, which is a violation of the Labor Code and Applicable IWC Wage Orders. On shifts where Plaintiffs worked in excess of three and half hours, they were routinely not permitted and authorized to take lawful rest periods. Plaintiffs and on information and belief all other aggrieved employees were not compensated with one hour of wages for every day in which a rest period was missed or untimely as a result of Defendant's policies, practices, or work demands. By failing to authorize and permit a ten-minute rest period for every four (4) hours or major fraction thereof worked per day by its non-exempt employees, and by failing to provide compensation for such non-provided or shortened rest periods, as alleged above, Defendant willfully violated the provisions of Labor Code §§ 226.7, 512 and Applicable IWC Wage Orders.

88.    Defendant also violated Labor Code §§ 204 and 210 by failing to pay wages earned by any person in any employment are due and payable twice during each calendar month on days designated in advance by the employer as the regular paydays. Defendant is subject to civil penalties under Labor Code sections 204 and 210. In addition, Defendant violated Labor Code §§ 245-249 for failing to pay wages to

employees related to sick days accrued while employed and failing to maintain records of all hours worked in relation to sick days accrued.

89.    Defendant also willfully violated Labor Code §§ 201-203 by failing to provide all owed wages at separation form employment. Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due either at time of firing, or within seventy-two (72) hours of voluntary separation, if not sooner.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed thirty (30) days of wages. Plaintiffs and all other aggrieved employees who were separated from employment are entitled to compensation for all forms of wages earned, including but not limited to unpaid overtime compensation and compensation for non-provided meal and rest periods, but to date have not received such compensation, therefore entitling them to civil penalties under PAGA for violations of Labor Code §§ 201-203.

90.    Defendant also violated Labor Code §§ 226 and 226.3, which requires wage statements to list "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Defendant knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements which should have been properly provided to Plaintiffs and all other aggrieved employees, and such violations flow from Defendant's improper policies and practices, the implementation and enforcement thereof by Defendant, and the violations alleged in the preceding causes of action and herein.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiffs and all other aggrieved employees have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform calculations in light of the inaccuracies and incompleteness of the wage statements Defendant provided to them.  Given the violations addressed above and the resulting inaccuracies

in the wage statements provided by Defendant to Plaintiffs and the Sub-Classes, Defendant has made it very difficult, if not impossible, to accurately determine from the wage statements themselves such important items of information as the appropriate pay rate to apply to their hours worked. Defendant's Labor Code §§ 226 and 226.3 violations further injured aggrieved employees by rendering them unaware of the full compensation to which there were entitled under applicable provisions of the California Labor Code and Applicable IWC Wage Orders, and Defendant's aggrieved employees have been accordingly rendered unaware of how to calculate such compensation. Pursuant to Labor Code § 226(a), and in light of Defendant's violations addressed above, Plaintiffs and all other aggrieved employees are each entitled to recover civil penalties pursuant to PAGA.

91.    As such, Plaintiffs have complied with Labor Code § 2699.3(a) and have been given authorization there from to commence this civil action, which includes a cause of action pursuant to Labor Code § 2699, *et seq*.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury for all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class and Sub-Class, pray for judgment against Defendant as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    That the Court declare that Defendant's policies and/or practices of failing to pay minimum and overtime wages violate the FLSA;

3.    That the Court declare that Defendant's policies and/or practices of failing to pay minimum and overtime wages violate California law;

**FIRST AMENDED CLASS ACTION COMPLAINT**

4.     That the Court declare that Defendant's policies and/or practices of failing to provide meal and rest breaks violate California law;

5.     That the Court declare that Defendant's policies and/or practices of failing to timely pay wages violate California law;

6.     That the Court declare that Defendant's policies and/or practices of failing to furnish timely and accurate wage statements violate California law;

7.     That the Court declare that Defendant's policies and/or practices of failing to maintain accurate payroll records violate California law;

8.     That the Court declare that Defendant's policies and/or practices violate California law by failing to reimburse all business expenses incurred by Judges in the discharge of their duties as employees of Defendant;

9.     That the Court declare that Defendant's above-mentioned polices and/or practices violate Business and Professions Code § 17200, *et seq.*;

10.     An order preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

11.     A mandatory injunction requiring Wizards to incorporate a separate non-profit recreational gaming entity that could lawfully utilize unpaid volunteers;

12.     An award to the Plaintiffs and the Sub-Class of all unpaid minimum and overtime wages, liquidated damages under California Labor Code § 1194.2, wages under California Labor Code § 226.7 for each missed meal or rest period, and unreimbursed business expenses, and interest thereon, they are owed, subject to proof at trial;

13.     Compensatory damages in an amount according to proof;

14.     Economic damages in an amount according to proof;

15.     Interest accrued to date under the California Labor Code, including under Labor Code §§ 204, 218.6, 221, 226.7, 510, and 2802;

16.     Costs of suit incurred herein under the California Labor Code;

17.     Reasonable attorneys' fees, including under California Labor Code §§ 218.5, 226, 1194, 2699, 2802, and Civ. Code § 1021.5, and/or other applicable law;

18.     For an order that Defendant make restitution to Plaintiffs and the Classes identified herein due to their unlawful business practices as described herein pursuant to California Business and Professions Code §§ 17200-17205;

19.     For penalties pursuant to the California Private Attorney General Act, according to proof; and

20.     Such other and further relief that the Court may deem just and proper.

December 1, 2016                          **RIGHETTI GLUGOSKI, PC**

                                   By:___/s/ Matt Righetti_____
                                          Matt Righetti, Esq.,
                                          Attorneys for Plaintiffs,
                                          ADAM SHAW, PETER
                                          GOLIGHTLY, JUSTIN TURNER,
                                          and JOSHUA STANSFIELD on
                                          behalf of themselves, the Proposed
                                          Classes and the general public

**FIRST AMENDED CLASS ACTION COMPLAINT**