# RIGHETTI • GLUGOSKI, P.C.
## ATTORNEYS AT LAW

April 29, 2016

*Via Certified U.S. Mail*

**Attn: PAGA Administrator**
**Labor Workforce Development Agency**
455 Golden Gate Ave, 9th Floor
San Francisco, CA 94102

**Wizards of the Coast LLC**
**Agent for Service of Process:**
1600 Lind Ave SW, Ste 400
Renton, WA 98055

    Re:   Shaw, et al., v. Wizards of the Coast, LLC

Dear Sir or Madam:

    Righetti Glugoski, P.C. represents Adam Shaw, Peter Golightly, Justin Turner and Joshua Stansfield, who have been classified as "volunteers" when in fact they are employees of Wizards of the Coast, LLC (herein collectively referred to as "Wizards"). Pursuant to Cal. Lab. Code section 2699.3, this notifies you that Mr. Shaw, Mr. Golightly, Mr. Turner and Mr. Stansfield intend to seek penalties (as aggrieved employees and on behalf of the State of California) against Wizards of the Coast, LLC and related DOE employers, presently unknown and subject to discovery and amendment, for violation of the California Labor Code Sections outlined herein based on the following facts.

    Mr. Shaw, Mr. Golightly, Mr. Turner and Mr. Stansfield were employed as Judges by Wizards of the Coast, LLC and were not paid the required minimum or overtime wages or other minimum working condition benefits/pay for work performed on behalf of Wizards. Mr. Shaw, Mr. Golightly, Mr. Turner and Mr. Stansfield are all currently still employed with Wizards of the Coast, LLC.

    Wizards of the Coast, LLC is a Delaware Limited Liability Company with its headquarters in Renton, Washington. During plaintiffs' employment with Wizards as a Judges, they were routinely required to work without compensation. Judges are certified by Wizards, subject to the control of Wizards, are obligated to abide by Wizards' policies and procedures, and are required to perform labor necessary for Wizards' events/tournaments to function, routinely fulfill duties and responsibilities including administration and oversight regarding Magic gameplay and evaluate and train other Judges, among other employment activities. They were illegally and routinely, as a matter of policy and practice, denied wages although they routinely worked in excess of 25 hours per month. Acquiring and maintaining a certification as a Judge requires twenty-five hours per month per Judge level. They and those similarly situated were denied all wages owed to them by Wizards. Wizards of the Coast also failed to authorize

and permit Plaintiff and those similarly situated to take 10-minute uninterrupted rest breaks where they were relieved of all duty for every four hours they worked. Plaintiffs and those similarly situated were also not provided off duty meal periods as mandated by the Labor Code. Because Plaintiffs and those similarly situated were misclassified as exempt, Wizards of the Coast, LLC illegally and wrongfully excluded them from the meal and rest break requirements of California law. Thus, Plaintiffs and their fellow "volunteers" who are in reality their Wizard co-workers were denied meal and rest breaks. Likewise, they were not paid the required one hour of pay for missed rest breaks and meal periods. In addition, they were forced to incur business expenses as a result of their employment without reimbursement from Wizards.

Pursuant to Wizards uniform misclassification of its Judges as volunteers, Wizards' Judges were improperly denied pay as required under California law. (*Id.*) These facts constitute violations of California Labor Code §§ 510, 558, 1194, 1198 and IWC Wage Order 7-2001.

Finally, Wizards does not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

Wizards fails to provide accurate and complete information, as specified in items 1 through 9 of section 226(a). Plaintiffs and other similarly situated employees could not "promptly and easily determine" from the wage statement alone the information set forth in Labor Code Section 226(e)(2).

Further, Wizards failed to comply with the Healthy Workplaces, Healthy Families Act of 2014 by providing employees at least three days of paid sick leave per year and to place any information on the employee's wage statement and or other document provided on payday with the paid sick leave available to date.

In addition, Wizard failed to comply with California Labor Code Section 2810.5, which states: (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:
 (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.
 (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances.
 (C) The regular payday designated by the employer in accordance with the requirements of this code.
 (D) The name of the employer, including any "doing business as" names used by the employer.
 (E) The physical address of the employer's main office or principal place of business, and a mailing address, if different.
 (F) The telephone number of the employer.
 (G) The name, address, and telephone number of the employer's workers' compensation insurance carrier.
 (H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

On August 4, 2004, the California Legislature passed SB 1809 to modify Labor Code Sections 2698-2699 by adding Labor Code Section 2699.3. The new Labor Code Section 2699.3 requires that a claimant first send a certified letter to the employer in question and the Labor Workforce Development Agency setting forth the claims, and the basis for the claims, thereby giving the Labor Workforce Development Agency an opportunity to investigate the claims and/or take any action it deems appropriate. Plaintiff seeks statutory penalties for violations of the California Labor Code provisions alleged herein, including Cal. Labor Code sections §§200-204, 226, 226.7, 500-508, 510, 512, 515, 558, 1194, 2802, 2810.5 1197 and 1198 as well as HWHFA of 2014.

The purpose of this letter is to satisfy the requirement created by LC 2699 prior to seeking penalties allowed by law for the aforementioned statutory violations. We look forward to determining whether the Labor Workforce Development Agency intends to take any action in reference to these claims. We kindly ask that you respond to this notice according to the time frame contemplated by the code.

///

///

///

Our client will seek these penalties on their own behalf and on behalf of other similarly situated California based non-exempt individuals employed by Wizards within one year of the date of this letter, as allowed by law.

Please feel free to contact me if you have any questions or concerns.

Very truly yours,

RIGHETTI • GLUGOSKI, P.C.

Matthew Righetti