KARL R. LINDEGREN, SBN 125914
SHAUN J. VOIGT, SBN 265721
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendant,
WIZARDS OF THE COAST LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD, as individuals and on behalf of others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>WIZARDS OF THE COAST LLC,<br><br>Defendant. | Case No. 5:16-cv-01924-EJD<br><br>**DEFENDANT WIZARDS OF THE COAST LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  April 12, 2016<br>Trial Date:         None |

Defendant WIZARDS OF THE COAST LLC (hereinafter "Wizards" or "Defendant") hereby responds to Plaintiffs ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD's (collectively "Plaintiffs") first amended complaint ("Complaint") as follows:

//

//

//

//

//

//

DEFENDANT WIZARDS OF THE COAST LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

FPDOCS 32453686.1

# **COMPLAINT**

1. Answering Paragraph 1, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

## **I.**

## **INTRODUCTION**

2. Answering Paragraph 2, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that *Magic*: *The Gathering* is a fantasy trading card game ("*Magic*"). Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

## **II.**

## **JURISDICTION AND VENUE**

3. Answering Paragraph 3, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that this Court has original jurisdiction over Plaintiffs' first cause of action. Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

4. Answering Paragraph 4, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that this Court has diversity jurisdiction over this action. Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

5. Answering Paragraph 5, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that this Court has supplemental jurisdiction over Plaintiffs' state law claims. Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

//

6.     Answering Paragraph 6, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that venue is appropriate in this court pursuant to 28 U.S.C. § 139.  Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

## III.

## PARTIES

7.     Answering Paragraph 7, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards believes that Mr. Shaw is a resident of Connecticut but lacks sufficient knowledge to confirm or deny the allegation.  Wizards denies that it "employed" Mr. Shaw for purposes of the Federal *Fair Labor Standards Act*, the California *Labor Code*, the California Industrial Welfare Commission's Wage Orders, or under any other basis for purposes of creating liability under any claim asserted in the Complaint.  As such, Wizards denies that it had any obligation to Mr. Shaw under such statutes.  Except as otherwise stated, Wizards denies each and every allegation contained in this Paragraph.

8.     Answering Paragraph 8, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards believes that Mr. Golightly is a resident of California but lacks sufficient knowledge to confirm or deny the allegation.  Wizards denies that it "employed" Mr. Golightly for purposes of the Federal *Fair Labor Standards Act*, the California *Labor Code*, the California Industrial Welfare Commission's Wage Orders, or under any other basis for purposes of creating liability under any claim asserted in the Complaint.  As such, Wizards denies that it had any obligation to Mr. Golightly under such statutes. Except as otherwise stated, Wizards denies each and every allegation contained in

this Paragraph.

9.      Answering Paragraph 9, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards believes that Mr. Turner is a resident of Florida but lacks sufficient knowledge to confirm or deny the allegation. Wizards denies that it "employed" Mr. Turner for purposes of the Federal *Fair Labor Standards Act*, the California *Labor Code*, the California Industrial Welfare Commission's Wage Orders, or under any other basis for purposes of creating liability under any claim asserted in the Complaint. As such, Wizards denies that it had any obligation to Mr. Turner under such statutes. Except as otherwise stated, Wizards denies each and every allegation contained in this Paragraph.

10.      Answering Paragraph 10, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards believes that Mr. Stansfield is a resident of California but lacks sufficient knowledge to confirm or deny the allegation. Wizards denies that it "employed" Mr. Stansfield for purposes of the Federal *Fair Labor Standards Act*, the California *Labor Code*, the California Industrial Welfare Commission's Wage Orders, or under any other basis for purposes of creating liability under any claim asserted in the Complaint. As such, Wizards denies that it had any obligation to Mr. Stansfield under such statutes. Except as otherwise stated, Wizards denies each and every allegation contained in this Paragraph.

11.      Answering Paragraph 11, Wizards admits that it is a Limited Liability Company organized under the laws of the State of Delaware, with its headquarters in Renton, Washington. The remaining allegations in Paragraph 11 constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent a response is required, Wizards admits that it operates a business that sells games and game-related products, but it expressly denies that it employed plaintiffs

in any capacity.  Any remaining allegations not expressly admitted are denied.

## IV.

## FACTUAL BACKGROUND

12.    Answering Paragraph 12, Wizards admits that it sells products in interstate commerce based on *Magic*.  Wizards further admits that its annual gross revenue is sufficient to qualify for coverage under the *Fair Labor Standards Act*. The remaining allegations in Paragraph 12 constitute legal assertions, conclusions, and/or arguments to which no response is required.  Any allegations not expressly admitted are denied.

13.    Answering Paragraph 13, Wizards admits that it is a for-profit company.  Wizards admits it organizes, promotes, and administers the limited number of *Magic* events that it runs—i.e. the Magic Pro Tour, the World Magic Cup, and the Magic World Championship. To Wizards' knowledge, all other events are organized and administered by independent tournament organizers or local retail stores (which are not operated, controlled, or owned by Wizards).  Wizards also admits that tournaments help promote the game and enable members of the *Magic* community to actively play *Magic* with other members of the *Magic* community. Wizards further admits that individuals who play *Magic* may purchase *Magic* products from local retail stores; Wizards does not sell *Magic* products directly to consumers, or at the limited number of *Magic* events it organizes, promotes, and administers.  Wizards denies any remaining allegations not expressly admitted.

14.    Answering Paragraph 14, based on information and belief, Wizards admits that judges perform activities at some *Magic* events which may include operational oversight and *Magic* gameplay/rules adjudication.  Wizards denies that these are "employment activities" within the meaning of the *Fair Labor Standards Act*, the California *Labor Code*, the California Industrial Welfare Commission's Wage Orders, or under any other basis for purposes of creating liability under any claim asserted in the Complaint.  Wizards denies any remaining allegations not

FPDOCS 32453686.1

expressly admitted.

15.     Answering Paragraph 15, Wizards admits that judges acquire and maintain certifications to remain judges, the standards of which are set by members of the judge community.  Wizards further admits that judges test, recruit, evaluate, and teach other judges under criteria that is also developed and administered by the judge community. Wizards denies any remaining allegations not expressly admitted.

16.     Answering Paragraph 16, Wizards admits that it has access to contact information, certifications, and activities of judges to the extent such information is submitted to Wizards.  Wizards admits that it did not compensate Plaintiffs for judge-related activities that are the subject of the instant lawsuit, as Wizards did not "employ" Plaintiffs.  The remaining allegations contained in this Paragraph constitute legal assertions, conclusions, and/or arguments to which no response is required.  To the extent that any response is required, and except as otherwise stated herein, Wizards denies each and every allegation contained in this Paragraph as they pertain to Wizards.

17.     Answering Paragraph 17, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.  To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

18.     Answering Paragraph 18, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.  To the extent that any response is required, Wizards is without sufficient knowledge or information to confirm or deny the allegations regarding third parties who may be plaintiffs' employers.  Otherwise, Wizards denies each and every allegation contained in this Paragraph.

//

//

FPDOCS 32453686.1

# V.

## CLASS ACTION ALLEGATIONS

19.    Answering Paragraph 19, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

20.    Answering Paragraph 20, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

21.    Answering Paragraph 21, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

22.    Answering Paragraph 22, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

23.    Answering Paragraph 23, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

24.    Answering Paragraph 24, the allegations contained therein constitute legal assertions, conclusions, and/or argument to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

25.    Answering Paragraph 25, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

//

//

26.    Answering Paragraph 26, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Violations of Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

**(By Plaintiffs and the Classes against the Defendant)**

27.    Answering Paragraph 27, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

28.    Answering Paragraph 28, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that for the limited number of *Magic* events that it runs—i.e. the Magic Pro Tour, the World Magic Cup, and the Magic World Championship—Wizards financially compensates judges it contracts with under written agreements and as independent contractors. In addition, Wizards admits that it did not compensate Plaintiffs as employees for the judge-related activities that are subject of the instant lawsuit, as Wizards did not "employ" Plaintiffs; however, Wizards admits, during the time period relevant to the instant lawsuit, to financially compensating Plaintiffs Turner and Stansfield, under written agreement and as independent contractors, with respect to the following: (a) Plaintiff Turner was financially compensated by Wizards for providing services at (i) 2015 Magic World Cup (August 27 – 30, 2015 in Seattle, WA), (ii) 2014 Magic Pro Tour (August 1 – 3, 2014 in Portland, OR), (iii) 2013 Magic Pro Tour (May 17-19, 2013 in San Diego, CA), 2012 Magic World Cup (August 16 – 19, 2012 in Indianapolis, IN), and (v) 2012 Magic Pro Tour (October 19-21, 2012); and (b) Plaintiff Stansfield was financially compensated by Wizards

for providing services at (i) 2015 Magic Pro Tour (October 16 – 18, 2015 in Milwaukee, WI), (ii) 2015 Magic Pro Tour (February 6 – 8, 2015), and (iii) 2014 Magic Pro Tour (October 10 – 12, 2014 in Honolulu, HI). Wizards is without knowledge or information sufficient to enable it to admit or deny whether Plaintiffs were compensated by tournament organizer(s), store owners, and/or other third-party individuals/entities that engaged Plaintiffs as judges. Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

29. Answering Paragraph 29, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

30. Answering Paragraph 30, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

31. Answering Paragraph 31, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

32. Answering Paragraph 32, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

33. Answering Paragraph 33, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

//

34.    Answering Paragraph 34, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

## SECOND CAUSE OF ACTION

**(Failure to Pay Minimum Wages in Violation of California Labor Code §§ 204, 1182.12, 1194, 1197, and Applicable IWC Wage Orders)**

**(By Plaintiffs and the Sub-Classes against the Defendant)**

35.    Answering Paragraph 35, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

36.    Answering Paragraph 36, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

37.    Answering Paragraph 37, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

38.    Answering Paragraph 38, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

39.    Answering Paragraph 39, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

## THIRD CAUSE OF ACTION

**(Failure to Pay Overtime Wages in Violation of California Labor Code §§ 204, 510, 1194, 1198, and Applicable IWC Wage Orders)**

**(By Plaintiffs and the Sub-Classes against the Defendant)**

40.    Answering Paragraph 40, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

FPDOCS 32453686.1

41.     Answering Paragraph 41, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

42.     Answering Paragraph 42, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that as a general matter, tournament play may run longer than 8 hours in a single day and it did not compensate Plaintiffs for the judge-related activities that are the subject of the instant lawsuit because Wizards did not "employ" Plaintiffs.  Wizards is without knowledge or information sufficient to enable it to admit or deny whether Plaintiffs were compensated by the tournament organizer(s), store owners, and/or other third-party individuals/entities that engaged them as judges.  Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

43.     Answering Paragraph 43, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

44.     Answering Paragraph 44, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

## **FOURTH CAUSE OF ACTION**

**(Failure to Provide Mandated Meal Periods in Violation of California Labor Code §§ 226.7, 512, and Applicable IWC Wage Orders)**

**(By Plaintiffs and the Sub-Classes against the Defendant)**

45.     Answering Paragraph 45, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

//

46.    Answering Paragraph 46, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

47.    Answering Paragraph 48, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph as they pertain to Wizards.  Wizards is without knowledge or information sufficient to enable it to admit or deny the allegations in this Paragraph as they pertain to the tournament organizer(s), store owners, and/or other third-party individuals/entities that engaged Plaintiffs as judges.

48.    Answering Paragraph 48, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Mandated Rest Periods in Violation of California Labor Code § 226.7 and Applicable IWC Wage Orders)**

**(By Plaintiffs and the Sub-Classes against the Defendant)**

49.    Answering Paragraph 49, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

50.    Answering Paragraph 50, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph as they pertain to Wizards.  Wizards is without knowledge or information sufficient to enable it to admit or deny the

allegations in this Paragraph as they pertain to the tournament organizer(s), store owners, and/or other third-party individuals/entities that engaged Plaintiffs as judges.

51.    Answering Paragraph 51, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

**SIXTH CAUSE OF ACTION**

**(Failure to Reimburse for Business Expenses**

**in Violation of California Labor Code § 2802)**

**(By Plaintiffs and the Sub-Classes against the Defendant)**

52.    Answering Paragraph 52, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

53.    Answering Paragraph 53, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

54.    Answering Paragraph 54, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph as they pertain to Wizards.  Wizards is without knowledge or information sufficient to enable it to admit or deny the allegations in this Paragraph as they pertain to the tournament organizer(s), store owners, and/or other third-party individuals/entities that engaged Plaintiffs as judges.

55.    Answering Paragraph 55, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

## SEVENTH CAUSE OF ACTION

### (Late Payment of Wages in Violation of California Labor Code § 204)

### (By Plaintiffs and the Sub-Classes against the Defendant)

56.     Answering Paragraph 56, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

57.     Answering Paragraph 57, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

58.     Answering Paragraph 58, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

59.     Answering Paragraph 59, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

60.     Answering Paragraph 60, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

61.     Answering Paragraph 61, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

## EIGHTH CAUSE OF ACTION

### (Failure to Furnish Timely and Accurate Itemized Wage Statements in Violation of California Labor Code §§ 226, 226.3)

### (By Plaintiffs and the Sub-Classes against the Defendant)

62.     Answering Paragraph 62, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

//

DEFENDANT WIZARDS OF THE COAST LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
FPDOCS 32453686.1

63.     Answering Paragraph 63, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

64.     Answering Paragraph 64, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that it did not provide wage statements to Plaintiffs, as Wizards did not "employ" Plaintiffs. Wizards is without knowledge or information sufficient to enable it to admit or deny whether Plaintiffs were provided wage statements by the tournament organizer(s), store owners, and/or other third-party individuals/entities that engaged them as judges. To the extent that any response is required, and except as otherwise stated, Wizards denies each and every allegation contained in this Paragraph.

65.     Answering Paragraph 65, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

66.     Answering Paragraph 66, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

67.     Answering Paragraph 67, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

68.     Answering Paragraph 68, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

//

//

//

FPDOCS 32453686.1

# NINTH CAUSE OF ACTION

## (Unfair Business Practices in Violation of

## California Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiffs and the Sub-Classes against the Defendant)

69. Answering Paragraph 69, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

70. Answering Paragraph 70, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

71. Answering Paragraph 71, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

72. Answering Paragraph 72, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

73. Answering Paragraph 73, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

74. Answering Paragraph 74, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

75. Answering Paragraph 75, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

76. Answering Paragraph 76, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every

allegation contained in this Paragraph.

## TENTH CAUSE OF ACTION

### (Penalties Pursuant to Cal. Labor Code § 2699, *et seq*.)

### (By Plaintiffs and the Sub-Classes against the Defendant)

77. Answering Paragraph 77, Wizards reasserts its answers as set forth above in response to each of the foregoing paragraphs of this Complaint as though fully set forth herein.

78. Answering Paragraph 78, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

79. Answering Paragraph 79, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

80. Answering Paragraph 80, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

81. Answering Paragraph 81, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards admits that Plaintiffs, through their counsel, sent Wizards the letter attached as Exhibit "1" to Plaintiff's Complaint, but is without knowledge or information sufficient to enable it to admit or deny whether Plaintiff's sent the letter via Certified Mail on April 29, 2015. To the extent that any response is required, Wizards is also without knowledge or information sufficient to enable it to admit or deny whether Plaintiffs' sent the letter attached as Exhibit "1" to Plaintiffs' Complaint to the California Labor and Workforce Development Agency ("LWDA"). Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

82. Answering Paragraph 82, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

83. Answering Paragraph 83, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required.

To the extent that any response is required, Wizards is without knowledge or information sufficient to enable it to admit or deny whether the LWDA provided any response to Plaintiffs or their counsel with respect to the letter attached as Exhibit "1" to Plaintiffs' Complaint. Except as expressly admitted, Wizards denies each and every allegation contained in this Paragraph.

84. Answering Paragraph 84, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

85. Answering Paragraph 85, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

86. Answering Paragraph 86, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

87. Answering Paragraph 87, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

88. Answering Paragraph 88, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

//

//

//

FPDOCS 32453686.1

89.     Answering Paragraph 89, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

90.     Answering Paragraph 90, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

91.     Answering Paragraph 91, the allegations contained therein constitute legal assertions, conclusions, and/or arguments to which no response is required. To the extent that any response is required, Wizards denies each and every allegation contained in this Paragraph.

## DEMAND FOR JURY TRIAL

Wizards alleges that this section of the Complaint constitutes a demand for jury trial to which no response is necessary. To the extent that any response is necessary, Wizards denies that Plaintiffs are entitled to a jury trial with respect to all claims and/or defenses at issue in this action.

## PRAYER FOR RELIEF

1-20. With respect to the remaining paragraphs in the Complaint, Wizards alleges that such paragraphs constitute prayers for relief to which no response is necessary. To the extent that any response is necessary, Wizards specifically denies that Plaintiffs are entitled to any relief whatsoever. Except as expressly admitted and denied, Wizards does not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiffs' prayer for relief and based thereon denies each and every allegation contained therein and each and every part thereof.

## AFFIRMATIVE DEFENSES

Without waiving any of the foregoing, Wizards alleges the following separate and independent affirmative defenses:

FPDOCS 32453686.1

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Wizards.

## SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure* sections 338 and 340(a), California *Labor Code* section 203; and/or California *Business & Professions Code* section 17208.

## THIRD AFFIRMATIVE DEFENSE

3.      Wizards did not "employ" Plaintiffs for purposes of the Federal *Fair Labor Standards Act*, the California *Labor Code*, the California Industrial Welfare Commission's Wage Orders, or under any other basis for purposes of creating liability under any claim asserted in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims alleging that they are owed unpaid wages, penalties, and other compensation based on Wizards' alleged failure to compensate them for all hours worked lacks merit to the extent that the alleged work performed by Plaintiffs, if any, was not authorized, suffered, or permitted by Wizards, and/or was performed without Wizards' knowledge and/or control.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred in whole or in part because the activities they allegedly performed, if any, do not constitute compensable "work" for or on behalf of Wizards, and/or otherwise fall within one or more of the exemptions provided by the Federal *Fair Labor Standards Act*, the California *Labor Code* and/or the California Industrial Welfare Commission's Wage Orders.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' respective claims for waiting time penalties pursuant to California *Labor Code* section 203 are barred because Wizards did not willfully

withhold wages over which there was no good faith dispute. To the contrary, Wizards acted at all times, and continues to act, with the good faith belief that Plaintiffs are/were not "employees" of Wizards, and therefore are/were not owed any wages or other remuneration of any kind from Wizards.

### SEVENTH AFFIRMATIVE DEFENSE

7.    Plaintiffs' respective claims for statutory penalties pursuant to California *Labor Code* section 226 are barred because Wizards did not knowingly and intentionally fail to comply with the requirements of *Labor Code* section 226, or any statute or regulation of similar effect. To the contrary, Wizards acted at all times, and continues to act, with the good faith belief that Plaintiffs are/were not "employees" of Wizards, and therefore are/were not entitled to itemized wage statements pursuant to *Labor Code* section 226.

### EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs' claim for penalties pursuant to *Labor Code* section 226(e) are also barred because Plaintiffs have not been injured by Wizards' alleged failure to comply with Section 226(a), or any statute of similar effect.

### NINTH AFFIRMATIVE DEFENSE

9.    Wizards did not "employ" Plaintiffs, and therefore was not responsible for providing Plaintiffs with meal periods. In any event, to Wizards' knowledge and based on information and belief, the tournament organizer(s), store owners, and/or other third-party individuals/entities that engaged Plaintiffs as judges provided them with the opportunity to take meal periods pursuant to ¶ 11 of the applicable Industrial Welfare Commission Wage Order(s).

### TENTH AFFIRMATIVE DEFENSE

10.    Wizards did not "employ" Plaintiffs, and therefore was not responsible for providing Plaintiffs with rest periods. In any event, to Wizards' knowledge and based on information and belief, Plaintiffs were "authorized and permitted" by the tournament organizer(s), store owners, and/or other third-party individuals/entities

that engaged them as judges to take rest periods pursuant to ¶ 12 of the applicable Industrial Welfare Commission Wage Order(s).

## ELEVENTH AFFIRMATIVE DEFENSE

11. By their conduct, Plaintiffs have waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs are estopped by their conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiffs' failure to mitigate their respective damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs' Complaint, and each and every cause of action therein, is barred in whole or in part because Wizards did not knowingly, intentionally, or willfully violate any provision(s) of the Fair Labor Standards Act, California Labor Code, or a Wage Order of the California Industrial Welfare Commission. To the contrary, Wizards acted at all times, and continues to act, with the good faith belief that Plaintiffs are/were not "employees" of Wizards, and therefore are/were not owed any wages or other remuneration of any kind from Wizards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiffs' Complaint, and each and every cause of action therein, is barred to the extent that Plaintiffs, and any person on whose behalf relief is sought,

failed to satisfy the notice and exhaustion requirements of California's Private Attorney General Act, *Labor Code* section 2698, *et seq.* ("PAGA"), and to the extent that Plaintiffs otherwise failed to exhaust administrative remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' demand for penalties pursuant to PAGA fails to the extent Plaintiffs have not satisfied all statutory prerequisites for relief.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Any penalties available to Plaintiffs under PAGA, which Wizards expressly denies, are subject to equitable reduction pursuant to *Labor Code* § 2699(e)(2), on the grounds that awarding the maximum available penalty against Wizards would be unjust, arbitrary, and oppressive and confiscatory.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Wizards is informed and believes and based on that information and belief alleges that the imposition of multiple penalties and/or liquidated damages for the same basic alleged wrongdoing would violate Due Process and Equal Protection Clauses of the United States and California Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Wizards is informed and believes and based on that information and belief alleges that any finding of liability pursuant to *Business and Professions Code* section 17200, *et seq.*, would violate Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under those statutes are unduly vague and subjective.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims and/or prayer(s) for equitable relief are barred in whole or in part because Plaintiffs' have an adequate remedy at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     The acts of the Doe Defendants and/or other third parties of which Plaintiffs complain were all undertaken outside the scope of their agency,

employment, or other relationship with Wizards (if any), and without the knowledge or consent of Wizards, and Wizards may not be held liable therefor.

Wizards expressly reserves the right to amend the answer to assert additional affirmative defenses, and to supplement, alter, or change the answer and affirmative defenses for good cause; or alternatively, upon revelation of more definitive facts by Plaintiffs and upon Wizards' undertaking of discovery and investigation of this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby expressly reserved.

WHEREFORE, Wizards prays as follows:

1.      That Plaintiffs take nothing by their Complaint for damages;

2.      That Plaintiffs' Complaint be dismissed in its entirety with prejudice, and that judgment be entered in Wizards' favor and against Plaintiffs;

3.      That Wizards be awarded its costs of suit and reasonable attorneys' fees incurred in defense of this action, as permitted by law, and/or other applicable statutes; and

4.      That the Court award Wizards such other and further relief as it deems just and proper.


DATE: December 19, 2016                    FISHER & PHILLIPS LLP


                                    By:    /s/ Shaun J. Voigt
                                           KARL R. LINDEGREN
                                           SHAUN J. VOIGT
                                           Attorneys for Defendant,
                                           WIZARDS OF THE COAST LLC

DEFENDANT WIZARDS OF THE COAST LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT
FPDOCS 32453686.1

# PROOF OF SERVICE
## (CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California, 92614.

On **December 19, 2016**, I served the foregoing document entitled **DEFENDANT WIZARDS OF THE COAST LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

## SEE ATTACHED MAILING LIST

☐ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **December 19, 2016** at Irvine, California.

Everlyn Camanag                    By: /s/ Everlyn Camanag
Print Name                              Signature

PROOF OF SERVICE

FPDOCS 32453686.1

<u>MAILING LIST</u>

| | |
|---|---|
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone:  (415) 983-0900<br>Facsimile:   (415) 397-9005<br>Email:       matt@righettilaw.com<br>                 jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>2901 West Pacific Coast Hwy., Suite 350<br>Newport Beach, CA 92663<br>Telephone: (949) 263-5992<br>Facsimile: (949) 209-1948<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |