MATTHEW RIGHETTI, ESQ. (SBN 121012)
JOHN GLUGOSKI, ESQ. (SBN 191551)
**RIGHETTI GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiffs and the Proposed Classes
[Plaintiffs' Counsel continued on next page]

KARL R. LINDEGREN, (SBN 125914)
SHAUN J. VOIGT, (SBN 265721)
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendant,
WIZARDS OF THE COAST LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD as individuals and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br>v.<br><br>WIZARDS OF THE COAST LLC,<br><br>Defendant. | Case No. 5:16-cv-01924-EJD<br>*CLASS ACTION*<br><br>**RULE 26(f) JOINT STATUS CONFERENCE STATEMENT**<br><br>Complaint Filed: April 12, 2016<br>Trial Date:          None |

Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Phone: (949)263-5992
Facsimile:(949)209-1948

**Ross Cornell, Esq., APC** (SBN 210413)
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Phone: (562) 612-1708
Facsimile: (562) 394-9556

**TO THE HONORABLE UNITED STATES DISTRICT COURT AND TO THE CLERK OF THE COURT:**

Plaintiffs, ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD as individuals and on behalf of all others similarly situated and the general public (hereinafter the "Plaintiffs"), and Defendant WIZARDS OF THE COAST LLC (hereinafter "Wizards" or "Defendant"), hereby jointly submit the following Joint Case Management Statement by and through their undersigned counsel of record.

### 1.  JURISDICTION AND SERVICE

The parties contend that this Court has original jurisdiction over the claims brought pursuant to the Fair Labor Standards Act ("the FLSA" or "the Act"), and specifically under the provisions of Section 16 of the Act, as amended (29 U.S.C. § 216(b)), and that this Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d), because this is a class action involving more than 100 class members, the amount in controversy exceeds five million dollars exclusive of interest and costs, and Plaintiffs and members of the Proposed Classes are citizens of states different from the Defendant.  This Court has supplemental jurisdiction over the California State Law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  The parties do not anticipate any dispute regarding venue or personal jurisdiction.  All parties have been served, and the First Amended Complaint has been answered such that the case is now at issue.

**Rule 26(f) Joint Status Conference Statement**

## 2. FACTUAL SUMMARY

**Plaintiffs' Factual Allegations and Claims:**

Plaintiffs are individuals who have, for years, participated in a fantasy roll-playing game knows as Magic: the Gathering (hereinafter "Magic"). Magic is a worldwide gaming phenomenon, with tournaments, events and competitions (hereinafter "Events") hosted by Wizards of the Coast, LLC (the "Defendant") and its affiliates and played by thousands of people, including Plaintiffs and members of the Proposed Classes, using Magic cards produced, distributed and sold by the Defendant.

As part of its Magic business, Defendant holds hundreds of Events annually.  The whole point of playing Magic, from the perspective of participants, is to progress through higher and higher levels of competition with greater potential prizes and rewards.  Magic Events are complex, involve hundreds of gaming participants/players, and require extensive staffing to produce.  Magic staffers, including Plaintiffs and the Proposed Classes, carry out a wide range of functions that are necessary for Magic Events to be carried out.  Without limitation, and as examples only, these functions include such things as organizing gameplay, setting up tables, taking out trash, running errands, cleaning up messes, and judging and managing voluminous activities that take place at Magic Events.

Magic Events are "staffed" by Magic Judges.  Judges are Magic players who have undertaken to study and be examined on extensive Magic rules, policies and procedures, which requires substantially specialized knowledge and training.  Magic Judges range from levels 1 to 5, depending on their qualifications and experience.  Judges regularly work as Magic

Event staffers, and medium to large events require several dozen to over a hundred Judges to carry out the work necessary to conduct a Magic Event.

Plaintiffs and the Proposed Class are Magic Judges who have worked Magic Events during the Class Period without being compensated at least the minimum wage in violation of the Fair Labor Standards Act and the California Labor Code.  Likewise, the Defendant has violated numerous provisions of the California Labor Code as set forth in the First Amended Complaint (the "FAC") by, *inter alia*, failing to provide meal and rest breaks, failing to produce wage statements, failing to maintain employment records, failing to reimburse expenses, misclassification of employees as independent contractors and in other ways as set forth in detail in the FAC.

**Defendant's Defenses and Factual Position**:

Wizards is a worldwide leader in the trading card game category, producing, among other games, the highly popular "Magic: The Gathering®" trading card game and trading cards ("Magic").

Magic is a trading card game for ages 13+ set in a fantasy world of powerful Wizards who have the ability to teleport between planes of existence.  While enjoyed casually around kitchen tables and hobby stores, Magic enthusiasts can chose to play in events and tournaments across the U.S. and internationally held in hobby and game stores or other public venues.  The vast majority of these events are run by local hobby and game stores or independent tournament organizers without any direct oversight or involvement by Wizards.  Such events may feature a rules arbitrator (a "Judge"), although Magic game rules do not require a Judge for the vast majority of events.  Judges range from individual members of the Magic

gaming community and fans to active players of Magic who understand Magic's nuanced rules and elect to participate in the game not only as players but also as judges, to local hobby and game store owners, independent tournament organizers, and their respective staff.

Through the now operative First Amended Complaint ("FAC"), Plaintiffs seek to create an employment relationship between Judges and Wizards by asserting multiple wage-hour claims under the California Labor Code, a derivative claim for unfair competition pursuant to California Business & Professions Code section 17200 et seq., and a single cause of action under the Fair Labor Standards Act, 29 U.S. C. § 201 et seq. ("FLSA"). Although Plaintiffs assert ten separate causes of action, the crux of their FAC is that they and other Judges geographically dispersed throughout the United States should be treated as "employees" of Wizards within the meaning of the California Labor Code and/or the FLSA.

Wizards denies Plaintiffs' claims and allegations in their entirety, and denies that Plaintiffs are/were employees of Wizards. Finally, Wizards maintains that this action is inappropriate for class treatment.

### 3. PRINCIPAL LEGAL ISSUES

**Plaintiffs' Position:**

Plaintiffs contend that the following are the primary issues to be resolved in this case:

- Whether Plaintiffs and the Proposed Classes performed labor on behalf of the Defendant;
- Whether Plaintiffs and the Proposed Classes were the Defendant's employees;

- Whether Plaintiffs and the Proposed Classes acted as employees of the Defendant at Magic Events during the Class Period;
- Whether Defendant was obligated to, and failed to, pay wages to Plaintiffs and the Proposed Classes;
- Whether Defendant misclassified Plaintiffs and the Proposed Classes as independent contractors;
- Whether Defendant intentionally misclassified Plaintiffs and the Proposed Classes as independent contractors;
- Whether Defendant violated the Fair Labor Standards Act;
- Whether Defendant violated the California Labor Code;
- Whether Defendant violated the California Private Attorney General Act;

**Defendant's Position:**

Wizards contends that the primary legal issues in this case will be whether (i) Plaintiffs are "employees" of Wizards within the meaning of the California Labor Code and/or the FLSA; and (ii) whether Plaintiffs' claims may be appropriately adjudicated on a class-wide basis.

### 4. MOTIONS

Plaintiffs anticipate filing a motion for conditional certification and to facilitate notice under 29 U.S.C. Sec. 216(b) as to the nationwide class. Plaintiffs also anticipate filing a motion for class certification under Rule 23(b)(3) as to the California class.

In addition to any discovery motions that will be filed if necessary, Wizards anticipates filing a motion for summary judgment or partial summary judgment. Wizards may also file a motion to strike the class

allegations and/or deny class certification. If conditional and/or class certification is granted, Wizards may also file a motion to decertify.

## 5. AMENDMENT OF PLEADINGS

The Parties stipulated to the filing of a First Amended Complaint, which was filed and in response to which the Defendant has filed its Answer. Plaintiff does not anticipate further amendments.

## 6. EVIDENCE PRESERVATION

The Parties have reviewed and discussed the Court's ESI Guidelines and have met and conferred regarding the obligation to preserve evidence, including electronic data, and have agreed on reasonable and proportionate steps to be taken to preserve relevant evidence.

## 7. DISCLOSURES

The Parties have met and conferred and agreed that initial disclosures shall be exchanged by January 19, 2017.

## 8. DISCOVERY AND EXPERTS

**Plaintiffs' Position:**

Plaintiffs do not foresee the need to make changes in connection with the disclosure requirements set forth in FRCP 26(a) and do not believe discovery practice needs to be limited or conducted in phases.

Formal discovery has not yet commenced in this matter. Plaintiff will propound written discovery into issues regarding the Defendant's policies and procedures, record keeping and other electronic data systems operated

by the Defendant and will be subpoenaing Defendant's third-party affiliates for documents and electronic data. Plaintiff anticipates conducting depositions of corporate officers, persons most knowledgeable, third party affiliates, and current/former Judges. Plaintiffs contend that no changes to the timing of the expert disclosure requirements as stated in FRCP 26 are necessary.

**Defendant's Position:**

Without prejudice to its right to seek discovery on any relevant issue, Wizards contemplates that it will need and seek discovery concerning the basis of Plaintiffs' claims and Defendant's defenses, including but not limited to (i) whether Plaintiffs are "employees" of Wizards within the meaning of the California Labor Code and/or the FLSA; and (ii) whether Plaintiffs' claims may be appropriately adjudicated on a class-wide basis.

Wizards anticipates that discovery will include, at a minimum: (i) written discovery to Plaintiffs and opt-in plaintiffs in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (ii) written discovery via issuance of subpoenas to third parties; and (iii) oral depositions of Plaintiffs, opt-in plaintiffs, and other witnesses. Wizards contends that prior to class certification proceedings, discovery should be limited solely to Plaintiffs' individual claims and issues pertaining to class certification.

Wizards is not opposed to maintaining the timing for expert disclosure set forth in FRCP 26, provided that the expert discovery cutoff date is set to provide Wizards sufficient time to conduct expert discovery and depositions, if necessary, prior to the close of discovery.

Finally, given that there are four named Plaintiffs and in excess of 100 opt-in plaintiffs to date, Wizards proposes that that the limit on the number of depositions set forth in Rule 30(a)(2)(A) of the FRCP be expanded from 10 to a minimum of 25.

**9. CLASS ACTION**

**Plaintiffs' Position:**

Plaintiffs intend to certify the following Proposed Classes:

NATIONWIDE CLASSES (the "Classes")

A.  *All persons domiciled in the United States who worked as Judges at a "competitive" or "professional" level Magic: the Gathering Event in the United States during the period commencing three years from the filing of this action through the entry of final judgment.*

B.  *All persons domiciled in the United States who worked as Judges at an "amateur" level Magic: the Gathering Event in the United States during the period commencing three years from the filing of this action through the entry of final judgment.*

CALIFORNIA CLASSES (the "Sub-Classes")

C.  *All persons domiciled in the United States who worked as Judges at a "competitive" or "professional" level Magic: the Gathering Event in California during the period commencing four years from the filing of this action through the entry of final judgment in this action.*

**Rule 26(f) Joint Status Conference Statement**

D.  *All persons domiciled in the United States who worked as Judges at an "amateur" level Magic: the Gathering Event in California during the period commencing four years from the filing of this action through the entry of final judgment in this action.*

Plaintiffs contend that prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to both individual class members and the Defendant that would establish incompatible standards of conduct.  Plaintiffs further contend that the party opposing the Proposed Classes has acted or refused to act on grounds that apply generally to the Proposed Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Proposed Classes as a whole, and because the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Plaintiffs anticipate addressing class certification issues after completion of initial discovery.

**Defendant's Position:**

Wizards maintains that this action is inappropriate for class treatment, as there is no common proof that would support a class-wide finding of employment status under the California *Labor Code* and/or FLSA.  As such, Wizards intends to oppose Plaintiffs' anticipated motion for conditional certification and class certification.

**10.  RELATED CASES**

This matter has been deemed related to the matter of *Yale v. Wizards of the Coast, LLC*, USDC Case No. 5:2015-cv-06337 ("Yale Action"). The *Yale* matter is currently the subject of a Motion to Dismiss brought by the Defendant for hearing in June, 2016, which was taken under submission, and in connection with which the Parties await an order of this Court.

**11.  RELIEF**

Plaintiffs contend that they and the members of the Proposed Classes are entitled to damages in the form of unpaid wages, unreimbursed expenses, interest and penalties under applicable law, together with an award of reasonable attorney's fees and expenses. Wages will be calculated on an hourly basis as will be determined from Defendant's business records and Plaintiffs' and Proposed Class Members declarations. Likewise, Plaintiffs and the Proposed Classes are entitled to injunctive relief compelling compliance with federal and state labor laws and prohibiting the Defendant from continuing to engage in wage theft and intentional misclassification of employees and independent contractors.

Wizards denies that Plaintiffs are entitled to recover any damages or relief in this action. Wizards further denies that Plaintiffs can properly maintain this case as a class action.

**12.  SETTLEMENT AND SETTLEMENT MECHANISM**

The parties have made no formal settlement offers or demands. After conducting several ADR telephone conferences through the Court's ADR administrator, the parties have agreed that private mediation is the best

ADR mechanism in this matter. The parties completed a final ADR telephone conference on January 4, 2017 and will meet and confer regarding the selection of a neutral, as well as the dates and times for the mediation completion. Wizards believes that mediation of this case should be deferred until after the Court rules on the pending motion to dismiss the operative complaint in the Yale Action.

### 13. CONSENT TO MAGISTRATE JUDGE

The parties have declined to consent to Magistrate Judge jurisdiction in this action.

### 14. OTHER REFERENCES

The Parties do not believe this case is appropriate for a special master, binding arbitration or reference to the Judicial Panel on Multidistrict Litigation.

### 15. NARROWING OF ISSUES

After having met and conferred, the Parties have not been able agree on suggestions to narrow the issues in this matter, or to bifurcate any issues, claims or defenses.

### 16. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this matter is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17. TIMETABLE

**Plaintiffs' Position:**

| | |
|---|---|
| Proposed Discovery Cut-off: | 10/13/2017 |
| Proposed Motion Cut-Off: | 11/17/2017 |
| Proposed Pre-Trial Conference: | 12/15/2017 |
| Proposed Trial Date: | 01/15/2018 |

**Defendant's Position:**

Wizards believes that it is premature to set a discovery cutoff, motion cut-off, pre-trial conference, or trial date prior to class certification proceedings. Instead, Wizards recommends that such issues be deferred until after a ruling on class certification.

### 18. TRIAL ESTIMATE

Plaintiff estimates a three-week jury trial, including 15 – 20 witnesses and 3 - 5 expert witnesses.

Until the issue of class certification is addressed, Wizards is unable to estimate the length of trial or the number of witnesses it intends to call. Wizards requests that a trial date not be set at this time, and instead deferred until after a ruling on class certification.

### 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs have filed their disclosure form and have stated that pursuant to Civil L.R. 3-15, other than the named parties and Proposed Class members, there is no such interest to report.

Defendant has filed its corporate disclosure, which states that Wizards is a wholly-owned subsidiary of Hasbro, Inc., a publically traded company (NYSE: HAS).

### 20. PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: January 5, 2017

        ___/s/ Shaun J. Voigt_____
        KARL R. LINDEGREN
        SHAUN J. VOIGT
        FISHER & PHILLIPS, LLP

        Attorney for Defendant

DATED: January 5, 2017

        ___/s/ Matthew Righetti_ _____
        MATTHEW RIGHETTI
        RIGHETTI GLUGOSKI, P.C.
        Attorney for Plaintiff