KARL R. LINDEGREN (SBN 125914)
klindegren@fisherphillips.com
SHAUN J. VOIGT (SBN 265721)
svoigt@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile  (949) 851-0152

Attorneys for Defendant,
WIZARDS OF THE COAST, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD, as individuals and on behalf of others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WIZARDS OF THE COAST, LLC,<br><br>Defendant. | Case No: 5:16-cv-01924-EJD<br><br>**DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF BRAD RUTHERFORD IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**<br><br>**Date:** November 9, 2017<br>**Time:** 9:00 a.m.<br>**Ctrm.:** 4<br><br>*[Filed concurrently with Opposition Brief; Declarations of Helene Bergeot, Paul Bazakas, Shaun J. Voigt; Objection to the Declarations of Ross Cornell, Peter Golightly, Tyler Morrison, Adam Shaw, Joshua Stansfield, and Justin Turner]*<br><br>Complaint Filed:   April 12, 2016 |

Defendant WIZARDS OF THE COAST LLC (hereinafter "Wizards" or "Defendant"), submits the following objections to evidence filed by Brad Rutherford in support of Plaintiffs ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD's (collectively "Plaintiffs") Motion for Conditional Certification, as follows:

| ef: | Material Objected To: | Grounds for Objection: |
|---|---|---|
| 1. | Since August 2014, I have worked as a Certified judge for Wizards of the Coast, LLC (hereinafter "Wizards") ….<br>[Para. 3, Page 1, Lines 7-9] | Lacks foundation (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702; *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016-17 (9th Cir. 2014) ("No witness-expert or non-expert-should opine on the ultimate legal conclusion, which is provide of the court")) |
| 2. | Based on my years of experience as a Magic judge, I am familiar with what Magic judges do, how much time they spend performing those duties, and how Wizards controls or regulates those duties without properly paying judges for their work performed.<br>[Para. 4, Page 1, Lines 11-13] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |
| 3. | In addition, I know about the experiences of other Magic judges from regular conversations I have had with hundreds of other Magic judges and from participating in | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702); Hearsay |

| ef: | Material Objected To: | Grounds for Objection: |
|---|---|---|
|  | online discussions about Magic gameplay, judging and Wizards' policies.<br>[Para. 4, Page 1, Lines 13-16] | (*Federal Rules of Evidence* §802) |
| 4. | Wizards sets and enforces strict requirements dictating who can be certified to work as a judge and when a judge can be promoted to a higher judge level.<br>[Para. 6, Page 1, Lines 21-23] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602 |
| 5. | Wizards also has the power to discipline, suspend, and even fire judges.<br>[Para. 6, Page 1, Lines 25-26] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |
| 6. | Wizards set the standard requirements for Level 1 judge certification, which includes passing a written exam and finding another more senior judge to mentor me.<br>[Para. 7, Pages 1-2, Lines 28-1] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 7. | For Level 2 certification, Wizards required me, like all other Level 2 judges, to work/judge certain types of events, participate in community building activities, | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |

| Material Objected To: ef: | | Grounds for Objection: |
|---|---|---|
| | and pass yet another written exam. [Para. 7, Page 2, Lines 4-6] | |
| 8. | Wizards releases a new set of cards every three months – which cards and their rules we are expected to study and learn. [Para. 8, Page 2, Lines 9-10] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 9. | Wizards updates and/or changes its policies about every three months, and I and other judges are required to spend the time necessary to learn and keep up with these policy changes so that we can implement them into our work as judges. [Para. 8, Page 2, Lines 10-12] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 10. | Wizards also requires that I actively develop and support the Magic Community, which includes answering questions from players or other judges or mentoring, training, and certifying Level 1 judge candidates. [Para. 8, Page 2, Lines 12-14] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 11. | Wizards could not conduct Magic events without judges, including | Lacks foundation, personal knowledge (*Federal Rules of* |

4

| Ref: | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | myself and hundreds of judges like me, performing this labor. [Para. 9, Page 3, Lines 1-2] | *Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |
| 12. | My schedule was set pursuant to Wizards-approved tournament procedures and communicated to me by the event's Tournament Organizer. [Para. 10, Page 3, Lines 4-5] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 13. | Tournament Organizers partner with Wizards to assist with the organization of sanctioned Magic events, which includes following Wizards' policies and procedures and agreeing to Wizards' oversight. [Para. 10, Page 3, Lines 5-7] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 14. | However, I have maintained a spreadsheet tracking all of the events I have worked, so I could likely recreate my hours using this spreadsheet as a reference. [Para. 10, Page 3, Lines 10-11] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |
| 15. | Wizards controls what I do as a judge both during sanctioned events and even outside of events. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion |

| **Ref:** | **Material Objected To:** | **Grounds for Objection:** |
|---|---|---|
| | [Para. 11, Page 3, Lines 12-13] | of a lay witness (*Federal Rules of Evidence* §§701, 702) |
| 16. | At events, I and other judges must adhere to the Magic Tournament Rules, perform set judge work duties, and otherwise enforce Wizards' policies. [Para. 11, Page 3, Lines 13-14] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 17. | Wizards even requires that I and other judges wear a uniform while judging at Magic events, which is a black shirt that says "Magic Judge," black pants, black shoes, and a name tag. [Para. 11, Page 3, Lines 14-16] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 18. | Because Wizards views judges as its ambassadors for Magic, it requires us to follow a published Code of Conduct. [Para. 11, Page 3, Lines 16-17] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602) |
| 19. | Wizards has never paid me minimum wage or overtime wages for my time spent performing judge duties and has never provided me with any kind of wage statement. | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |

| ef: | Material Objected To: | Grounds for Objection: |
|---|---|---|
| | [Para. 12, Page 3, Lines 25-26] | |
| 20. | Wizards sees judges, like me, as volunteers rather than employees who should be compensated for our work.<br>[Para. 12, Page 3, Lines 26-27] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |
| 21. | I and other Magic Judges generally know in advance how much product we will receive for working an event, and discussions about the minimum acceptable amount of product compensation is a frequent topic of conversation amongst judges.<br>[Para. 13, Page 4, Lines 6-8] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702); Hearsay (*Federal Rules of Evidence* §802) |
| 22. | Because Wizards refused to reimburse me for work related expenses incurred as a judge, such as food, travel, and accommodations required to attend a Wizards event, the resale of these Wizards supplied Magic products typically covered my judge related expenses, but failed to provide me with either minimum wages or overtime | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |

7

| | Material Objected To: | Grounds for Objection: |
|---|---|---|
| ef: | | |
| | wages I was owed for my work. [Para. 13, Page 4, Lines 10-13] | |
| 23. | Despite this change, Wizards never paid me or any other judge I know wages for our work as judges. [Para. 13, Page 4, Lines 15-16] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |
| 24. | Because I know that other judges performed the same type of work duties and were not compensated in the same way by Wizards as I was, I believe that many of them would also likely be interested in joining this lawsuit if they found out about it. [Para. 14, Page 4, Lines 17-20] | Lacks foundation, personal knowledge (*Federal Rules of Evidence* §602); Improper opinion of a lay witness (*Federal Rules of Evidence* §§701, 702) |

DATE: June 28, 2017

FISHER & PHILLIPS LLP

By: /s/ Shaun J. Voigt
KARL R. LINDEGREN
SHAUN J. VOIGT
Attorneys for Defendant,
WIZARDS OF THE COAST, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On June 28, 2017, I served the foregoing document **DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF BRAD RUTHERFORD IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

## SEE ATTACHED MAILING LIST

☒ **[by ELECTRONIC SUBMISSION]-** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **FEDERAL-** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed June 28, 2017 at Los Angeles, California.

MARVIN JOHNSON  
Print Name

By: */s/ Marvin Johnson*  
Signature

## MAILING LIST

| | |
|---|---|
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone: (415) 983-0900<br>Facsimile: (415) 397-9005<br>Email: matt@righettilaw.com<br>jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>600 W. Broadway Ste.700<br>San Diego, CA 92101-3370<br>Telephone: (619) 272-7014<br>Facsimile: (619) 330-1819<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD |
| David Borgen, Esq.<br>James Kan, Esq.<br>Katharine Fisher, Esq.<br>Goldstein, Borgen, Dardarian & Ho<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Telephone: (510) 763-9800<br>Facsimile: (510) 835-1417<br>Email: dborgen@gbdhlegal.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD |
| Michael Malk, Esq.<br>MICHAEL MALK, ESQ. APC<br>1180 S. Beverly Drive, Suite 302<br>Los Angeles, California 90035<br>Telephone: (310) 203-0016<br>Facsimile: (310) 499-5210<br>Email: mm@malklawfirm.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD |