1  KARL R. LINDEGREN (SBN 125914)
   klindegren@fisherphillips.com
2  SHAUN J. VOIGT (SBN 265721)
   svoigt@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone (949) 851-2424
5  Facsimile (949) 851-0152

6  Attorneys for Defendant,
   WIZARDS OF THE COAST LLC
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  ADAM SHAW, PETER GOLIGHTLY,        Case No. 5:16-cv-01924-EJD
    JUSTIN TURNER, and JOSHUA
12  STANSFIELD, as individuals and on
    behalf of others similarly situated and   **DEFENDANT WIZARDS OF THE**
13  the general public,                         **COAST LLC'S OPPOSITION TO**
                                                **PLAINTIFFS' MOTION FOR**
14              Plaintiffs,                      **ADMINISTRATIVE RELIEF**

15       vs.                                   Complaint Filed:   April 12, 2016
16  WIZARDS OF THE COAST LLC,          Trial Date:        None

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

---

WIZARDS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF

## I.   INTRODUCTION

Plaintiffs' ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD (collectively "Plaintiffs") initiated this action against Defendant WIZARDS OF THE COAST LLC ("Wizards") on April 12, 2016 with the filing of the initial complaint.  (Dkt. No. 1).  On June 14, 2017, Plaintiffs' filed a motion seeking to conditionally certify their FLSA claim.  (Dkt. No. 46).  On June 27, 2017, Plaintiffs filed the instant "administrative motion" seeking an order: (1) setting the hearing on Plaintiffs' motion for conditional certification for an earlier date "consistent with the FRCP regular notice motion requirements"; or, in the alternative (2) tolling the statute of limitations of the claims of putative class members pending resolution of Plaintiffs' motion for conditional certification.  (Motion, at 3:4-9).

Wizards defers to the Court with respect to Plaintiffs' first request, as the timing of the hearing on the motion for conditional certification, currently set for hearing on November 9, 2017, is entirely within the purview of the Court.  That being said, Wizards does not believe that Plaintiffs' decision to defer the filing of their motion for conditional certification to June 14, 2017, resulting in a November 9, 2017 first available hearing date, necessitates good cause to warrant this Court altering its schedule and advancing the hearing date.   Wizards does, however, oppose Plaintiffs' request for equitable tolling of putative class members FLSA claims.

As a threshold matter, Wizards has serious doubts that seeking to toll the statute of limitations for more than 3,500 putative class members (Dkt. No. 52-4, at ¶ 8) constitutes the type of "miscellaneous administrative matter" appropriate for resolution on a motion filed pursuant to Civil Local Rule 7-11, as Plaintiffs attempt to do here.  Even if Plaintiffs' request for equitable tolling is considered, however, it should be denied.  As discussed below, Plaintiffs have failed to meet the requisite showing to support their request for equitable tolling.   Accordingly, and at a minimum, that aspect of Plaintiffs' Motion should be denied.

## II.   PLAINTIFFS' REQUEST FOR EQUITABLE TOLLING SHOULD BE DENIED

The statute of limitations for filing a claim under the FLSA is two years, extending to three years only if the violation is "willful." 29 U.S.C. § 255(a). For purposes of calculating the statute of limitations for a claim brought pursuant to the FLSA, claims for collective action

1  members who are not named plaintiffs are considered commenced when the member files a

2  written consent to become a party plaintiff in the action.  29 U.S.C. § 256(b); *Partlow v. Jewish*

3  *Orphans' Home of Southern California, Inc*., 645 F.2d 757, 760 (9th Cir.1981).  Here, Plaintiffs

4  request that the statute of limitations for those individuals be tolled while their motion for

5  conditional certification is pending.  Plaintiffs' request, if considered, should be denied.

6  "Equitable tolling applies when the plaintiff is prevented from asserting a claim by

7  wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the

8  plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238,

9  1242 (9th Cir. 1999). Federal courts award equitable relief "only sparingly." See *Gilbert v.*

10  *Citigroup, Inc*., 2009 WL 424320, at *5 (N.D.Cal. Feb. 18, 2009).  "Courts may equitably toll

11  the statute of limitations 'when the plaintiff is prevented from asserting a claim by wrongful

12  conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's

13  control made it impossible to file a claim on time.'"  *Stitt v. San Francisco Municipal*

14  *Transportation Agency*, 2014 WL 1760623 at *11-12 (N.D. Cal. May 2, 2014) (citing *Centurioni*

15  *v. City & Cnty. of San Francisco*, 2008 WL 295096, *3 (N.D.Cal. Feb. 1, 2008)).

16  In this case, Plaintiffs base their request for equitable tolling exclusively on the fact that

17  their motion for conditional certification was filed on June 14, 2017 (fourteen months after the

18  initial complaint in this action was filed), and the first date that this Court is available to hear

19  Plaintiffs' motion for conditional certification is November 9, 2017—five months from the filing

20  date.  To that end, Plaintiffs state that "tolling is appropriate where the delay of the court in ruling

21  on the collective action motion would cause claims to become time-barred."  Without more, this

22  is insufficient to show that equitable tolling is warranted in this case. *Bower v. Cycle Gear, Inc.*,

23  2015 WL 2198461, at *3 (N.D. Cal., May 11, 2015) ("That the normal course of litigation may

24  result in some delay does not warrant the imposition of the extraordinary remedy of equitable

25  tolling"); *Stitt v. San Francisco Municipal Transportation Agency*, 2014 WL 1760623 at *11-12

26  (N.D. Cal. May 2, 2014) (denying request for equitable tolling, and finding that "any lost

27  opportunity for potential plaintiffs to join in this action falls on Plaintiffs for their delay in seeking

28  conditional certification of this collective action until a year and a half after their complaint was

first filed."); *Adedapoidle-Tyehimba v. Crunch, LLC,* 2013 WL 4082137, *7 (N.D. Cal. Aug. 9, 2013) ("Congress could have avoided the foreseeable delay of good faith motions and judicial decision-making by patterning the statute of limitations for the FLSA after that of Rule 23 for class actions; however, they did not do so") (citation omitted).

Moreover, the fact that one or more putative class members may be unaware of their right to join the FLSA collective action *in this case* does not warrant equitable tolling, particularly as Plaintiffs have presented no evidence indicating that there were extraordinary circumstances beyond the control of the potential plaintiffs that would warrant equitable tolling. *Stitt v. San Francisco Municipal Transportation Agency*, *supra*, 2014 WL 1760623 at *12 ("although Plaintiffs argue that potential plaintiffs have been unaware of their right to join the FLSA collective action, they neglect to address the fact that these individuals could have brought separate FLSA actions within their respective limitations periods. Plaintiffs have offered neither evidence nor argument to show that there were circumstances beyond potential plaintiffs' control that made it impossible for them to file FLSA claims in a timely manner").

Plaintiffs also cite to Rule 23 pertaining to class actions, where the running of the statute of limitations is suspended during the pendency of the class certification question, and suggest that this somehow supports equitable tolling pending a ruling on their conditional certification motion in this case. (Motion, at 5:6-11). However, the fact that Rule 23 motions differ from 29 U.S.C. § 216(b) motions does not support tolling. *MacGregor v. Farmers Ins. Exch*., 2011 WL 2731227 (D.S.C. July 13, 2011) (noting that Congress could have patterned the statute of limitations for the FLSA after that of Rule 23 for class actions, but elected not to).

None of the authority cited by Plaintiffs in their administrative motion supports their request for equitable tolling under the facts of this case. This is not surprising, as courts in this district regularly reject requests for equitable tolling. See, e.g., *Lewis v. Wells Fargo & Co*., 669 F. Supp. 2d 1124, 1129 (N.D. Cal. 2009); *Stitt v. San Francisco Municipal Transportation Agency, supra*, 2014 WL 1760623 at *11-12; *Ash v. Bayside Solutions, Inc*., 2015 WL 427731, at *5 (N.D. Cal. Jan. 30, 2015); *Bower v. Cycle Gear, Inc.*, 2015 WL 2198461, at *3; *Gerlach v. Wells Fargo & Co*., 2006 WL 824652 (N.D. Cal. Mar. 28, 2006); *Prentice v. Fund for Pub.*

1  *Interest Research, Inc.*, 2007 WL 2729187, at *3 (N.D.Cal. Sept. 18, 2007).  The same result

2  should follow here, with Plaintiffs' request for equitable tolling denied in its entirety.

3  **III.    CONCLUSION**

4  　　　Wizards believes that the hearing on Plaintiffs' motion for conditional certification should

5  proceed on November 9, 2017 as noticed.  Nevertheless, Wizards will defer to the court and its

6  calendar with respect to that aspect of Plaintiffs' administrative motion.  If the hearing remains

7  the same, however, the court should deny Plaintiffs' request to equitably toll the FLSA claims of

8  potential opt-in plaintiffs during the pendency of Plaintiffs' motion.  Courts award equitable relief

9  "only sparingly," and Plaintiffs have failed to demonstrate that equitable tolling should be applied

10  here.  Accordingly, Wizards requests that the Court deny Plaintiffs' motion.

11

12  DATE: July 1, 2017                                 FISHER & PHILLIPS LLP

13                                                              By:    /s/ Shaun J. Voigt
14                                                                      KARL R. LINDEGREN
                                                                        SHAUN J. VOIGT
15                                                                      Attorneys for Defendant,
                                                                        WIZARDS OF THE COAST LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

WIZARDS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 1, 2017, I served the foregoing document entitled **DEFENDANT WIZARDS OF THE COAST LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

## SEE ATTACHED MAILING LIST

☒ **[by ELECTRONIC SUBMISSION]-** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **FEDERAL-** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed July 1, 2017 at Los Angeles, California.

| SHAUN J. VOIGT | By: | */s/ Shaun J. Voigt* |
|---|---|---|
| Print Name | | Signature |

FPDOCS 33031327.1

## MAILING LIST

| | |
|---|---|
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone:  (415) 983-0900<br>Facsimile:   (415) 397-9005<br>Email:        matt@righettilaw.com<br>                jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>600 W. Broadway Ste. 700<br>San Diego, CA 92101<br>Telephone: (619) 272-7014<br>Facsimile: (619) 330-1819<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| David Borgen, Esq.<br>James Kan, Esq.<br>Katharine Fisher, Esq.<br>Goldstein, Borgen, Dardarian & Ho<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA  94612<br>Telephone:  (510) 763-9800<br>Facsimile:   (510) 835-1417<br>Email: dborgen@gbdhlegal.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Michael Malk, Esq.<br>MICHAEL MALK, ESQ. APC<br>1180 S. Beverly Drive, Suite 302<br>Los Angeles, California 90035<br>Telephone:  (310) 203-0016<br>Facsimile:   (310) 499-5210<br>Email: mm@malklawfirm.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |