MATTHEW RIGHETTI, ESQ. (SBN 121012)
JOHN GLUGOSKI, ESQ. (SBN 191551)
**RIGHETTI GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:   (415) 983-0900
Facsimile:    (415) 397-9005

Attorneys for Plaintiffs and the Proposed Classes
[Plaintiffs' Counsel continued on next page]

KARL R. LINDEGREN, (SBN 125914)
SHAUN J. VOIGT, (SBN 265721)
**FISHER & PHILLIPS LLP**
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone (949) 851-2424
Facsimile (949) 851-0152

Attorneys for Defendant,
WIZARDS OF THE COAST LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD as individuals and on behalf of all others similarly situated and the general public,<br><br>                    Plaintiffs,<br><br>v.<br><br>WIZARDS OF THE COAST, LLC,<br><br>                    Defendant.<br>_____ | Case No. 5:16-cv-01924-EJD<br>*CLASS ACTION*<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>**Date**: February 22, 2018<br>**Time**: 10:00am<br>**Ctrm**: 4, 5th Floor<br><br>Complaint Filed: April 12, 2016<br>Trial Date:        None |

Reuben D. Nathan, Esq. (SBN 208436)
**NATHAN & ASSOCIATES, APC**
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Phone: (949)263-5992
Facsimile:(949)209-1948

**Ross Cornell, Esq., APC** (SBN 210413)
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Phone: (562) 612-1708
Facsimile: (562) 394-9556

DAVID BORGEN, ESQ. (SBN 99354), *Of Counsel*
JAMES KAN, ESQ. (SBN 240749)
**GOLDSTEIN BORGEN DARDARIAN & HO**
300 Lakeside Drive, Suite 1000
Oakland, CA 94612-3536
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

MICHAEL MALK, ESQ., SBN 222366
**MALK LAW FIRM**
1180 S. Beverly Dr., Suite 302
Los Angeles, CA  90035
Telephone: (310) 203-0016
Facsimile:  (310) 499-5210

**Joint Status Conference Statement**

**TO THE HONORABLE UNITED STATES DISTRICT COURT AND TO THE CLERK OF THE COURT:**

Plaintiffs, ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD as individuals and on behalf of all others similarly situated and the general public (hereinafter the "Plaintiffs"), and Defendant WIZARDS OF THE COAST LLC (hereinafter "Wizards" or "Defendant"), hereby jointly submit the following Joint Case Management Statement by and through their undersigned counsel of record.

## 1.    <u>JURISDICTION AND SERVICE</u>

The parties contend that this Court has original jurisdiction over the claims brought pursuant to the Fair Labor Standards Act ("the FLSA" or "the Act"), and specifically under the provisions of Section 16 of the Act, as amended (29 U.S.C. § 216(b)), and that this Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d), because this is a class action involving more than 100 class members, the amount in controversy exceeds five million dollars exclusive of interest and costs, and Plaintiffs and members of the Proposed Classes are citizens of states different from the Defendant.  This Court has supplemental jurisdiction over the California State Law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  The parties do not anticipate any dispute regarding venue or personal jurisdiction.  All parties have been served, and the First Amended Complaint has been answered such that the case is now at issue.

## 2.     FACTUAL SUMMARY

### Plaintiffs' Factual Allegations and Claims:

Plaintiffs are individuals who have, for years, participated in a fantasy roll-playing game knows as Magic: the Gathering (hereinafter "Magic"). Magic is a worldwide gaming phenomenon, with tournaments, events and competitions (hereinafter "Events") hosted by Wizards of the Coast, LLC (the "Defendant") and its affiliates and played by thousands of people, including Plaintiffs and members of the Proposed Classes, using Magic cards produced, distributed and sold by the Defendant.

As part of its Magic business, Defendant holds hundreds of Events annually.  The whole point of playing Magic, from the perspective of participants, is to progress through higher and higher levels of competition with greater potential prizes and rewards.  Magic Events are complex, involve hundreds of gaming participants/players, and require extensive staffing to produce.  Magic staffers, including Plaintiffs and the Proposed Classes, carry out a wide range of functions that are necessary for Magic Events to be carried out.  Without limitation, and as examples only, these functions include such things as organizing gameplay, setting up tables, taking out trash, running errands, cleaning up messes, and judging and managing voluminous activities that take place at Magic Events.

Magic Events are "staffed" by Magic Judges.  Judges are Magic players who have undertaken to study and be examined on extensive Magic rules, policies and procedures, which requires substantially specialized knowledge and training.  Magic Judges range from levels 1 to 5, depending on their qualifications and experience.  Judges regularly work as Magic

Event staffers, and medium to large events require several dozen to over a hundred Judges to carry out the work necessary to conduct a Magic Event.

Plaintiffs and the Proposed Class are Magic Judges who have worked Magic Events during the Class Period without being compensated at least the minimum wage in violation of the Fair Labor Standards Act and the California Labor Code.  Likewise, the Defendant has violated numerous provisions of the California Labor Code as set forth in the First Amended Complaint (the "FAC") by, *inter alia*, failing to provide meal and rest breaks, failing to produce wage statements, failing to maintain employment records, failing to reimburse expenses, misclassification of employees as independent contractors and in other ways as set forth in detail in the FAC.

### Defendant's Defenses and Factual Position:

Wizards is a worldwide leader in the trading card game category, producing, among other games, the highly popular "Magic: The Gathering®" trading card game and trading cards ("Magic").

Magic is a trading card game for ages 13+ set in a fantasy world of powerful Wizards who have the ability to teleport between planes of existence.  While enjoyed casually around kitchen tables and hobby stores, Magic enthusiasts can chose to play in events and tournaments across the U.S. and internationally held in hobby and game stores or other public venues.  The vast majority of these events are run by local hobby and game stores or independent tournament organizers without any direct oversight or involvement by Wizards.  Such events may feature a rules arbitrator (a "Judge"), although Magic game rules do not require a Judge for the vast majority of events.  Judges range from individual members of the Magic

gaming community and fans to active players of Magic who understand Magic's nuanced rules and elect to participate in the game not only as players but also as judges, to local hobby and game store owners, independent tournament organizers, and their respective staff.

Through the First Amended Complaint ("FAC"), Plaintiffs seek to create an employment relationship between Judges and Wizards by asserting multiple wage-hour claims under the California Labor Code, a derivative claim for unfair competition pursuant to California Business & Professions Code section 17200 et seq., and a single cause of action under the Fair Labor Standards Act, 29 U. S. C. § 201 et seq. ("FLSA").  Although Plaintiffs assert ten separate causes of action, the crux of their FAC is that they and other Judges geographically dispersed throughout the United States should be treated as "employees" of Wizards.

Wizards denies Plaintiffs' claims and allegations in their entirety, and denies that Plaintiffs are/were employees of Wizards. Finally, Wizards maintains that this action is inappropriate for class treatment.

### 3.   <u>PRINCIPAL LEGAL ISSUES</u>

**Plaintiffs' Position:**

Plaintiffs contend that the following are the primary issues to be resolved in this case:

- Whether Plaintiffs and the Proposed Classes performed labor on behalf of the Defendant;
- Whether Plaintiffs and the Proposed Classes were the Defendant's employees;

- Whether Plaintiffs and the Proposed Classes acted as employees of the Defendant at Magic Events during the Class Period;
- Whether Defendant was obligated to, and failed to, pay wages to Plaintiffs and the Proposed Classes;
- Whether Defendant misclassified Plaintiffs and the Proposed Classes as independent contractors;
- Whether Defendant intentionally misclassified Plaintiffs and the Proposed Classes as independent contractors;
- Whether Defendant violated the Fair Labor Standards Act;
- Whether Defendant violated the California Labor Code;
- Whether Defendant violated the California Private Attorney General Act;
- Whether Plaintiffs claims should proceed on a class or collective basis.

**Defendant's Position:**

Wizards contends that the primary legal issues in this case will be whether (i) Plaintiffs are "employees" of Wizards within the meaning of the California Labor Code and/or the FLSA; and (ii) whether Plaintiffs' claims may be appropriately adjudicated on a class-wide basis.

### 4.    <u>MOTIONS</u>

**Plaintiffs' Position:**

Plaintiffs anticipate filing a motion for class certification under Rule 23.  Plaintiffs are also considering a motion for equitable tolling for the dismissed opt-in plaintiffs and a renewed motion for conditional certification pursuant to 29 U.S.C. Section 216(b).  Both the Rule 23 and

Section 216(b) motions will address the Court's concerns stated in its recent order (Dkt. No. 64).

**Defendant's Position:**

In addition to any discovery motions that will be filed if necessary, Wizards anticipates filing a motion for summary judgment or partial summary judgment. Wizards may also file a motion to strike the class allegations and/or deny class certification. If class certification is granted, Wizards may also file a motion to decertify.

## 5. <u>AMENDMENT OF PLEADINGS</u>

The Parties stipulated to the filing of a First Amended Complaint, which was filed and in response to which the Defendant has filed its Answer. Plaintiff does anticipate filing a further amendment narrowing the class and the issues in the First Amended Complaint.

## 6. <u>EVIDENCE PRESERVATION</u>

The Parties have reviewed and discussed the Court's ESI Guidelines and have met and conferred regarding the obligation to preserve evidence, including electronic data, and have agreed on reasonable and proportionate steps to be taken to preserve relevant evidence.

## 7. <u>DISCLOSURES</u>

The Parties previously exchanged initial disclosures.

## 8. <u>DISCOVERY AND EXPERTS</u>

**Plaintiffs' Position:**

**Joint Status Conference Statement**

Plaintiffs do not foresee the need to make changes in connection with the disclosure requirements set forth in FRCP 26(a) and do not believe discovery practice needs to be limited or conducted in phases.

Formal discovery has been commenced in this matter. Plaintiff has propounded written discovery into issues regarding the Defendant's policies and procedures, record keeping and other electronic data systems operated by the Defendant and will be subpoenaing Defendant's third-party affiliates for documents and electronic data.  The Parties are following the ESI protocol and expect to reach agreement on Wave 3 of the seeding process in the coming weeks.  Once the seeding process is completed, Plaintiffs expect Defendant to produce all responsive ESI documents from the agreed upon custodians.  Plaintiff anticipates conducting depositions of corporate officers, persons most knowledgeable, third party affiliates, and current/former Judges.  Plaintiffs contend that no changes to the timing of the expert disclosure requirements as stated in FRCP 26 are necessary.

Plaintiffs propose that FRCP 26's statutory limit of 10 depositions per side remain in effect (barring stipulation or an evidentiary showing that leave for more is warranted).  Due to the undue burden imposed, Plaintiffs also oppose Defendant's attempts to depose third party individuals (several former opt-in plaintiffs) that have since been dismissed from this action by the Court's recent order.  At the very least, the previously noticed opt-in plaintiff depositions should be postponed until the issue of tolling is resolved and Plaintiffs' Counsel can confirm whether these individuals will allow them to accept subpoenas on their behalf.

**Joint Status Conference Statement**

**Defendant's Position:**

Without prejudice to its right to seek discovery on any relevant issue, Wizards contemplates that it will need and seek discovery concerning the basis of Plaintiffs' claims and Defendant's defenses, including but not limited to (i) whether Plaintiffs are "employees" of Wizards within the meaning of the California Labor Code and/or the FLSA; and (ii) whether Plaintiffs' claims may be appropriately adjudicated on a class-wide basis.

Pre-certification discovery in this case is underway.  The parties agreed on an ESI protocol, and Wizards has produced approximately 50,000 pages of documents of documents to date.  Defendant propounded requests for production of documents to the four named plaintiffs, has issued several third-party subpoenas, and has noticed and taken the depositions of Plaintiffs Adam Shaw and Justin Turner. Defendant intends to take the depositions of Peter Golightly and Joshua Stansfield prior to class certification, as well as the depositions of certain former opt-in/party plaintiffs who remain percipient witnesses.  Prior to the Court's ruling on Plaintiffs'  motion for conditional certification, the parties agreed that the initial depositions would take place on January 30, 2018, February 6, 2018, February 7, 2018, and February 8, 2018.  Defendant issued subpoenas for third-party depositions, which were set for February 6-8, 2018 in Florida. Counsel for Plaintiffs indicated that they would file motions to quash the depositions on those dates, so they did not go forward.  Instead, the parties are working to set a mutually agreeable deposition schedule and, if they cannot, will file a joint letter with the magistrate.

In addition to the above, Wizards anticipates that discovery will include, at a minimum: (i) additional written discovery in the form of

Interrogatories, Requests for Admissions, and Requests for Production of Documents; (ii) written discovery via issuance of additional subpoenas to third parties; and (iii) oral depositions of the remaining named Plaintiffs and other witnesses.  Wizards contends that prior to class certification proceedings, discovery should be limited solely to Plaintiffs' individual claims and issues pertaining to class certification.

Wizards is not opposed to maintaining the timing for expert disclosure set forth in FRCP 26, provided that the expert discovery cutoff date is set to provide Wizards sufficient time to conduct expert discovery and depositions, if necessary, prior to the close of discovery.

Finally, given the scope and complexity of the case, Wizards proposes that that the limit on the number of depositions set forth in Rule 30(a)(2)(A) of the FRCP be expanded from 10 to a minimum of 25.

## 9.     CLASS ACTION

**Plaintiffs' Position:**

Plaintiffs intends to narrow the Nationwide Class and file a renewed motion pursuant to 29 U.S.C. § 216(b).

Plaintiffs also intends to certify the following Proposed Classes:

NATIONWIDE CLASSES (the "Classes")

A.     *All persons domiciled in the United States who worked as Judges at a "competitive" or "professional" level Magic: the Gathering Event in the United States during the period commencing three years from the filing of this action through the entry of final judgment.*

B.     *All persons domiciled in the United States who worked as Judges at an "amateur" level Magic: the Gathering Event in the United*

*States during the period commencing three years from the filing of this action through the entry of final judgment.*

## CALIFORNIA CLASSES

C.     *All persons domiciled in the United States who worked as Judges at a "competitive" or "professional" level Magic: the Gathering Event in California during the period commencing four years from the filing of this action through the entry of final judgment in this action.*

D.     *All persons domiciled in the United States who worked as Judges at an "amateur" level Magic: the Gathering Event in California during the period commencing four years from the filing of this action through the entry of final judgment in this action.*

Plaintiffs are in the process of amending the proposed class definitions to address the Court's concerns stated in its recent order (Dkt. No. 64).

Plaintiffs contend that prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to both individual class members and the Defendant that would establish incompatible standards of conduct.  Plaintiffs further contend that the party opposing the Proposed Classes has acted or refused to act on grounds that apply generally to the Proposed Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Proposed Classes as a whole, and because the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Pursuant to the Court's Order (Docket 56), the statute of limitations has been tolled for the putative class members until the Court resolves "Plaintiff's motion for conditional certification." Now that the Court has ruled on the motion for conditional certification but in light of Plaintiffs' intention to bring a motion for class certification with the modified proposed class definitions set forth below, this raises an issue concerning the protection of the statute of limitations for the putative class member including those individuals who have filed Consents to Join.  The issue of tolling should be addressed at the Status Conference.

Plaintiffs anticipate addressing class certification issues after completion of initial discovery.

**Defendant's Position:**

On January 3, 2018, the Court issued an order (Dkt. No. 64) denying Plaintiffs' motion for conditional certification.  The Court has not yet set a deadline for Plaintiffs' motion for class certification of the putative California class.  Wizards maintains that this action is inappropriate for class treatment, as there is no common proof that would support a class-wide finding of employment status.  As such, Wizards intends to oppose Plaintiffs' anticipated motion for class certification.

**10.   <u>RELATED CASES</u>**

This matter has been deemed related to the matter of *Yale v. Wizards of the Coast, LLC*, USDC Case No. 5:2015-cv-06337 ("Yale Action").  The *Yale* matter is currently the subject of a Motion to Dismiss brought by the Defendant for hearing on February 1, 2018, at 9:00 a.m..

**11.   RELIEF**

**Plaintiffs' Position:**

Plaintiffs contend that they and the members of the Proposed Classes are entitled to damages in the form of unpaid wages, unreimbursed expenses, interest and penalties under applicable law, together with an award of reasonable attorney's fees and expenses.  Wages will be calculated on an hourly basis as will be determined from Defendant's business records and Plaintiffs' and Proposed Class Members declarations. Likewise, Plaintiffs and the Proposed Classes are entitled to injunctive relief compelling compliance with federal and state labor laws and prohibiting the Defendant from continuing to engage in wage theft and intentional misclassification of employees and independent contractors.

**Defendant's Position:**

Wizards denies that Plaintiffs are entitled to recover any damages or relief in this action.   Wizards further denies that Plaintiffs can properly maintain this case as a class action.


**12.   SETTLEMENT AND SETTLEMENT MECHANISM**

The parties have made no formal settlement offers or demands.

After conducting several ADR telephone conferences through the Court's ADR administrator (Judge Lloyd), the parties agreed that private mediation is ultimately the best ADR mechanism for potential resolution. The parties completed a final ADR telephone conference on January 4, 2017.  At that time, Judge Lloyd indicated that the ADR order would be for mediation with the Court's panel, but the parties would be free to select a private mediator.  Judge Lloyd further indicated that the ADR order would

**Joint Status Conference Statement**

likely set a completion deadline for 90 days from the filing date of Plaintiffs' anticipated motion for class certification.  From a review of the docket, it does not appear that an ADR order was issued.

### 13.   CONSENT TO MAGISTRATE JUDGE

The parties have declined to consent to Magistrate Judge jurisdiction in this action.

### 14.   OTHER REFERENCES

The Parties do not believe this case is appropriate for a special master, binding arbitration or reference to the Judicial Panel on Multidistrict Litigation.

### 15.   NARROWING OF ISSUES

After having met and conferred, the Parties have not been able agree on suggestions to narrow the issues in this matter, or to bifurcate any issues, claims or defenses.

### 16.   EXPEDITED TRIAL PROCEDURE

The Parties do not believe this matter is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17.   SCHEDULING

**Plaintiffs' Position:**

Plaintiffs propose the following dates/deadlines:

**Joint Status Conference Statement**

- **Fact-Discovery cut-off**: 08/9/2018
- **Opening Expert Reports**: 08/30/2018
- **Rebuttal Expert Reports**: 09/20/2018
- **Close of Expert Discovery**: 10/04/2018
- **Last Day to File Dispositive Motions**: 10/25/2018
- **Hearing on dispositive motions**: 12/20/2018
- **Pretrial conference**: 02/21/2019
- **Trial**: 03/15/2019

**Defendant's Position:**

Defendant proposes the following dates/deadlines:

- **Fact-Discovery cut-off**: 07/26/2018
- **Opening Expert Reports**: 08/16/2018
- **Rebuttal Expert Reports**: 09/06/2018
- **Close of Expert Discovery**: 09/27/2018
- **Last Day to File Dispositive Motions**: 10/25/2018
- **Hearing on dispositive motions**: 12/20/2018
- **Pretrial conference**: 02/21/2019
- **Trial**: 03/15/2019

## 18.   TRIAL ESTIMATE

**Plaintiffs' Position:**

Assuming the Court certifies Plaintiffs' claims, they estimate a three-week jury trial, including 15 – 20 witnesses and 3 - 5 expert witnesses.

**Defendant's Position:**

Until the issue of class certification is addressed, Wizards is unable to accurately estimate the length of trial or the number of witnesses it intends

to call.  However, Wizards preliminarily estimates a one week trial on Plaintiffs' individual claims.  If a class is certified, Wizards estimates a four to eight week trial, including 30 – 60 witnesses and 2-5 expert witnesses. The number of witnesses and experts will depend on the claims and legal theories remaining at the time of trial in this action.

## 19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiffs have filed their disclosure form and have stated that pursuant to Civil L.R. 3-15, other than the named parties and Proposed Class members, there is no such interest to report.

Defendant has filed its corporate disclosure, which states that Wizards is a wholly-owned subsidiary of Hasbro, Inc., a publicly traded company (NYSE: HAS).

## 20.  PROFESSIONAL CONDUCT

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED:  February 12, 2018

/s/ Shaun J. Voigt
KARL R. LINDEGREN
SHAUN J. VOIGT
FISHER & PHILLIPS, LLP

Attorney for Defendant

**Joint Status Conference Statement**

DATED:  February 12, 2017

/s/ Reuben D. Nathan
REUBEN NATHAN
NATHAN & ASSOCIATES, APC
Attorney for Plaintiff

**Joint Status Conference Statement**

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On February 12, 2018, I served the foregoing document entitled **JOINT STATUS CONFERENCE STATEMENT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

## SEE ATTACHED MAILING LIST

☐     **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒     **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐     **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐     **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Network Express, whose business address is 1533 Wilshire Boulevard, Los Angeles, CA 90017.

FPDOCS 31679295.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

   Executed February 12, 2018, at Los Angeles, California.

MARVIN JOHNSON      By:  /S/Marvin Johnson

    Print Name              Signature

CERTIFICATE OF SERVICE

FPDOCS 31679295.1

<u>MAILING LIST</u>

| | |
|---|---|
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone:  (415) 983-0900<br>Facsimile:   (415) 397-9005<br>Email:        matt@righettilaw.com<br>                  jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>600 W. Broadway Ste. 700<br>San Diego, CA 92101<br>Telephone: (619) 272-7014<br>Facsimile: (619) 330-1819<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| David Borgen, Esq.<br>James Kan, Esq.<br>Katharine Fisher, Esq.<br>Goldstein, Borgen, Dardarian & Ho<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA  94612<br>Telephone:  (510) 763-9800<br>Facsimile:   (510) 835-1417<br>Email: dborgen@gbdhlegal.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |
| Michael Malk, Esq.<br>MICHAEL MALK, ESQ. APC<br>1180 S. Beverly Drive, Suite 302<br>Los Angeles, California 90035<br>Telephone:  (310) 203-0016<br>Facsimile:   (310) 499-5210<br>Email: mm@malklawfirm.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>and JOSHUA STANSFIELD |

4
CERTIFICATE OF SERVICE

FPDOCS 31679295.1