David Borgen (SBN 099354)
*Of Counsel*
dborgen@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
Katharine Fisher (SBN 305413)
kfisher@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel:  (510) 763-9800
Fax:  (510) 835-1417

Michael Malk (SBN 222366)
mm@malklawfirm.com
MICHAEL MALK, ESQ. APC
1180 S. Beverly Drive, Suite 302
Los Angeles, CA 90035
Tel:  (310) 203-0016
Fax:  (310) 499-5210

Attorneys for Plaintiffs
(*Additional counsel listed on the next page*)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHAW, PETER GOLIGHTLY, JUSTIN TURNER, and JOSHUA STANSFIELD, et al., as individuals<br><br>     Plaintiffs,<br><br>vs.<br><br>WIZARDS OF THE COAST, LLC,<br><br>     Defendant. | Case No. 5:16-cv-01924-EJD<br><br>**DECLARATION OF DAVID BORGEN**<br><br>Date:     November 29, 2018<br>Time:    9:00 a.m.<br>Ctrm: 4 – 5th Floor<br>Before:  Hon. Edward J. Davila<br><br>Complaint Filed: April 12, 2016<br>FAC Filed: December 5, 2016<br>Trial Date: Not set |

722325.3

1   Matthew Righetti (SBN 121012)
    John Glugoski, Esq. (SBN 191551)
2   RIGHETTI GLUGOSKI, P.C.
    456 Montgomery Street, Suite 1400
3   San Francisco, CA 94104
    Tel:  (415) 983-0900
4   Fax: (415) 397-9005

5   Reuben D. Nathan (SBN 208436)
    NATHAN & ASSOCIATES, APC
6   2901 West Pacific Coast Highway, Suite 200
    Newport Beach, CA 92663
7   Tel:  (949) 270-2798

8   Ross Cornell (SBN 210413)
    ross.law@me.com
9   LAW OFFICES OF ROSS CORNELL, APC
    111 W. Ocean Blvd., Suite 400
10  Long Beach, CA 90802
    Tel:  (562) 612-1708
11  Fax: (562) 394-9556

12  Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

722325.3

I, David Borgen, hereby declare as follows:

1.     I am currently Of Counsel with Goldstein, Borgen, Dardarian & Ho ("GBDH"), a law firm in Oakland, California. I was a Shareholder of GBDH from 1998 through 2015. I am a member in good standing of the Bar of the State of California since 1981. I am counsel for all plaintiffs in the above-captioned action and for plaintiff Paul Yale in No. 5:15-cv-06337-EJD. I make these statements based on personal knowledge.

2.     I received a Bachelor of Arts degree, with honors in History, from Rutgers College (New Brunswick, NJ) in 1974. I received a Juris Doctor degree from the University of California, Hastings College of the Law in 1981, Order of the Coif. I have been employed continuously in the practice of labor and employment law since 1981. From 1981 to 1990, I was employed by the Communications Workers of America ("CWA"), AFL-CIO, to practice union-side labor law. Since May 1990, I have been with my current firm in Oakland, California, representing employees in class action employment litigation.

3.     Since the mid-1990's, my practice has been devoted almost exclusively to complex wage and hour litigation. During that period, I have been lead or co-lead counsel in numerous wage and hour class and collective actions. *See, e.g., Weddle v. Frito Lay, Inc.,* No. C-99-05272 PJH (N.D. Cal.) (statewide class action overtime case brought under state law, resulting in class settlement of $11.9 million); *Harrison v. Enterprise Rent-A-Car,* 1998 WL 422169 (M.D. Fla. 1998) (nationwide FLSA collective action resulting in $6.2 million settlement with companion case *Elmer v. Enterprise Rent-A-Car,* No. C-98-01571 VRW (N.D. Cal.)); *Bullock v. Auto. Club of S. Cal.,* No. SACVOl-731 GLT, 2002 WL 432003 (C.D. Cal. Jan. 28, 2002) (overtime class and collective action on behalf of sales agents throughout Southern California, Texas and New Mexico resulting in $19.5 million settlement); *Otero v. Rent-ACenter,* No. BC217038 (Los Angeles Sup. Court) (overtime class action resulting in class settlement of $3 million); and *Davis v. The Money Store, Inc.,* No. 99AS01716 (Sacramento Sup. Court) ($6 million class settlement of overtime claims). We have done many other cases since that time, both in California and around the country, including *Garcia et al., v. Oracle,* No.

722325.3

1  JCCP 4597 (Alameda County Sup. Court) ($35 million class overtime settlement approved on March

2  8, 2012).

3      4.    In addition to my litigation practice, I often lecture and write on employment, wage and

4  hour, and class action issues, including presentations at conferences sponsored by the Practicing Law

5  Institute (PLI), the American Bar Association (ABA), and the National Employment Lawyers

6  Association (NELA).  I am a Governor of the College of Labor and Employment Lawyers, a national

7  honorary society of employment attorneys.  I was named to the "Top 100" List of Northern California

8  "Super Lawyers."  A more comprehensive list of my cases, publications, and bar association projects is

9  included in my resume, copy of which is attached as Exhibit 1.

10      5.    Because of my significant experience in the wage and hour field, I am very familiar

11  with the challenging nature of employment law work in the class and collective action context.  These

12  cases are difficult to manage and prosecute and demand enormous an commitment of resources and

13  skilled trial lawyers in order to secure favorable results.

14      6.    Litigation under the FLSA presents nuanced complexities and the ability to manage a

15  large number of clients and their data.  The law has been evolving rapidly and presents innumerable

16  difficulties that can trap the unwary or those who do not specialize in this area.  Plaintiffs' lawyers like

17  myself and members of my firm, travel around the country enforcing workers' rights under the FLSA

18  wherever the violations arise.  In so doing, they provide a unique public service that is otherwise

19  unavailable in local communities, despite their otherwise excellent and reputable attorneys.  These

20  important statutory protections afforded to workers would be illusory if not for the work of the

21  attorneys in this specialized bar.

22      7.    The Court will recall that it declined to allow this case to proceed as a class and/or

23  collective action.  The settlement presented is on behalf of a handful of a handful of individual

24  plaintiffs who have individually agreed to settlement terms in return for releasing claims.

25      8.    Five law firms, including mine, represented the twenty plaintiffs in these two

26  overlapping actions for a period of over three years.  Counsel sought to add additional opt-in plaintiffs

27  as well, pursuant to Section 216(b) of the FLSA.  Defendant aggressively defended these law suits,

28

722325.3

including removing these matters to federal court, filing multiple successive (and mostly successful) motions to dismiss under FRCP 12(b)(6), and opposing plaintiffs' motions to proceed pursuant to the collective action process generally available under the FLSA.  Plaintiffs' counsel had to research and draft not only the initial complaints in state court, but multiple amended complaints in response to the defense victories on motions to dismiss.  In addition, counsel engaged in comprehensive discovery, including the defense of five depositions in California, Massachusetts, and Florida.  There was extensive document and data discovery, which required the assistance of ESI consultants and a lengthy meet and confer process over the search terms and procedures for the production of defense-maintained ESI materials.  Counsel also represented one plaintiff in administrative hearings before the state labor agency.  Finally, counsel engaged in lengthy settlement negotiations with defense counsel once it became futile to proceed on a class or collective action basis and apparent that the probabilities of prevailing in this forum on these claims were too low to justify further prosecution of these claims.

9.     Our firm alone expended over 648 attorney and paralegal hours in the prosecution of these two cases, incurring a lodestar at our regular billing rates of over $340,000, not including the expenses incurred in travel for the defense of depositions on the East Coast, court reporters, and the like.  These expenses and fees alone far exceed the total recovery anticipated in connection with this settlement.  Similarly, I am aware that the other four law firms also litigated this case zealously over the past three (3) years participating in the above tasks, thus incurring similar expenses and lodestar billing that will never be recovered.

10.     In sum, the attorneys fees component of this settlement has been reviewed and agreed to by the individual plaintiffs/releasees.  The settlement was negotiated from a position where plaintiffs lacked leverage at the time of settlement due to the multiple setbacks at the pleading stages of this litigation.  The anticipated fee recovery negotiated with Defendant –and approved by each Plaintiff—will reflect a fractional (negative) multiplier such that the income recouped will compensate for only a small fraction of the lodestar billing in this litigation.  This case has now stretched over three (3) years and demanded an enormous time commitment of work and resources on an entirely contingent fee basis.  Few attorneys are willing to invest their time and money on cases unless there is an opportunity

1  for an adequate return should the clients prevail.  This is even more risky nowadays given that defense

2  counsel have become much more experienced and aggressive in recent years in FLSA matters.  All too

3  often, plaintiffs' counsel come up with no recovery at all even after long years of expensive litigation.

4  This case was by no means a "sure thing" and counsel are still waiting to recover a portion of the time

5  and cost expended on the case even after three years of work and at considerable risk of losing

6  altogether.

7        11.     While I continue to believe that plaintiff's "employment" law claims have merit, it is

8  apparent that the plaintiff's probability of success at this is point is low given the Court's rulings of the

9  motions to date.  Given the posture of the litigation after three years, I believe that the Plaintiffs'

10  settlement awards agreed upon here are fair, accurate, and reasonable in light of my nearly 40 years of

11  experience in this field and the low value of these claims given their lack of success.

12        12.     Plaintiffs' counsel negotiated this settlement with the Defendant after it was apparent

13  that this Court was not going to allow these cases to proceed as class actions or collective actions.

14  Therefore, counsel negotiated individual settlement awards and separately negotiated an attorneys fee

15  and expense recovery that compensates counsel for a small fraction of the work done on behalf of the

16  twenty clients.  This fee recovery is not a common fund recovery but represents an arms-length

17  compromise payment from the Defendant for all legal work performed by the Plaintiffs' law firms.

18        13.     All the named plaintiffs have been advised of the terms of the settlement, have reviewed

19  the settlement documents, have been on notice of the attorneys fees requested, and have, by their

20  signatures on the settlement documents, agreed to the proposed allocation of settlement proceeds as

21  between themselves and their counsel.

22       I declare, pursuant to the laws of the United States and the State of California, and under

23  penalty and perjury, that the foregoing is true and correct.  Executed on October 15, 2018, in Oakland,

24  California.

25

26

27

28

1    Dated:  October 15, 2018                    Respectfully submitted,

2                                               GOLDSTEIN, BORGEN, DARDARIAN & HO

3

4

5                                               David Borgen

6                                               Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID BORGEN – CASE NO.: 5:16-CV-01924-EJD

722325.3

# Exhibit 1

# DAVID BORGEN
## GOLDSTEIN, BORGEN, DARDARIAN & HO
### 300 Lakeside Drive, Suite 1000
### Oakland, CA 94612
### Tel: (510) 763-9800
### Fax: (510) 835-1417
### dborgen@gbdhlegal.com
### www.gbdhlegal.com

David Borgen is Of Counsel with Goldstein, Borgen, Dardarian & Ho, PC, "GBDH." The firm is located in Oakland, California, and represents plaintiffs and employees in complex and class action litigation, including employment discrimination, wage and hour, environmental, consumer and other public interest class actions and attorneys' fees litigation. The law firm, formerly Saperstein, Goldstein, Demchak & Baller, was founded in 1972 and has a national practice. Goldstein, Borgen has litigated class action lawsuits in Texas, New York, Florida, Nebraska, Iowa, Georgia, Missouri, Illinois, Washington, Michigan, Maryland, and Minnesota, as well as California, including the class action on behalf of women who were denied or deterred from positions as State Farm insurance sales agents, Kraszewski v. State Farm General Ins. Co., 30 FEP 197 (N.D.Cal. 1985), and the retail store gender discrimination class action, Butler, et al. v. Home Depot, Inc., 70 FEP 51 (N.D. Cal. 1996) (class action on behalf of women employees in and applicants to Home Depot Stores in its Western Division). He was lead counsel in Harrison v. Enterprise Rent-A-Car, 1998 WL 422169 (M.D. Fla. 1998) (certified as a nationwide FLSA collective action) and numerous state wage and hour class actions brought under California law. He is the Secretary of the College of Labor and Employment Lawyers, a national honorary society. He was a member of the Board of Editors of the Bloomberg BNA Fair Labor Standards Act treatise (Third Edition, 2015). He was the first Employee Co-Chair of the ABA's Federal Labor Standards Legislation Committee. He was also a Senior Editor of the Bloomberg BNA treatise Wage and Hour Laws: A State by State Survey (Second Edition 2011). He is a graduate of University of California – Hastings College of the Law (1981) (Order of the Coif). He was a Shareholder at the firm from 1998 through 2015. Prior to joining the Goldstein firm in 1990, he was counsel for the Communications Workers of America, AFL-CIO.

## BAR MEMBERSHIP

State Bar of California (Since December 1981)
United States District Courts for Northern (12/1/1981), Southern (12/17/2007), Central (11/2/1989), and Eastern (3/20/1984) Districts of California
United States Court of Appeal for the Third (10/2/2006), Fifth (2/17/2010), Seventh (12/31/2014), Ninth (12/1/1981), Tenth (10/18/2010) and Eleventh (11/14/2002) Circuits

## LITIGATION EXPERIENCE
(partial listing)

Abarca v. Werner Enterprises, 2018 WL 1392909 (D. Ne., March 20, 2018), appointed Class Counsel for certified classes of California and Nebraska truck drivers seeking minimum wages.

Ayala v. U.S. Express, 2017 WL3328087 (C.D. Cal. July 27, 2017), appointed Class Counsel for Certified Class of approximately 1,000 truck drivers seeking minimum wage payments under California Law.

Godfrey v. City of Chicago, 973 F. Supp. 2d 883 (N.D. Ill. 2013), Class Counsel for African-American female applicants claiming gender discrimination in injunctive relief provided to race discrimination class; class settlement provided for new opportunities for instatement relief with make whole seniority relief; final approval was granted on March 26, 2015.

Vasich v. City of Chicago, 2013 WL 6730106 (N.D. Ill.), Class Counsel for female applicants challenging Chicago Fire Department's physical ability test that had an adverse impact on women; class settlement provided for a new less discriminatory test, hiring of class members who passed the new test and over $3.3 million in payments; final approval was granted on December 20, 2013.

Ernst v. City of Chicago, 837 F.3d 788, 2016 WL 497877 (Seventh Circuit, U.S. Court of Appeals) (trial and appellate counsel for successful Title VII claims of female applicants for Fire Department paramedic positions challenging physical ability test). Remedies trial counsel (August 2017), decision pending.

Rulli v. Nielsen Company, No. 3:14-CV-01835 VC (N.D. Cal.) (Co-Lead Counsel for statewide class of Field Representatives claiming unpaid compensable travel time and penalties; $950,000 class settlement granted preliminary approval on January 12, 2015).

Schoenfeld v. SF Navigatour, No. CGC-13-527914 (Superior Court, San Francisco), Class Counsel for class of city tour guides for overtime wages and meal/rest break violations; final approval of $350,000 class settlement granted November 12, 2013.

Morazon v. Aramark, No. 13-CV-936 YGR (N.D. Cal.) (Co-Lead Counsel for laundry personnel and drivers with wage/hour claims; class action settlement of $2,750,000 granted final approval on November 15, 2013).

Roussell v. Brinker, Int'l, 2011 WL 4067171 (Fifth Circuit, U.S. Court of Appeals) (affirming $1.8 million trial verdict for unlawful tip pool September 14, 2011).

Dent v. Cox Communications Las Vegas, Inc., 502 F.3d 1141, 2007 WL 2580754, 12 WH Cases 2d 1537 (9th Cir., Sept. 10, 2007) (Lead appellate counsel; obtained reversal of district court dismissal of FLSA overtime claims due to inadequate DOL WH-58 Release form).

Parks v. Eastwood Ins. Svc., Inc., 2007 WL 1430289 (9th Cir. 2007) (affirming attorneys fees award in overtime case).

Garcia v. Oracle, No. RG 07321026 (Superior Court, Alameda County) (co-counsel for three sub-classes of IT support employees seeking overtime pay under state law; class certified by Order dated October 15, 2010; final approval of $35 million class action settlement granted on March 8, 2012).

Hallissey v. America Online, Inc., No. 99-CV-03785 KTD (S.D.N.Y.) (class counsel for settlement class in class and collective action for chatroom coordinators for back wages while misclassified as volunteers; final approval of $15 million settlement granted May 20, 2010).

Applegate-Walton v. Olan Mills, No. 3-10-CV-00224 (M.D. Tenn.) (class counsel for settlement class of studio photographers for pre-shift work; final approval of $3 million settlement granted on August 2, 2010).

Signorelli v. Utiliquest, LLC, No. 5:08-CV-38 (M.D. Fla.) (class and collective action settlement resolving compensable time claims (federal and state) of utility locators for $10 million granted on July 25, 2008).

Stahl v. Mastec, Inc., No. 8:05-CV-1265-T-27 TGW (M.D. Fla.) (class and collective action settlement resolving compensable time claims of satellite dish installers nationwide for $13,137,365 granted in May 2008).

Mousai v. E-Loan, Inc., No. C-06-1993-SI (N.D. Cal.) (Plaintiff Class Settlement Counsel for class of mortgage loan officers seeking overtime; final approval of $13.6 million settlement granted May 30, 2007).

Lipnick et al. v. Sprint/United Management Company, No. CIV 463110 (San Mateo County Superior Court) (Co-Counsel for putative Class of call center employees seeking back pay under the FLSA and state law, filed May 21, 2007; subsequently transferred to D. Kansas for review of proposed consolidated settlement; final approval of $2 million class action settlement granted on August 25, 2009).

Vasquez v. Bank of America, No. 1168845 (Superior Court, Santa Barbara County) (Co-Lead Counsel for statewide class of Liability Risk Analysts seeking overtime pay; final approval granted on February 1, 2007, as to $2,500,000 class settlement).

Rosenberg v. IBM, No. 06-00430 PJH (N.D. Cal.) (Co-Counsel for putative nationwide FLSA and multi-state class of technical services workers), filed January 24, 2006; final approval of nationwide $65 million settlement granted July 11, 2007).

Chou v. Starbucks Corp., No. GIC 836925 (Superior Court, San Diego County) (Co-Lead Class Counsel for certified class action on behalf of baristas challenging unlawful tip pool in California stores; judgment for $105 million after bench trial – June 3, 2008).

Rankin v. Longs Drug Stores, No. GIC 837068 (Superior Court, San Diego County) (Lead Class Counsel for certified class of applicants for employment in California stores seeking statutory penalties for unlawful inquiry into misdemeanor marijuana convictions more than two years old).

Levy v. Verizon Information Services, Inc., 2007 WL 1747104 (E.D.N.Y.) (Co-Counsel for multi-state collective action for "yellow book" sales personnel; collective action notice approved, June 11, 2007).

Pearman v. California State Automobile Association (CSAA), No. R05227458 (Superior Court, Alameda County) (Co-lead counsel for multistate class and collective action for overtime pay for insurance sales agents; final approval granted on January 24, 2006, for $11,230,000 settlement).

Grazier v. Walgreens Co., No. RG05-0228473 (Superior Court, Alameda County) (Co-lead counsel for "MGT Assistant Managers" seeking relief for missed meal periods under state law; final approval granted on November 14, 2005, for $3,800,000 class settlement).

Nitzberg v. Citicorp, No. 604423-06 (Supreme Court, New York) (Co-Counsel for class of investment brokers seeking overtime pay; final approval of $2.5 million class action settlement granted on March 12, 2009).

Zheng v. Siebel Systems, Inc., No. CIV 435601 (Superior Court, San Mateo County) (Counsel with Dickson-Ross LLP for software engineers; final approval granted on April 27, 2007, for $27.5 million class settlement of overtime claims).

Dunwiddie, et al. v. Central Locating Services, No. 5:04-CV-315-OC-106 (M.D. Fla.) (Co-counsel in certified nation-wide collective action under FLSA and in related actions in New York and Washington; global settlement in excess of $8 million in 2006).

Bullock v. Automobile Club of Southern California, No. SACV01-731GLT, 2002 WL 432003 (C.D. Cal.) (Lead counsel in FLSA collective action certified for over 500 opt-in Sales Agent plaintiffs and settled in conjunction with Rule 23 class for a total of 1,300 claims in the amount of $19.5 million; final approval granted December 6, 2004).

Angione v. PSS World Medical, Inc., No. 3:02-CV-854-J-25TJC (M.D. Fla.) (Co-lead counsel; nationwide FLSA collective action notice ordered February 21, 2003; final approval of $3 million settlement ordered on November 5, 2004).

Ramirez v. Labor Ready, Inc., No. 836186-2, 2002 WL 1997037 (Superior Court, Alameda County) (Lead counsel for class of 300,000 temporary day laborers seeking unpaid wages and reimbursement of expenses; certified on July 12, 2002; final approval of $1.9 million class settlement granted on August 2, 2004).

Cowan v. GEICO, No. GIC 810166 (Superior Court, San Diego County) (Co-lead counsel for proposed class of over 3,000 telephone center workers seeking overtime pay; filed May 5, 2003; final approval of $3.3 million settlement granted on July 9, 2004).

Marroquin v. Bed Bath & Beyond of California, No. RG04145918 (Superior Court, Alameda County) (Lead counsel for statewide class of salaried department managers; final approval of $2,980,000 settlement granted on June 22, 2004).

Mitchell v. Metropolitan Life Ins. Co., No. 01-CIV-2112 (WHP) (S.D.N.Y.) (Co-lead counsel for nationwide class of 3,600 female insurance sales agents and managers; final approval of $13.4 million class settlement granted on November 6, 2003).

Miskell v. Automobile Club of Southern California, No. 01CC09035 (Superior Court, Orange County) (Co-lead counsel in class action stating overtime claims for insurance claims adjusters; final approval granted in May 2003 for $2.5 million settlement).

Thomas v. CSAA, No. CH217752-0 (Superior Court, Alameda County) (Class counsel for class of 1200 insurance claims adjusters; final approval of $8 million settlement for overtime claims, granted in May 2002).

Weddle v. Frito-Lay, Inc., No. C 99-05272 PJH (N.D. Cal.) (Co-lead counsel in litigation seeking class relief statewide for overtime claims; final approval of $11.9 million class settlement granted February 2001).

D'Imperio v. Nation's Foodservice, Inc., No. C-00309 PJH (N.D. Cal.) (Lead counsel in overtime class action for 90 restaurant managers; final approval granted in 2001 to $950,000 settlement).

Davis v. The Money Store, No. 99A501716 (Superior Court, Sacramento) (Lead counsel in litigation seeking class relief statewide for overtime claims; $6 million class settlement approved December 2000).

Otero v. Rent-A-Center, No. BC 217038 (Superior Court, Los Angeles) (Lead counsel in litigation seeking class relief statewide for overtime claims resulting in $3 million settlement in 2000).

Babbitt v. Alberson's, Inc., No. C-92-1883-SBA (N.D. Cal.) (Statewide Title VII class action resulting in injunctive relief and $29 million monetary settlement).

Butler v. Home Depot, 70 FEP Cases 51 (N.D. Cal.) (Gender discrimination class action that resulted in monetary relief of $87 million and injunctive relief covering the western region of Home Depot).

Byrd v. Sprint Corp., No. CV 92-18979 (Sup. Ct. Missouri) (Common law tort and contract class action on behalf of persons who sold long-distance service that resulted in a recovery of $62.5 million).

DeSoto v. Sears Roebuck & Co., No. RG 03096692 (Superior Court, Alameda County) (Co-lead counsel for statewide class of 2,700 home repair technicians certified on September 21, 2004); class and collective action nationwide settlement ($15 million) approved over objections in Lenahan v. Sears, Roebuck and Co., 266 Fed. Appx. 114 (3d Cir. 2008)).

Elmer v. Enterprise Rent-A-Car, No. C-98-01571 VRW (N.D. Cal.) (Lead counsel in statewide class action overtime compensation case; the two Enterprise cases resulted in $6 million in monetary relief).

Hogan v. Allstate Ins. Co., 210 F. Supp. 2d 1312 (M.D. Fla.) (Lead counsel in FLSA action; nationwide collective action notice ordered to 8,500 sales agents in May 2001).

Harrison v. Enterprise Rent-A-Car, 1998 WL 422169 (M.D. Fla. 1998) (Lead counsel in nationwide collective action under Fair Labor Standards Act).

Herring v. SaveMart, No. C-90-3571 BAC (N.D. Cal.) (Title VII class resulting in injunctive relief and $6.3 million monetary settlement).

## CONFERENCE PRESENTATIONS AND PUBLICATIONS

American Bar Association – Section of Labor & Employment Law, Newsletter (Winter 2018, Vol. 46, No. 2): "The Newest Hollywood Blockbuster: Inclusion Riders."

Alameda County Bar Association (ACBA), 8th Annual Employment Law Symposium, "Openings/Closings" (November 3, 2017), Oakland, CA.

American Bar Association – Section of Labor & Employment Law, 10th Annual Conference, "Who Is An Employee? Expansive Considerations of Coverage," Chicago, IL (November 10, 2016).

National Employment Lawyers Association (NELA), "Hot Topics in Wage & Hour Law," Sixteenth Annual Convention, Los Angeles, CA (June 24, 2016).

American Bar Association – Section of Labor & Employment Law, 9th Annual Conference, Panelist, "Compensable Time Under the FLSA in the Wake of Integrated Staffing Solutions v. Burk," Philadelphia, PA (November 5, 2015).

American Bar Association – Section of Labor & Employment Law, "Tyson Foods and Other Threats to Employment Class Actions," (Fall 2015, Vol. 44, No. 1)

American Bar Association – Section of Labor & Employment Law, a book review of Just Mercy (by author Bryan Stevenson) (Spring 2015, Vol. 43, No. 2)

National Employment Lawyers Association (NELA), "A Conversation With the Solicitor of Labor" (Moderator for discussion with USDOL SOL Patricia M. Smith), at Protecting Pay: Representing Workers With Wage & Hour Claims MCLE Seminar, Washington, DC (April 24, 2015).

American Bar Association (ABA) Labor and Employment Law Section, Federal Labor Standards Legislation Committee Mid-Winter Meeting, "Litigating Attorneys' Fees in Fee Shifting Cases," Puerto Vallarta, MX (February 27, 2015)

Colorado Bar Association, National CLE Conference, "Wage and Hour Law:  2014 Developments," Vail, CO (January 8, 2015)

State Bar of California Fourth Annual Advanced Wage & Hour Conference, Panelist, "Wage & Hour Update: The Year in Review," Los Angeles, CA (July 30, 2014)

National Employment Lawyers Association (NELA), "Trying Wage and Hour Class and
    Collective Actions:  Duran and the Challenges Ahead," Chicago, IL (March 9, 2013)

Bridgeport Continuing Education, 11th Annual Wage & Hour Litigation & Management
    Conference, "Settlement Preparations, Strategies & Management," Los Angeles, CA
    (December 14, 2012).

American Bar Association (ABA) Labor and Employment Law Section 6th Annual Conference,
    "Compliance Issues," Atlanta, GA (November 2, 2012).

Bloomberg BNA, FLSA Litigation Tracker, "David Borgen Discusses Supreme Court's
    Christopher v. GlaxoSmithKline Ruling, Implications on FLSA Litigation," October 1,
    2012.

American Conference Institute's 16th National Forum on Wage/Hour Claims and Class Actions,
    Panelist, "Plaintiffs' Bar Session," San Francisco, CA (September 28, 2012).

State Bar of California, Labor & Employment law Section, 2nd Annual Advanced Wage and
    Hour Conference, "Wage and Hour Update," Los Angeles, CA (July 25, 2012)

National Employment Lawyers Association (NELA), Annual Convention, "Cutting Edge Issues
    in Winning Section 216(b) Collective Actions," San Diego, CA (June 22, 2012)

Colorado Bar Association, National CLE Conference, "Wage and Hour Law Update," Aspen,
    CO (January 5, 2012)

American Bar Association (ABA), Labor and Employment Law Section, 5th Annual Conference,
    "Trying Wage and Hour Collective/Class Actions," Seattle, WA (November 3, 2011).

National Employment Lawyers Association, "Significant Legal Developments In Wage and
    Hour Law," Washington, D.C. (October 21, 2011).

Bridgeport, 7th Annual Wage & Hour Litigation Conference, Co-Chair, San Francisco, CA
    (October 13-14, 2011).

American Conference Institute's 13th National Forum on Wage Hour Claims and Class Actions,
    Panelist, "View from Plaintiffs' Bar," San Francisco, CA (September 20, 2011).

State Bar of California, Labor and Employment Law Section, Wage & Hour Class Actions After
    AT&T Mobility v. Concepcion, "Case Law Update," Los Angeles, CA (August 17,
    2011).

Colorado Bar Association, National CLE Conference, Vail, Colorado (January 6, 2011) "Wage
    and Hour Law Overview and Update."

Bridgeport Continuing Education, Eighth Annual Wage & Hour Litigation Conference, Los Angeles, CA (December 15, 2010), "Litigating Hybrid FLSA/State Law Collective and Class Actions."

American Bar Association (ABA), Labor and Employment Law Section and ABA Center for CLE, "Potpourri of 'Hot Topics': Wage and Hour Litigation," (November 17, 2010), live audiocast.

State Bar of California, Labor and Employment Law Section, "Litigating Wage and Hour Class Actions, "San Francisco, CA (November 16, 2010).

American Bar Association, Labor and Employment Law Section, 4th Annual Conference, "Get into the Game: The Latest News and Developments in Wage and Hour Litigation, "Chicago, IL (November 5, 2010).

American Bar Association, Annual Meeting, "Wage and Hour Basics," San Francisco, CA (August 7, 2010).

California Employment Lawyers Association (CELA), Sixth Annual Wage and Hour Seminar, Oakland, CA (April 30, 2010), "Latest Defense Tactics and How to Counteract Them."

Daily Labor Report (BNA), "Clash of the Titans: IQBAL and Wage and Hour Class/Collective Actions," with Lin Chan, Esq., 80 DLR L-1 (April 28, 2010).

Colorado Bar Association, National CLE Conference, Vail, Colorado (January 7, 2010), "Wage and Hour Law Overview and Update."

American Bar Association, Labor and Employment Law Section, 3rd Annual CLE Conference, Moderator, "Litigating Wage and Hour Class Actions," Washington, D.C. (November 6, 2009).

American Conference Institute's 8th National Advanced Forum on Wage & Hour Claims and Class Actions, Panelist, "View from the Plaintiff's Bar: Adapting Your Litigation Strategies in Light of New and Innovative Claims," San Francisco, CA (October 29, 2009).

Colorado Bar Association, National CLE Conference, Vail, Colorado (January 4, 2009), "Wage and Hour Law Overview and Update."

The National Farmworker Law Conference, Panelist, "Expert Witnesses in Farmworker Litigation," Washington, D.C. (November 21, 2008).

American Conference Institute's 6th National Institute on Wage & Hour Claims and Class Actions, Panelist, "Wage and Hour Class Actions: Winning the Certification Battle," San Francisco, CA (October 28, 2008).

The Federal Judicial Center, <u>Fair Labor Standards Act</u> (5065-v108), DVD training program for Federal Judicial Law Clerks, Washington, D.C. (October 2008).

American Bar Association, Labor and Employment Law Section, 2nd Annual CLE Conference, Moderator, "White Collar Exemptions," Denver, CO (September 12, 2008).

National Employment Lawyers Association (NELA), Annual Convention, Moderator for Panel – "Wage & Hour Trials, Tribulations, and Triumphs," Atlanta, GA (June 26, 2008).

Minnesota State Bar Association, Upper Midwest Employment Law Institute, "Advanced Trial Practice: How to Bring and Defend the FLSA Case," St. Paul, MN (May 30, 2008).

Minnesota NELA, Annual Spring Dinner, Keynote Address, St. Paul, MN (May 29, 2008).

California Employment Lawyers Association 4th Annual Advanced Wage and Hour Seminar, Panelist, "Pre-certification Conduct and Communications," Oakland, CA (May 9, 2008).

American Bar Association, Section of Labor and Employment Law, Equal Employment Opportunity (EEO) Committee National Conference on EEO Law, "The FLSA At the Frontier: Overtime Exemptions After the New Regs" (with Jinny Kim), March 28, 2008 (Tucson, AZ).

American Bar Association, Section of Labor and Employment Law and ABA Center for CLE Teleconference, "Fair Labor Standards Act Hot Topics," (February 6, 2008), live audiocast.

Colorado Bar Association, National CLE Conference, Vail, Colorado (January 6, 2008), "Major Areas of Liability in Wage and Hour Law."

American Bar Association, Labor and Employment Law Section, Annual CLE Conference, Moderator, "Litigating Wage and Hour Class Cases from A to Z," Philadelphia, PA (November 8, 2007).

National Employment Lawyers Association, Representing Workers in Individual and Collective Actions Under the FLSA, Program Committee Co-Chair and Moderator, New Orleans, LA (October 19-20, 2007).

American Conference Institute's 5th National Forum on Wage & Hour Litigation, Panelist, "Dispositive Motions: Attacking Wage and Hour Claims or Defenses," San Francisco, CA (October 3, 2007).

<u>Employee Rights and Employment Policy Journal</u> (Chicago-Kent College of Law), "Advanced Issues in FLSA Collective Actions: Joint Employment," Vol. 10, No. 2 (2006).

National Employment Lawyers Association Annual Convention, Moderator/Panelist, "The New Era of Enforcing Workers' Rights Under the FLSA," San Juan, Puerto Rico (June 28, 2007).

California Employment Lawyers Association, Advanced Seminar on Getting To and Through a Class Action Trial, Panelist, "Class Action Trial Plans," El Segundo, CA (May 11, 2007).

American Conference Institute's 4th National Forum on Wage & Hour Claims and Class Actions, Panelist, "Achieving or Defeating Class Certification in Wage & Hour Cases," New York, New York (April 26, 2007).

University of California, Boalt Law School (Berkeley), Guest Lecturer, "Examining a Class Action on Behalf of Temporary Workers," Representing Low Wage Workers Seminar, Law 283 (January 30, 2007.)

Colorado Bar Association, National CLE Conference, Aspen, Colorado (January 7, 2007), "Major Areas of Liability in Wage & Hour Law."

Practicing Law Institute (PLI), 35th Annual Institute on Employment Law, San Francisco, California and Live Webcast, October 31, 2006, Panelist: "Compensation and State Law Wage Claims."

The Labor and Employment Law Section of the State Bar of California, Annual Meeting, General Session re "Top Ten Wage and Hour Developments," San Jose, California, October 27, 2006.

American Conference Institute, National Forum on Wage & Hour Claims and Class Actions, Panelist: "Wage and Hour Class Certification: Strategies and Winning Arguments," San Francisco, California, October 26, 2006.

California Labor & Employment Law Review, State Bar of California and Employment Law Section, Volume 20, No. 2 (Spring 2006), "Book Review: Getting Even: Why Women Don't Get Paid Like Men – And What To Do About It."

Colorado Bar Association, National CLE Conference: Labor & Employment Law, Aspen, Colorado, January 4, 2006, "Major Areas of Liability in Wage and Hour Law."

American Bar Association, Section of Labor and Employment Law and ABA Center for CLE Teleconference and Live Audio Webcast, "The Supreme Court Speaks: Compensable Time as a Result of IBP, Inc. v. Alvarez" (December 14, 2005).

National Employment Lawyers Association (NELA), Impact Litigation Seminar (Program Committee), Cambridge, MA (October 14-15, 2005); Panelist: "Advanced Issues in Collective Actions."

American Bar Association, Section of Labor and Employment Law, Mid-Winter Meeting of the Equal Employment Opportunity Committee, April 7, 2005 (Naples, Florida): "The FLSA Trajectory: Challenges on the Horizon," Panelist regarding FLSA representative actions.

American Bar Association, Labor and Employment Law Teleconference, "The Wave Continues … 1500 New FLSA Class Actions Filed in 2004 ... More Expected in 2005," (March 2, 2005), Panelist on national MCLE teleconference program.

American Bar Association, Federal Labor Standards Legislation Mid-Winter Meeting, Cancun, Mexico, February 17, 2005, FLSA Panel: Discussion of Current Issues.

Law Education Institute, National CLE Conference (Colorado State Bar Association), Aspen, Colorado (January 5, 2005), "How Long Can You Go?  Current Issues in Wage and Hour Law."

American Bar Association, Section of Labor and Employment Law, and Bar Association of San Francisco, "Fair Labor Standards Act/Family Medical Leave Act Basic Law and Procedures," Program Chair and Moderator (December 9, 2004).

American Bar Association Annual Convention, Atlanta, GA, August 10, 2004, Moderator, "Wage and Hour Update:  The New FLSA Regulations and Litigation Issues."

American Bar Association Annual Convention, Atlanta, GA, August 9, 2004, Panelist "In-House v. Outside Counsel – What We Want From Each Other."

National Employment Lawyers Association (NELA), Annual Convention Speaker, "Advanced FLSA Collective Actions Panel," San Antonio, TX (June 24, 2004).

Minnesota State Bar Association, Labor and Employment Section, Annual Upper Midwest Employment Law Institute, St. Paul, MN (May 26, 2004), Plenary Speaker, "The New FLSA Wage and Hour Regulations."

Placer County Bar Association, Continuing Education Conference, Lake Tahoe, California (April 24, 2004), "Wage/Hour Litigation."

American Bar Association, Section of Labor and Employment Law, Mid-Winter Meeting of the Federal Labor Standards Legislation Committee, February 19-20, 2004 (St. Thomas, USVI): Annual Report on FLSA Developments.

Law Education Institute, National CLE Conference, Aspen, Colorado (January 6, 2004), "Class Certification and Decertification:  Advocacy, Strategy, and Tactics."

Employee Rights and Employment Policy Journal (Chicago-Kent College of Law), "Litigation of Wage and Hour Collective Action Under the Fair Labor Standards Act," with Laura L. Ho, Vol. 7, No. 1 (2003).

National Employment Law Project, et al. Representing Workers and Low-Income Plaintiffs:  Tax Consequences in Administration of Settlements and Resolving I.R.S. Controversies, Oakland, CA, October 24, 2003.

State Bar of California, Labor and Employment Law Section Annual Meeting, San Diego, CA, October 10, 2003, "Wage and Hour Law – Reloaded."

California State Bar Law and Employment Law Section, <u>California Labor & Employment Law Review</u>, Vol. 17, No. 5 (September 2003), "Can We Talk?" (regarding communications in state class actions).

National Employment Lawyers Association (NELA), Program Committee and Panelist, "Protecting Employee Rights Under the FLSA, FMLA and Equal Pay Act," San Francisco, CA (March 7-8, 2003).

American Bar Association, Section of Labor and Employment Law, Mid-Winter Meeting of the Federal Labor Standards Legislation Committee, February 19-21, 2003 (Puerto Vallarta, Mexico):  Annual Report on FLSA Developments.

Contra Costa County Bar Association, MCLE Spectacular, Panelist, New Developments in Wage & Hour Law and Use of California's Unfair Competition Law, Walnut Creek, CA (November 22, 2002).

State Bar of California, Labor and Employment Section, Annual Meeting, Wage & Hour Update: Where Are We Two Years After AB60?  (San Jose, CA), November 15, 2002.

Practicing Law Institute, Annual Institutes on Employment Law (New York, NY and/or San Francisco, CA) November 1, 2005; November 2, 2004; November 4, 2003; October 2002; October 2001; October 2000; October 1999; October 1998:  Major Developments in Employment Law:  Plaintiffs' Perspective; Wage/Hour Developments.

<u>BNA Wage Hour & Leave Report</u>, "Production Dichotomy Test for FLSA's Administrative Exemption Still Useful," Vol. 1, No. 18, September 13, 2002, pp. 465-466.

American Bar Association Annual Convention, Washington, D.C., August 12, 2002, Moderator, "Litigation of FLSA Collective Actions:  Strategies for Plaintiffs' and Defendant's Counsel."

California State Bar Labor and Employment Section, <u>California Labor and Employment Law Quarterly</u>, Vol. 16, No. 3 (May 2002), "Yarbrough v. Labor Ready: Class Action to Enforce California Wage Laws."

Pacific Coast Labor & Employment Law Conference (Seattle, WA), May 2, 2002, Wage & Hour Litigation – The New Wave of Class Actions:  Substantive Developments and Litigation Strategies.

<u>BNA Wage Hour & Leave Report</u>, "Questions Arise Over Rules for Collective Actions Under FLSA," Vol. 1, No. 3, February 1, 2002, pp. 77-79.

ABA Section of Labor and Employment Law Mid-Winter Meeting of the Federal Labor
Standards Legislation Committee, February 2002 (Miami Beach, FL):  Annual Report on
FLSA Developments.

Associate Editor, The Fair Labor Standards Act, 2001 and 2002 Cumulative Supplements,
Bureau of National Affairs, Inc.

California Employment Law Council, Guest Speaker, Annual Meeting, November 8, 2001, "A
Plaintiff's Perspective on Wage/Hour Issues."

American Bar Association Annual Convention, Chicago, August 5, 2001, "The Basics: Fair
Labor Standards Act."

National Employment Lawyers Association Annual Convention, Seattle, June 28, 2001,
"Selected Issues Under the FLSA and Equal Pay Act".

American Bar Association, Section of Labor and Employment Law and Golden Gate University
School of Law, Institute on the Fair Labor Standards Act and the Family Medical Leave
Act, Moderator, San Francisco, California (June 6, 2001).

Organization Resources Counselor, Inc., Employment Law and Litigation Group, Guest Speaker,
Employment Law From Plaintiffs' Perspective, New York, New York (May 31, 2001).

The Recorder Roundtable:  Employment Law Developments, May 8, 2001 (San Francisco).

ABA Section of Labor and Employment Law Mid-Winter Meeting of the EEO Committee,
February 2001 (Sanibel Harbor, FL):  An Introduction to Litigating FLSA Collective
Actions for the EEO Lawyer.

ABA Section of Labor and Employment Law Mid-Winter Meeting of the Federal Labor
Standards Legislation Committee, February 2001 (La Romana, Dominican Republic):
Annual Report on FLSA Developments.

California State Bar Labor and Employment Section, California Labor & Employment Law
Quarterly (Winter 2000), "Overtime Pay – Who's Eligible, Who's Not?" (with Aaron
Kaufmann).

National Employment Law Institute July 2000 (San Francisco):  Recent Developments in Equal
Employment Law from the Perspective of Plaintiffs' Attorneys.

ABA Labor and Employment Law Section Annual Meeting July 8-11, 2000 New York:  Federal
Labor Standards Legislation Committee Program.  Unique aspects of litigation and
settling opt-in class actions under the Fair Labor Standards Act, The Age Discrimination
in Employment Law Act and the Equal Pay Act.

Lawcast:  Employment and Labor, Vol. VI, No. 7 (April 24, 2000), audiocassette re wage/hour
developments.

National Public Radio (KALW) April 12, 2000: "Know Your Legal Rights," on wage and hour issues.

ABA Section of Labor and Employment Law
    Mid-Winter Meeting of the Federal Labor Standards Legislation Committee February 2000 (Key West, FL): Panel Discussion: Unique Aspects of Litigating and Settling FLSA Cases.

Organization Resources Counselors, Inc. Workforce Opportunity Network
    February 2000 (Los Angeles, CA): What's Hot in 2000: A Plaintiffs' Attorney's View of Discrimination.

National Lawyers Guild, Annual Convention
    October 1999 (San Francisco): The Future of Employment Law Practice (Workshop Moderator).

ABA Labor and Employment Law Section
    August 1999 Annual Meeting (Atlanta, GA): Class Actions in Employment Law.

National Employment Lawyers Association, Annual Convention, June 1999 (New Orleans): Collective and Class Action Strategies in Overtime Litigation.

National Employment Lawyers Association, Annual Convention 1997 (Toronto): Maximizing Recoveries Under the Damages Caps of the Civil Rights Act of 1991; Attorneys Fees: The Basics.

Los Angeles County Bar Association Labor and Employment Law Section Symposium 1998 (Los Angeles): Affirmative Reactions: The Future of Race-Conscious Remedies for Employment Discrimination.

State Bar of California Labor and Employment Law Section (San Francisco 1997): Legal Ethics for Employment Lawyers.

National Lawyers Guild (San Francisco 1992): How to Use Experts to Prove Damages – Employment, Tort and Discrimination Cases.

ABA Labor and Employment Law Section
    1992 Mock Trial Program (San Francisco, CA and Washington, D.C.): Presenting and Defending an Americans with Disabilities Act Lawsuit.

## PROFESSIONAL ASSOCIATIONS

Fair Labor Standards Act Protocols Committee, a project of the Federal Judicial Center ("FJC") and the Institute for the Advancement of the American Legal System (U. of Denver) ("IAALS") to draft initial discovery rules for FLSA cases. See Daily Legal Report (January 29, 2018).

Editor, ABA's Section of Labor and Employment Law Newsletter (2014 – 2016)

College of Labor and Employment Lawyers (Fellow; Board of Governors: Treasurer (2016-2017); Secretary (2017-2018).

American Bar Association (ABA), Labor and Employment Law Section, Council Member (2016-); Co-Chair (7th Annual Conference, 2013); Vice-Chair (6th Annual Conference, 2012); Co-chair, Committee on CLE/Institutes and meetings (2008-2011); Co-chair, Committee on Federal Labor Standards Legislation (2004 – 2007); Co-chair, Fair Labor Standards Act Sub-Committee (2000 – 2004); National Programs Subcommittee, Co-chair (2007-2008).

Labor and Employment Section – State Bar of California.

National Employment Law Project's (NELP), National Wage and Hour Clearinghouse Advisory Board (former).

National Employment Lawyers Association (NELA) – Wage and Hour Practice Group Co-Chair (former).

Bureau of National Affairs (BNA), <u>Wage Hour & Leave Report</u> Advisory Board (2001-2003).

National Lawyers Guild (NLG), received San Francisco Chapter's "Champion of Justice" award (April 5, 2008).

AFL-CIO Wage-Hour Working Group (2008)

## **PRESS**

Law Dragon: Listed for "500 Leading Plaintiff Employment Lawyers 2018"

Martindale-Hubbell 2013 Top Rated Lawyer in Labor & Employment

Selected to "The Top 100" Northern California Superlawyers (2012)

<u>California Lawyer</u>, November 2011, "Labor and Employment Roundtable."

Featured as one of the San Francisco Bay Area's "top attorneys" in employment law, in <u>The Recorder</u> Special Report (March 15, 2004).

Listed in <u>Oakland</u> magazine March-April 2006 and March 2007 articles on "The Best Lawyers in the East Bay."

Listed in <u>The Best Lawyers in America</u> (Wood/Whyte).

<u>San Francisco Daily Journal</u>, April 2, 2008, profile, p. 3.

Selected as "SuperLawyer" in the Northern California <u>Super Lawyers Magazine</u> (2006-2018).

Listed in <u>San Francisco Business Times</u>, 2009 The Best Lawyers in the Bay Area, February 6, 2009.

Resume of David Borgen                                                    Page 17

Selected for <u>The Best Lawyers in America</u> in the specialty of Labor and Employment Law.

**PROOF OF SERVICE**
(CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 444 S. Flower Street, Suite 1500, Los Angeles, CA 90071.

On **October 15, 2018**, I served the foregoing document entitled **DECLARATION OF DAVID BORGEN** on all the appearing and/or interested parties in this action as follows:

**SEE ATTACHED MAILING LIST**

☐ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **October 15, 2018**, at Los Angeles, California.

MELODY BIGLAY                    By: _/s/ Melody Biglay_
Print Name                                         Signature

<u>MAILING LIST</u>

| | |
|---|---|
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone:  (415) 983-0900<br>Facsimile:   (415) 397-9005<br>Email:        matt@righettilaw.com<br>                 jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>2901 W. Pacific Coast Highway, Ste 200<br>Newport Beach, CA 92663<br>Telephone: (949) 270-2798<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| David Borgen, Esq.<br>James Kan, Esq.<br>GOLDSTEIN BORGEN DARDARIAN<br>  & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612-3536<br>Telephone: (510) 763-9800<br>Facsimile: (510) 835-1417<br>dborgen@gbdhlegal.com<br>jkan@gbdhlegal.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Michael Malk, Esq.<br>MALK LAW FIRM<br>1180 S. Beverly Dr., Suite 302<br>Los Angeles, CA  90035<br>Telephone:  (310) 203-0016<br>Facsimile:  (310) 499-5210<br>mm@malklawfirm.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |