1  Karl R. Lindegren (SBN 125914)
2  Shaun J. Voigt (SBN 265721)
   Catharine Morisset, *Pro Hac Vice*
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile: (949) 851-0152

6  Attorneys for Defendant
   WIZARDS OF THE COAST LLC

7  Matthew Righetti (SBN 121012)
   John Glugoski, Esq. (SBN 191551)
8  RIGHETTI GLUGOSKI, P.C.
   456 Montgomery Street, Suite 1400
9  San Francisco, CA 94104
   Tel: (415) 983-0900
10 Fax: (415) 397-9005

11 Reuben D. Nathan (SBN 208436)
   NATHAN & ASSOCIATES, APC
12 2901 West Pacific Coast Highway, Suite 200
   Newport Beach, CA 92663
13 Tel: (949) 270-2798

14 Attorneys for Plaintiffs
   (*Additional counsel listed on the next page*)

15

16            UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA

18

19 | ADAM SHAW ET AL., | Case No. 5:16-cv-01924-EJD |

   ADAM SHAW ET AL.,

20                Plaintiffs,

   vs.

21 WIZARDS OF THE COAST LLC,

22                Defendant.

23

**Case No. 5:16-cv-01924-EJD**

**DECLARATION OF SHAUN J. VOIGT IN SUPPORT OF JOINT MOTION TO APPROVE THE PARTIES' FLSA SETTLEMENT**

**DATE:**   **November 29, 2018**
**TIME:**   **9:00 a.m.**
**CTRM:**   **4, 5th Floor**

Complaint Filed:   April 12, 2016
Trial Date:   None

24

25

26

27

28

---

1

1    Ross Cornell (SBN 210413)
     ross.law@me.com
2    LAW OFFICES OF ROSS CORNELL, APC
     111 W. Ocean Blvd., Suite 400
3    Long Beach, CA 90802
     Tel: (562) 612-1708
4    Fax: (562) 394-9556

5    David Borgen (SBN 099354)
     *Of Counsel*
6    dborgen@gbdhlegal.com
     James Kan (SBN 240749)
7    jkan@gbdhlegal.com
     Katharine Fisher (SBN 305413)
8    kfisher@gbdhlegal.com
     GOLDSTEIN, BORGEN, DARDARIAN & HO
9    300 Lakeside Drive, Suite 1000
     Oakland, CA 94612
10   Tel: (510) 763-9800
     Fax: (510) 835-1417

11
     Michael Malk (SBN 222366)
12   mm@malklawfirm.com
     MICHAEL MALK, ESQ. APC
13   1180 S. Beverly Drive, Suite 302
     Los Angeles, CA 90035
14   Tel: (310) 203-0016
     Fax: (310) 499-5210

15

16   Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28
                                    2

## **DECLARATION OF SHAUN J. VOIGT**

I, SHAUN J. VOIGT, declare and state as follows:

1.      I am an attorney licensed to practice before all of the courts of the State of California and am a partner with Fisher & Phillips LLP, attorneys of record for Defendant WIZARDS OF THE COAST LLC, in the matters styled (1) *Paul Yale v. Wizards of the Coast LLC*, Case No. 5:15-cv-06337-EJD (the "Yale Action") and (2) *Adam Shaw et al. v. Wizards of the Coast LLC*, Case No. 5:16-cv-01924-EJD (the "Shaw et al. Action").

2.      I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

3.      The Parties reached a global settlement to fully resolve Plaintiffs' claims in the Yale Action and the Shaw et al. Action.  Attached hereto as **Exhibit A** is a true and correct copy of the fully executed settlement agreement.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 15th day of October 2018, at Los Angeles, California.

_____

SHAUN J. VOIGT

DECLARATION OF SHAUN J. VOIGT IN SUPPORT OF
JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND DISMISSAL OF ACTION
FPDOCS 34597125.1

# EXHIBIT A

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This settlement agreement and release of all claims (the "Agreement") is made and entered into by and among PAUL YALE ("YALE"), ADAM SHAW ("SHAW"), JUSTIN TURNER ("TURNER"), PETER GOLIGHTLY ("GOLIGHTLY"), JOSHUA STANSFIELD ("STANSFIELD"), YONATAN KAMENSKY ("KAMENSKY"), HESTER PRYNNE COATL ("COATL"), MATT SAUERS ("SAUERS"), GEOFF DEARING ("DEARING"), NIKO SKARTVEDT ("SKARTVEDT"), ANDREJ SELIVRA ("SELIVRA"), BRIAN BRADSHAW ("BRADSHAW"), CASEY HANFORD ("HANFORD"), JEFFREY HIGGINS ("HIGGINS"), BEN OTTESON ("OTTESON"), STEPHEN HAGAN ("HAGAN"), BRUCE MILLS ("MILLS"), SAMUEL HANNA ("HANNA"), ALEXEI GOUSEV ("GOUSEV"), and SCOTT NEIWERT ("NEIWERT") (collectively "Plaintiffs") on the one hand, and WIZARDS OF THE COAST LLC ("WOTC") on the other hand.  Plaintiffs and WOTC are referred to collectively herein as the "Parties" and individually as a "Party."  This Agreement is intended to resolve any and all disputes and extinguish those obligations described below.

## RECITALS

### *The Yale State Action and Yale Federal Action*

WHEREAS, on October 29, 2015, Plaintiff YALE filed an action against WOTC in the Santa Clara Superior Court, styled *Paul Yale v. Wizards of the Coast LLC*, Case No. 1-15-CV-287452 (the "Yale State Action").  Thereafter, on December 31, 2015, the Yale State Action was removed by WOTC to the United States District Court, Northern District of California, and is now pending as Case No. 15-CV-06337-EJD (the "Yale Federal Action") (the Yale State Action and Yale Federal Action are referred to collectively as the "Yale Action").

WHEREAS, on January 7, 2016, WOTC filed a motion to dismiss the initial complaint in the Yale Federal Action, and in response YALE filed a first amended complaint.  On February 2, 2016, WOTC filed a motion to dismiss the first amended complaint, which was granted on August 23, 2017 in its entirety, with leave to amend.  On September 22, 2017, YALE filed a second amended complaint.  On October 6, 2017 WOTC filed a motion to dismiss YALE's second amended complaint.  The Court has not yet ruled on WOTC's motion.

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

### The Shaw et al. Action

WHEREAS, on or about April 12, 2016, Plaintiffs SHAW, TURNER, GOLIGHTLY, and STANSFIELD filed a separate civil action against WOTC in the United States District Court, Northern District of California, styled *Adam Shaw et al. v. Wizards of the Coast LLC*, civil case number 5:16-cv-01924-EJD (the "Shaw et al. Action").

WHEREAS, on June 14, 2017, SHAW, TURNER, GOLIGHTLY, and STANSFIELD filed a motion for conditional certification of their first cause of action brought pursuant to the Fair Labor Standards Act (FLSA) claim, which was denied on January 3, 2018.

WHEREAS, on June 8, 2018, a second amended complaint was filed in the Shaw et al. Action, adding KAMENSKY, COATL, SAUERS, DEARING, SKARTVEDT, SELIVRA, BRADSHAW, HANFORD, HIGGINS, OTTESON, HAGAN, MILLS, HANNA"), GOUSEV, and NEIWERT as plaintiffs. On June 22, 2018, WOTC filed a motion to dismiss the second amended complaint in the Shaw et al. Action. The Court has not yet ruled on WOTC's motion.

### The Parties' Global Settlement

WHEREAS, in both Yale Federal Action and the Shaw et al. Action, Plaintiffs are pursuing claims against WOTC under the California *Labor Code*, California *Business & Professions Code*, and FLSA based on their contention that they performed compensable work for WOTC in connection with judging Magic: The Gathering® events and related activities. Plaintiffs contend that WOTC is liable for those claims as a direct and/or joint employer.

WHEREAS, WOTC vehemently denies and disputes that it ever employed Plaintiffs or any other individual that is or has been a *Magic* judge, or that it can otherwise be held liable for any of the claims or allegations set forth in either the Yale Action or the Shaw et al. Action. As a result, WOTC has aggressively defended both the Shaw et al. Action and Yale Action over a period of time spanning almost three years, including the pending motions to dismiss both cases.

WHEREAS, after nearly three years of litigation, the Parties wish to avoid the expense of further proceedings and desire to resolve any and all claims alleged, or that could be alleged, arising out of or in connection with the Yale Action, the Shaw et al. Action and/or participating as a Magic *judge* at Magic: The Gathering® events and related activities.

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

NOW THEREFORE, in full consideration of and exchange for the promises, covenants, and releases contained herein and the other valuable consideration, the sufficiency of which is hereby acknowledged by the Parties, the Parties mutually agree as follows:

## AGREEMENT

1.      Settlement Payment.  For and in consideration of the commitments made herein by Plaintiffs and their respective counsel, WOTC agrees to provide Plaintiffs and their respective counsel the total sum of Two Hundred Ninety-Six Thousand Two Hundred Fifty Dollars and Zero Cents ($296,250.00) ("the Settlement Payment") in full compromise and settlement of all claims released herein by Plaintiffs, which is allocated as follows:

a)      $275,000 in attorney's fees to Plaintiffs' attorneys, including RIGHETTI GLUGOSKI, PC; NATHAN & ASSOCIATES, APC; ROSS CORNELL, ESQ., APC; GOLDSTEIN BORGEN DARDARIAN & HO; and MALK LAW FIRM.

b)      $2,500 to SHAW

c)      $2,500 to TURNER

d)      $2,500 to GOLIGHTLY

e)      $2,500 to STANSFIELD

f)      $2,500 to YALE

g)      $1,750 to SELIVRA

h)      $500 to KAMENSKY

i)      $500 to COATL

j)      $500 to SAUERS

k)      $500 to DEARING

l)      $500 to SKARTVEDT

m)      $500 to BRADSHAW

n)      $500 to HANFORD

o)      $500 to HIGGINS

p)      $500 to OTTESON

q)      $500 to HAGAN

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

r)      $500 to MILLS

s)      $500 to HANNA

t)      $500 to GOUSEV

u)      $500 to NEIWERT

The Settlement Payment shall be made via a single check or other certified funds payable to the RIGHETTI GLUGOSKI, PC CLIENT TRUST ACCOUNT, to be reported on IRS form 1099. Upon delivery of the Settlement Payment and clearance of the funds, WOTC will have fully met its obligations under this Agreement and will not be liable in any manner for the distribution, division or payment of any portion of the Settlement Payment to or between any counsel Plaintiffs may have retained and/or consulted, specifically including, but not limited to RIGHETTI GLUGOSKI, PC; NATHAN & ASSOCIATES, APC; ROSS CORNELL, ESQ., APC; GOLDSTEIN BORGEN DARDARIAN & HO; and MALK LAW FIRM. By execution of this Agreement, Plaintiffs authorize payment to be made as set forth in this Paragraph.

2.      <u>Dismissal of the Yale Action and Shaw et al. Action</u>. In further consideration for the Settlement Payment, Plaintiffs agree to voluntarily dismiss, with prejudice, each of their claims against WOTC in the Yale Action and Shaw et al. Action, in addition to any claims, charges, or complaints that any of the Plaintiffs may have filed against WOTC with any governmental or administrative agency or in any judicial forum. In light of the FLSA claim, the Parties shall jointly file a motion to approve this Agreement and dismiss their claims, including their FLSA claim, with prejudice. Plaintiffs' representative claim brought pursuant to California's Private Attorneys General Act (PAGA) shall be dismissed without prejudice. The Parties agree to take all steps reasonably necessary to fulfill this portion of the Agreement.

3.      <u>Release of Claims</u>. Plaintiffs, for themselves and for each of their respective heirs, executors, administrators, successors and assigns, hereby releases, acquits and forever discharges WOTC, and each of WOTC's parents and subsidiaries, including but not limited to Hasbro, Inc., and their respective officers, directors, shareholders, persons, employees, agents, servants, representatives, members, attorneys, insurers, re-insurers, and assigns, (collectively "Releasees"), from any and all claims, demands, obligations, actions, causes of action, liabilities,

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

debts, promises, agreements, demands, attorneys' fees, losses and expenses, known or unknown, suspected or unsuspected, filed or unfiled, that he may have or have had arising out of any known or unknown fact, condition or incident occurring prior to the date of this Agreement, including but not limited to those arising out of or in connection with any claims, demand, charges, or complaints, arising out of or in connection with their alleged employment, the cessation thereof, or any other interaction or relations with Releasees.  This release includes, without limiting the generality of the foregoing: any and all individual, representative, putative class and/or collective claims, demands, causes of actions, obligations, charges, liabilities, attorneys' fees, costs, actual, compensatory and punitive damages, and all claims for any other type of relief relating to, arising out of, or based upon: all claims of harassment, discrimination, and/or retaliation in violation of State or Federal law; all claims for failure to prevent harassment, discrimination, and/or retaliation; all claims of violation of public policy, including a claim for wrongful and/or constructive termination of alleged employment; all claims based on tort and/or breach of contract, whether written or oral, express or implied, and any covenant of good faith and fair dealing; all claims for unpaid wages, commissions, or other benefits, including minimum wage, overtime, double time, vacation, associated penalties and/or premiums, and expense reimbursement; all claims for rest or meal periods and associated penalties and/or premiums; any and all claims for alleged violations of the FLSA, 29 U.S.C. § 201 et seq.; any and all claims for alleged violations of the California Labor Code, specifically including but not limited to sections 203, 204, 226, 226.3, 226.7,  512, 1182.12, 1194, 1197, 1198, and 2699, *et seq.*; any and all claims for negligence or negligent supervision, hiring, or retention; any claim for unlawful or unfair business practices; all claims for emotional distress; any and all claims which were or could have been asserted by Plaintiff; and all claims generally relating to Plaintiffs' alleged employment, including any alleged violation of any federal, state or other governmental statute, regulation, ordinance, or executive order, including without limitation: The Civil Rights Acts of 1866, 1964, and 1991, as amended; 42 U.S.C. § 1981; The California Fair Employment and Housing Act; Section 503 of the Rehabilitation Act of 1973; The Fair Labor Standards Act (including the Equal Pay Act); The California and United States Constitutions;  The California

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

Labor Code, specifically including, but not limited to the Private Attorney General Act pursuant to *Labor Code* § 2699, *et seq.*; The California Business and Professions Code, specifically including, but not limited to *Business & Professions Code* § 17200; The Employee Retirement Income Security Act, as amended; The California Family Rights Act; The Americans with Disabilities Act; The Family Medical Leave Act; The California Pregnancy Discrimination Act; The California Wage Orders; The National Labor Relations Act; The Immigration Reform and Control Act; The California Occupational Safety and Health Act, or the Federal equivalent; and The Worker Adjustment and Retraining Notification Act.

This release in all respects has been voluntarily and knowingly executed by Plaintiffs with the express intention of effecting the legal consequences provided in the California *Civil Code* § 1541, that is, the extinguishment of obligations herein designated.

4. <u>Waiver of Section 1542</u>. Plaintiffs each acknowledge and agree that it is their respective intention in executing this Agreement that the same shall be effective as a bar to each and every claim, demand, cause of action, obligation, damage, liability, charge, attorneys' fees and costs herein above released. Plaintiffs expressly waive and relinquish all of their rights and benefits, if any, arising under the provisions of California *Civil Code* § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

5. <u>No Standing to Pursue PAGA</u>. Plaintiffs explicitly waive and release any right to pursue a Private Attorneys General Act (PAGA) claim against Releasees in either a representative or individual capacity, and concede that in exchange for the consideration provided herein, Plaintiffs have no standing to pursue any PAGA action against Releasees.

6. <u>Effective Date</u>. This Agreement shall be effective on the last date on which it is executed by WOTC and each of the Plaintiffs and their counsel, and communicated to WOTC's counsel (hereinafter the "Effective Date").

7. <u>Timing</u>. WOTC has no obligation to provide the consideration as set forth in

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

Paragraph 1, above, until thirty (30) calendar days after: A) the Effective Date of the Agreement; B) Plaintiffs' counsel has executed and provided a Form W-9 to WOTC's counsel; C) the court grants the Parties' anticipated joint motion to approve the settlement of Plaintiffs' FLSA claims; and D) the court has entered an order dismissing the Yale Action and Shaw et al. Action.

8.      Acknowledgement. As part of this settlement, Plaintiffs each acknowledge and agree that there is a good faith dispute as to whether they would be entitled to any of the consideration set forth in Paragraph 1, above, were it not for their respective covenants, promises, and releases as set forth in this Agreement. Plaintiffs each acknowledge that they have received all compensation and remuneration of any kind allegedly due to them from Releasees, and that Releasees shall owe Plaintiffs nothing further once Plaintiffs receive the consideration described in Paragraph 1, above.

9.      Non-Disparagement and Non-Cooperation. Plaintiffs agree and promise that they will not undertake any harassing or disparaging conduct directed at Releasees or any of their managers, supervisors, or employees, and that they will refrain from making any negative, detracting, derogatory, or unfavorable statements about Releasees or any of their managers, supervisors, or employees. Plaintiffs further agree they will not act in any manner that damages the operation or reputation of Releasees. Additionally, Plaintiffs agrees that they will not counsel or assist any attorneys or clients in the presentation or prosecution of any disputes and/or differences by any third party against Releasees unless pursuant to a lawfully issued subpoena or other order by a court or agency of competent jurisdiction, or in response to an official inquiry of a governmental agency. Plaintiffs further agree to give Releasees notice within five (5) days of their receipt of a subpoena or other order by court or agency pursuant to this Paragraph.

10.     Issuance of Form 1099; No Representation of Taxability. An IRS Form 1099 will be issued to Plaintiffs' counsel to reflect the Settlement Payment in Paragraph 1. Plaintiffs understand and agree that they are solely responsible for payment of any taxes which are required to be paid to the State of California, the United States Government, or any other entity as a result of this settlement. Plaintiffs acknowledge and agree that Releasees have not warranted or represented how the U.S. Internal Revenue Service or other governmental taxing

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

authorities will treat the payment described above for tax purposes, and agree that no further payment of money to Plaintiffs from Releasees will be due in the event that the payment or the release of claims embodied in this Agreement, or any portion thereof, is found by a government taxing authority to be, or to result in, additional taxable income to Plaintiffs. Plaintiffs agree that, in the event that any federal, state or local agency takes the position that taxes should have been withheld from amounts paid pursuant to this Agreement, Plaintiffs will be solely responsible for payment of any such alleged tax obligations and will indemnify and hold Releasees harmless from any resulting tax liability, interest, attorneys' fees, or penalty associated therewith. Plaintiffs hereby agree to indemnify Releasees from any and all manner of liability if any should be imposed on them regarding the payment to Plaintiffs under this Agreement specified above, including but not limited to any interest, attorneys' fees, penalties, and costs related to such payment. Upon Plaintiffs' receipt of written notification from Releasees that such liability has been imposed by any of those governmental entities and the amount thereof, Plaintiffs agree that they shall fully remit such monies to the demanding entity within thirty (30) days from receipt of any such notification. Plaintiffs further agree to give Releasees written notice within ten (10) days of the time any demand for payment of taxes is received by Plaintiffs from any governmental agency in connection with this payment, and further, Plaintiffs will provide a confirmation that they will honor their respective obligations under this Paragraph.

11.     Waiver of Employment with WOTC.   Plaintiffs each waive any rights to employment with WOTC, either now or in the future. Plaintiffs each agree that they will never apply for or seek employment with WOTC or its parents or subsidiaries, including but not limited to Hasbro, Inc. Plaintiffs agree that should they apply for employment with WOTC or its parents or subsidiaries, including but not limited to Hasbro, Inc., each shall have cause to deny the application for employment or if hired, terminate the employment, without recourse.

12.     No Admission of Liability.   It is understood and agreed by Plaintiffs that this Agreement represents a compromise and settlement for various matters and that the promises and payments and consideration of this Agreement shall not be construed to be an admission of any liability or obligation by Releasees to Plaintiff. Indeed, WOTC expressly denies and disputes

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

that it ever employed any of the Plaintiffs, or that it can otherwise be held liable for any of the claims or causes of action set forth in the Yale Action and/or the Shaw et al. Action.

13.    Attorneys' Fees and Costs.   The Parties agree that they will bear their own attorneys' fees and costs incurred in connection with this matter.

14.    Attorney Liens.   Plaintiffs each represent and warrant that all legal expenses, bills, costs or contingency fee agreements resulting from or arising out of the representation of Plaintiffs by any attorney are Plaintiffs' responsibility to pay, and that any liens based on any legal expenses, bills, costs or contingency fee agreements incurred as a result of the Yale Action and/or the Shaw et al. Action, or any claims asserted by Plaintiffs, will be satisfied by Plaintiffs. Plaintiffs will indemnify, defend and hold Releasees harmless from any such claims.

15.    No Additional Recovery.   It is the intent of this Agreement that Plaintiffs, lienholders, and any other individual or entity with an interest in Plaintiffs' respective rights or claims in the Yale Action and/or the Shaw et al. Action or in any other claim or proceeding shall not recover, directly or indirectly, any sums from Releasees other than the funds received pursuant to this Agreement and set forth in Paragraph 1, above.  If, despite the provisions of this Paragraph, any Releasee receives any claims that directly relate to Plaintiffs' interests in the claims set forth in the Action or that could have been set forth in the Action, including a claim for contribution, any indemnity arising out of a claim brought by the Plaintiffs against another person, Plaintiffs shall indemnify, provide a full defense for and hold harmless the Releasees for such amount.  In the event a trier of fact determines (and all appeals are exhausted or the time for such appeals have expired) that any Releasee is or would be liable for indemnity under any theory of law or equity, this Agreement shall act as a general release, releasing not only the Releasee but every other individual, trustee, firm, trust, corporation, or entity of any kind, who is or would be entitled to a defense and indemnity from the Releasees with respect to any liability that person, firm, or corporation may have to Plaintiffs.

16.    Entire Agreement.   This Agreement constitutes the entire agreement between Plaintiffs and WOTC regarding actual or potential claims asserted by Plaintiffs against Releasees and the resolution of those claims, which will remain in full force and effect.  This Agreement

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

supersedes all prior agreements, written or oral, between or among the Parties regarding those claims or potential claims and the resolution of those claims. This Agreement cannot be orally modified. Any amendment or modification to this Agreement must be in writing, signed by Plaintiffs and by a duly authorized representative of WOTC. Plaintiffs further represent that they are unaware of any claim, rights, agreement or promise, written or oral, between WOTC and anyone else that could serve as the basis for any claim or action by Plaintiffs against Releasees that has not been released in this Agreement.

17. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Agreement shall be in writing and shall be deemed to be given when served personally, or on the third business day after mailing if mailed by United States mail, postage prepaid, addressed to the other Party and/or its counsel of record.

18. <u>No Reliance Upon Representations by the Other Side</u>. Each Party hereto represents and acknowledges that in executing this Agreement it does not rely and has not relied upon any representation or statement made by the other Party or by the agents, attorneys or representatives of the other Party with regard to the subject matter of this Agreement, or its basis, or the effects of this Agreement other than those representations specifically set forth in this written document.

19. <u>Binding Nature; No Assignment</u>. This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each Party, and inure to the benefit of each Party, its agents, directors, officers, employees, servants, successors, and assigns. The Parties promise and guarantee that they have not made, and will not make, any assignment of any claim, chose in action, right of action, or any right of any kind whatsoever, embodied in any of the claims that are released herein, and that no other person or entity of any kind had or has any interest in any of the claims released herein.

20. <u>Construction</u>. This Agreement is the product of arms-length negotiations between the Parties and is jointly drafted. As such, it shall not be construed against any Party because that party caused it to be reduced to a written instrument.

21. <u>Fairness of Settlement</u>. The Parties agree that this settlement is fair, reasonable

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

and adequate.  The Parties covenant never to challenge this Agreement.

22.    Effect of Illegality.  Should any part, term or provision of this Agreement be declared or determined by any Court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions of this Agreement shall not be affected thereby.  Said illegal, invalid or unenforceable part, term or provision shall be deemed not to be a part of this Agreement.

23.    Compliance with Terms; No Waiver.  The failure to insist upon compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

24.    Enforcement Costs.  The Parties agree that in the event litigation is initiated by any Party to enforce this Agreement, the prevailing party will be entitled to recover its costs and reasonable attorneys' fees incurred.

25.    Governing Law and Jurisdiction.  This Agreement shall be interpreted under the laws of the State of California, both as to interpretation and performance.

26.    Section Headings.  The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

27.    Counterparts and Facsimile/Digital Signatures.  This Agreement may be executed in any number of counterparts, each of which will be deemed to be an executed Agreement and each of which shall be deemed to be one and the same instrument.  A facsimile or digital signature shall be treated as an original signature for all purposes.

28.    Representative Capacity.  Each Party executing this Agreement in a representative capacity represents and warrants that s/he is empowered to do so.

29.    Survival of Warranties and Representations.  The warranties and representations of this Agreement are deemed to survive the date of execution thereof.

30.    Voluntary and Knowing.  This Agreement is executed voluntarily and without any

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

duress or undue influence on the part or behalf of the Parties hereto.

I, having read the foregoing Agreement and knowing the contents thereof, am effecting this settlement and executing this Agreement after having the opportunity to obtain legal advice from counsel, and I sign the same as my own free act.

*[Signature Pages to Follow]*

DocuSign Envelope ID: FA48AA49-6D7C-4CD5-B7CB-B2BF0A82CDC9

Dated: _____ 8/29/2018 6:20:43 PM PDT

PAUL YALE

Dated: _____ 8/29/2018 4:29:41 PM PDT

ADAM SHAW

Dated: _____ 8/30/2018 5:20:37 PM PDT

JUSTIN TURNER

Dated: _____ 8/29/2018 3:53:41 PM PDT

PETER GOLIGHTLY

Dated: _____ 8/29/2018 4:21:35 PM PDT

JOSHUA STANSFIELD

Dated: _____

YONATAN KAMENSKY

Dated: _____

HESTER PRYNNE COATL

Dated: _____

MATT SAUERS

Dated: _____

GEOFF DEARING

Dated: _____

NIKO SKARTVEDT

Dated: _____

ANDREJ SELIVRA

Dated: _____ 9/6/2018 5:16:06 PM PDT

BRIAN BRADSHAW

Dated: _____

CASEY HANFORD

DocuSign Envelope ID: 9EAB6414-99AE-4E5F-8944-99B73171AC14

Dated: _____ 8/29/2018 6:20:43 PM PDT

PAUL YALE

Dated: _____ 8/29/2018 4:29:41 PM PDT

ADAM SHAW

Dated: _____ 8/30/2018 5:20:37 PM PDT

JUSTIN TURNER

Dated: _____ 8/29/2018 3:53:41 PM PDT

PETER GOLIGHTLY

Dated: _____ 8/29/2018 4:21:35 PM PDT

JOSHUA STANSFIELD

Dated: _____

YONATAN KAMENSKY

Dated: _____ 9/4/2018 2:04:46 PM PDT

HESTER PRYNNE COATL

Dated: _____

MATT SAUERS

Dated: _____

GEOFF DEARING

Dated: _____

NIKO SKARTVEDT

Dated: _____

ANDREJ SELIVRA

Dated: _____

BRIAN BRADSHAW

Dated: _____

CASEY HANFORD

DocuSign Envelope ID: 6EF57CE9-3059-4215-A1AE-A48CE0C7BB56

Dated: _____ 8/29/2018 6:20:43 PM PDT

PAUL YALE

Dated: _____ 8/29/2018 4:29:41 PM PDT

ADAM SHAW

Dated: _____ 8/30/2018 5:20:37 PM PDT

JUSTIN TURNER

Dated: _____ 8/29/2018 3:53:41 PM PDT

PETER GOLIGHTLY

Dated: _____ 8/29/2018 4:21:35 PM PDT

JOSHUA STANSFIELD

Dated: _____

YONATAN KAMENSKY

Dated: _____

HESTER PRYNNE COATL

Dated: _____

MATT SAUERS

Dated: _____ 9/4/2018 3:42:37 PM PDT

GEOFF DEARING

Dated: _____

NIKO SKARTVEDT

Dated: _____

ANDREJ SELIVRA

Dated: _____

BRIAN BRADSHAW

Dated: _____

CASEY HANFORD

Page 13 of 15
*Yale v. Wizards of the Coast / Shaw et al. v. Wizards of the Coast*

DocuSign Envelope ID: 76602CF8-F86B-4CC0-9F87-86722052C293

Dated: _____ 8/29/2018 6:20:43 PM PDT

**PAUL YALE**

Dated: _____ 8/29/2018 4:29:41 PM PDT

**ADAM SHAW**

Dated: _____ 8/30/2018 5:20:37 PM PDT

**JUSTIN TURNER**

Dated: _____ 8/29/2018 3:53:41 PM PDT

**PETER GOLIGHTLY**

Dated: _____ 8/29/2018 4:21:35 PM PDT

**JOSHUA STANSFIELD**

Dated: _____

**YONATAN KAMENSKY**

Dated: _____

**HESTER PRYNNE COATL**

Dated: _____

**MATT SAUERS**

Dated: _____

**GEOFF DEARING**

Dated: _____

**NIKO SKARTVEDT**

Dated: _____

**ANDREJ SELIVRA**

Dated: _____

**BRIAN BRADSHAW**

Dated: _____

**CASEY HANFORD**

DocuSign Envelope ID: 75748164-3F62-4FBB-82B1-EBF8C99D88EA

Dated: _____

JEFFREY HIGGINS


Dated: _____

BEN OTTESON


Dated: 9/4/2018 8:12:10 PM PDT

*Stephen P. Hagan*
STEPHEN HAGAN


Dated: _____

BRUCE MILLS


Dated: _____

SAMUEL HANNA


Dated: _____

ALEXEI GOUSEV


Dated: _____

SCOTT NEIWERT


Dated: _____

WIZARDS OF THE COAST LLC

By: _____

By: _____

Title: _____

DocuSign Envelope ID: 2C40BEDA-A0CF-4AAA-80B5-1C4C791C3ECC

Dated: _____ 8/29/2018 6:20:43 PM PDT

PAUL YALE

Dated: _____ 8/29/2018 4:29:41 PM PDT

ADAM SHAW

Dated: _____ 8/30/2018 5:20:37 PM PDT

JUSTIN TURNER

Dated: _____ 8/29/2018 3:53:41 PM PDT

PETER GOLIGHTLY

Dated: _____ 8/29/2018 4:21:35 PM PDT

JOSHUA STANSFIELD

Dated: _____

YONATAN KAMENSKY

Dated: _____

HESTER PRYNNE COATL

Dated: _____

MATT SAUERS

Dated: _____

GEOFF DEARING

Dated: _____

NIKO SKARTVEDT

Dated: _____

ANDREJ SELIVRA

Dated: _____

BRIAN BRADSHAW

Dated: _____ 9/7/2018 12:17:22 PM PDT

CASEY HANFORD

Page 13 of 15
*Yale v. Wizards of the Coast / Shaw et al. v. Wizards of the Coast*

DocuSign Envelope ID: DD6B7527-3FA8-490D-82B0-5A85186C33FF

Dated: _____          _____
                                         JEFFREY HIGGINS


Dated: _____          _____
                                         BEN OTTESON


Dated: _____          _____
                                         STEPHEN HAGAN


Dated: _____          _____
                                         BRUCE MILLS


Dated:  9/11/2018 9:01:13 AM PDT         ┌─ DocuSigned by:
        _____            Samuel Walter Hanna V
                                         _____
                                         SAMUEL HANNA


Dated: _____          _____
                                         ALEXEI GOUSEV


Dated: _____          _____
                                         SCOTT NEIWERT


Dated: _____          WIZARDS OF THE COAST LLC

                                  By:    _____

                                         By: _____

                                         Title: _____

DocuSign Envelope ID: 92830D2A-C3E9-4484-9BAF-D1BEA2823040

Dated: _____ 9/5/2018 10:28:20 PM PDT

DocuSigned by:

*Jeffry S Higgins*

JEFFREY HIGGINS


Dated: _____

_____

BEN OTTESON


Dated: _____

_____

STEPHEN HAGAN


Dated: _____

_____

BRUCE MILLS


Dated: _____

_____

SAMUEL HANNA


Dated: _____

_____

ALEXEI GOUSEV


Dated: _____

_____

SCOTT NEIWERT


Dated: _____

WIZARDS OF THE COAST LLC


By: _____


By: _____

Title: _____

DocuSign Envelope ID: EF047689-79E0-4BC2-B5A2-8582BEAD794D

Dated: _____8/29/2018 6:20:43 PM PDT_____

PAUL YALE

Dated: _____8/29/2018 4:29:41 PM PDT_____

ADAM SHAW

Dated: _____8/30/2018 5:20:37 PM PDT_____

JUSTIN TURNER

Dated: _____8/29/2018 3:53:41 PM PDT_____

PETER GOLIGHTLY

Dated: _____8/29/2018 4:21:35 PM PDT_____

JOSHUA STANSFIELD

Dated: _9/4/2018 2:06:51 PM PDT_____

YONATAN KAMENSKY

Dated: _____

HESTER PRYNNE COATL

Dated: _____

MATT SAUERS

Dated: _____

GEOFF DEARING

Dated: _____

NIKO SKARTVEDT

Dated: _____

ANDREJ SELIVRA

Dated: _____

BRIAN BRADSHAW

Dated: _____

CASEY HANFORD

*Yale v. Wizards of the Coast / Shaw et al. v. Wizards of the Coast*

DocuSign Envelope ID: A43CA396-82A7-412C-8C2C-1CF9057705EF

Dated: _____     _____
                                    JEFFREY HIGGINS


Dated: _____     _____
                                    BEN OTTESON


Dated: _____     _____
                                    STEPHEN HAGAN


Dated: __9/4/2018 9:42:09 PM PDT__   ┌─ DocuSigned by: ─┐
                                     │ *Bruce Mills*    │
                                    ~~BRUCE MILLS~~ ─CE841…28
                                    BRUCE MILLS


Dated: _____     _____
                                    SAMUEL HANNA


Dated: _____     _____
                                    ALEXEI GOUSEV


Dated: _____     _____
                                    SCOTT NEIWERT


Dated: _____     WIZARDS OF THE COAST LLC

                              By:   _____

                                    By: _____

                                    Title: _____

DocuSign Envelope ID: 42A5757D-D19D-4DEB-A40A-5346AC66133B

Dated: _____          _____
                                        JEFFREY HIGGINS

Dated: _____          _____
                                        BEN OTTESON

Dated: _____          _____
                                        STEPHEN HAGAN

Dated: _____          _____
                                        BRUCE MILLS

Dated: _____          _____
                                        SAMUEL HANNA

Dated: _____          _____
                                        ALEXEI GOUSEV

Dated: 9/4/2018 2:30:21 PM PDT          _____
_____                 SCOTT NEIWERT

Dated: _____          WIZARDS OF THE COAST LLC

                            By:         _____

                            By:         _____

                            Title:      _____

DocuSign Envelope ID: 4708A955-4708-45D6-9DEC-0B72D2BA2E33

Dated: _____            _____
                                           JEFFREY HIGGINS

Dated: 9/11/2018 3:14:29 PM PDT            ┌─DocuSigned by:
       _____             │ *Ben Otteson* _____
                                           BEN OTTESON

Dated: _____            _____
                                           STEPHEN HAGAN

Dated: _____            _____
                                           BRUCE MILLS

Dated: _____            _____
                                           SAMUEL HANNA

Dated: _____            _____
                                           ALEXEI GOUSEV

Dated: _____            _____
                                           SCOTT NEIWERT

Dated: _____            WIZARDS OF THE COAST LLC

                                    By:    _____

                                           By:    _____

                                           Title: _____

DocuSign Envelope ID: 8DFCB46D-EECB-454D-B410-BCA34560F890

Dated: _____8/29/2018 6:20:43 PM PDT_____

PAUL YALE

Dated: _____8/29/2018 4:29:41 PM PDT_____

ADAM SHAW

Dated: _____8/30/2018 5:20:37 PM PDT_____

JUSTIN TURNER

Dated: _____8/29/2018 3:53:41 PM PDT_____

PETER GOLIGHTLY

Dated: _____8/29/2018 4:21:35 PM PDT_____

JOSHUA STANSFIELD

Dated: _____

YONATAN KAMENSKY

Dated: _____

HESTER PRYNNE COATL

Dated: _____9/4/2018 4:57:28 PM PDT_____

MATT SAUERS

Dated: _____

GEOFF DEARING

Dated: _____

NIKO SKARTVEDT

Dated: _____

ANDREJ SELIVRA

Dated: _____

BRIAN BRADSHAW

Dated: _____

CASEY HANFORD

Page 13 of 15
*Yale v. Wizards of the Coast / Shaw et al. v. Wizards of the Coast*

DocuSign Envelope ID: 9E6E893C-B29E-453A-9184-662C667180CC

Dated: ___8/29/2018 6:20:43 PM PDT___

PAUL YALE

Dated: ___8/29/2018 4:29:41 PM PDT___

ADAM SHAW

Dated: ___8/30/2018 5:20:37 PM PDT___

JUSTIN TURNER

Dated: ___8/29/2018 3:53:41 PM PDT___

PETER GOLIGHTLY

Dated: ___8/29/2018 4:21:35 PM PDT___

JOSHUA STANSFIELD

Dated: _____

YONATAN KAMENSKY

Dated: _____

HESTER PRYNNE COATL

Dated: _____

MATT SAUERS

Dated: _____

GEOFF DEARING

Dated: _____

NIKO SKARTVEDT

Dated: ___9/6/2018 6:17:33 PM PDT___

ANDREI SELIVRA

Dated: _____

BRIAN BRADSHAW

Dated: _____

CASEY HANFORD

DocuSign Envelope ID: 49291184-DC6F-4F9E-AC88-BC42ADCF0B6F

Dated: _____ 8/29/2018 6:20:43 PM PDT

PAUL YALE

Dated: _____ 8/29/2018 4:29:41 PM PDT

ADAM SHAW

Dated: _____ 8/30/2018 5:20:37 PM PDT

JUSTIN TURNER

Dated: _____ 8/29/2018 3:53:41 PM PDT

PETER GOLIGHTLY

Dated: _____ 8/29/2018 4:21:35 PM PDT

JOSHUA STANSFIELD

Dated: _____

YONATAN KAMENSKY

Dated: _____

HESTER PRYNNE COATL

Dated: _____

MATT SAUERS

Dated: _____

GEOFF DEARING

Dated: _____ 9/11/2018 2:59:51 PM PDT

NIKO SKARTVEDT

Dated: _____

ANDREJ SELIVRA

Dated: _____

BRIAN BRADSHAW

Dated: _____

CASEY HANFORD

Page 13 of 15
*Yale v. Wizards of the Coast / Shaw et al. v. Wizards of the Coast*

Dated: _____           _____
                                     JEFFREY HIGGINS


Dated: _____           _____
                                     BEN OTTESON


Dated: _____           _____
                                     STEPHEN HAGAN


Dated: _____           _____
                                     BRUCE MILLS


Dated: _____           _____
                                     SAMUEL HANNA


Dated: _____           _____
                                     ALEXEI GOUSEV


Dated: _____           _____
                                     SCOTT NEIWERT


Dated:  9/17/2018                     WIZARDS OF THE COAST LLC

                               By:   _____

                               By:   Tim O'Hara

                               Title: SVP- Finance

DocuSign Envelope ID: 3FB503ED-5542-4E17-89CA-9CCA4645B649

APPROVED AS TO FORM AND CONTENT:

Dated: 9/13/2018 9:29:20 AM PDT  _____

RIGHETTI GLUGOSKI, PC

*John Glugoski*
D1F5E84FE0E740A
Matt Righetti, Esq.
John Glugoski, Esq.
Counsel for Plaintiffs

Dated: 9/13/2018 8:53:55 AM PDT  _____

NATHAN & ASSOCIATES, APC

*Reuben Nathan*
B9E40210149F4AC
Reuben D. Nathan, Esq.
Counsel for Plaintiffs

Dated: 9/13/2018 9:15:18 AM PDT  _____

GOLDSTEIN BORGEN DARDARIAN & HO

*Katharine Fisher*
E1F8482BCB324A8
Katharine Fisher, Esq.
Counsel for Plaintiffs

Dated: 9/13/2018 8:43:41 AM PDT  _____

LAW OFFICES OF ROSS CORNELL, APC

*ross cornell*
0282E17F69FDB41D
Ross Cornell, Esq.
Counsel for Plaintiffs

Dated: 9/12/2018 9:25:09 PM PDT  _____

MALK LAW FIRM

*Michael Malk*
AE1AE0D33D21466
Michael Malk, Esq.
Counsel for Plaintiffs

Dated: _____

FISHER & PHILLIPS LLP

_____
Karl L. Lindegren, Esq.
Shaun J. Voigt, Esq.
Counsel for Wizards of the Coast LLC

APPROVED AS TO FORM AND CONTENT:

Dated: _____          RIGHETTI GLUGOSKI, PC

                                _____
                                Matt Righetti, Esq.
                                John Glugoski, Esq.
                                Counsel for Plaintiffs

Dated: _____          NATHAN & ASSOCIATES, APC

                                _____
                                Reuben D. Nathan, Esq.
                                Counsel for Plaintiffs

Dated: _____          GOLDSTEIN BORGEN DARDARIAN & HO

                                _____
                                Katharine Fisher, Esq.
                                Counsel for Plaintiffs

Dated: _____          LAW OFFICES OF ROSS CORNELL, APC

                                _____
                                Ross Cornell, Esq.
                                Counsel for Plaintiffs

Dated: _____          MALK LAW FIRM

                                _____
                                Michael Malk, Esq.
                                Counsel for Plaintiffs

Dated: 9/17/2018                FISHER & PHILLIPS LLP

                                _____
                                Karl L. Lindegren, Esq.
                                Shaun J. Voigt, Esq.
                                Counsel for Wizards of the Coast LLC

## PROOF OF SERVICE
### (CCP § 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of FISHER & PHILLIPS LLP and my business address is 444 S. Flower Street, Suite 1500, Los Angeles, CA 90071.

On **October 15, 2018**, I served the foregoing document entitled **DECLARATION OF SHAUN J. VOIGT IN SUPPORT OF JOINT MOTION TO APPROVE THE PARTIES' FLSA SETTLEMENT,** on all the appearing and/or interested parties in this action as follows:

### SEE ATTACHED MAILING LIST

☐ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).

☐ **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **October 15, 2018**, at Los Angeles, California.

MELODY BIGLAY      By: _/s/ Melody Biglay_
<br>Print Name                             Signature

FPDOCS 34597125.1

1

## MAILING LIST

| | |
|---|---|
| Matt Righetti, Esq.<br>John Glugoski, Esq.<br>RIGHETTI GLUGOSKI, PC<br>456 Montgomery St., Suite 1400<br>San Francisco, CA 94101<br>Telephone:  (415) 983-0900<br>Facsimile:  (415) 397-9005<br>Email:        matt@righettilaw.com<br>                    jglugoski@righettilaw.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Reuben D. Nathan, Esq.<br>NATHAN & ASSOCIATES, APC<br>2901 W. Pacific Coast Highway, Ste 200<br>Newport Beach, CA 92663<br>Telephone: (949) 270-2798<br>Email: rnathan@nathanlawpractice.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Ross Cornell, Esq.<br>ROSS CORNELL, ESQ., APC<br>111 W. Ocean Blvd., Suite 400<br>Long Beach, CA 90802<br>Telephone: (562) 612-1708<br>Facsimile: (562) 394-9556<br>Email: ross.law@me.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| David Borgen, Esq.<br>James Kan, Esq.<br>GOLDSTEIN BORGEN DARDARIAN<br>  & HO<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612-3536<br>Telephone: (510) 763-9800<br>Facsimile: (510) 835-1417<br>dborgen@gbdhlegal.com<br>jkan@gbdhlegal.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |
| Michael Malk, Esq.<br>MALK LAW FIRM<br>1180 S. Beverly Dr., Suite 302<br>Los Angeles, CA  90035<br>Telephone: (310) 203-0016<br>Facsimile:  (310) 499-5210<br>mm@malklawfirm.com | Attorneys for Plaintiffs,<br>ADAM SHAW, PETER<br>GOLIGHTLY, JUSTIN TURNER,<br>JOSHUA STANSFIELD, and<br>PAUL YALE |

PROOF OF SERVICE

FPDOCS 34597125.1